# EXHIBIT 20

19.7.3 (U) INVENTORY OF PERSONAL PROPERTY

(U) Arrested subjects often have purses, shoulder bags, suitcases, vehicles, or other personal property capable of containing objects in their possession during an arrest. An inventory of personal property ensures the safekeeping of the property belonging to an arrested subject. It must include both the container and the contents of such container taken into FBI custody.

(U) Items of personal property removed from a person who has been arrested and is to be incarcerated should be carefully inventoried and promptly, thoroughly searched by agents prior to being stored for safekeeping. The inventory must include both the container and the contents of such containers. An inventory search must strictly adhere to the following standardized criteria and procedures for collection of property:

(U) As a threshold matter, in order for an inventory search to be valid, agents must have gained possession of the property lawfully.

(U) As a general rule, after lawfully taking custody of property, FBI employees must conduct a prompt and thorough search of the contents of the property, including searching any locked or unlocked containers and inventorying their contents. A written summary showing the results of the inventory must be recorded in an FD-302, an FD-597 ("Receipt for Property"), or an FD-653 ("Motor Vehicle Inspection Inventory Record"). The written summary must include, but is not limited to, a description of the property and the items secured for safekeeping. Agents must provide receipts for all items retrieved during inventory searches. Agents should also memorialize facts pertinent to other activities undertaken during the inventory process, such as an interview (i.e., FD-302), or a non-inventory-related search conducted and any evidence collected (i.e., FD-1087, "Collected Evidence Log" [Sentinel]) that are relevant to the investigation.

(U) Where practicable, the inventory should be conducted by two agents/officers, particularly when dealing with property of significant monetary value (e.g. money, jewelry, electronics, vehicles, etc.). All personal property taken into FBI custody should be treated with reasonable care. Nonevidentiary items of significant value should be removed for safekeeping and afforded adequate security. Contraband or evidence found should be immediately seized and preserved in accordance with existing procedures governing the seizure of physical evidence. See the Field Evidence Management Policy Guide, 0780PG.

(U) Whenever there is probable cause to believe an inventory search would also yield items of evidence or contraband, agents must obtain a search warrant when feasible. Searches conducted pursuant to a warrant are presumptively valid. Obtaining a search warrant eliminates any later argument that the inventory search was conducted solely for investigative purposes and thus unjustified.

(U) See also DIOG subsection 18.6.12.4.1.D for guidance on inventory searches generally.

(U) The following two examples illustrate circumstances under which an inventory search could be conducted:

    A) Example: (U) Agents arrest an individual on a federal warrant and seize a backpack he has in his possession at the time of arrest. Although there is no probable cause to believe that the backpack contains contraband or items of an evidentiary nature, agents are permitted to inventory the items contained in the backpack as well as open any locked containers locked therein. (Note: This type of search may also be permissible as a search incident to arrest.)

B) Example: (U) Agents conduct a felony traffic stop and arrest the driver pursuant to a federal arrest warrant. Because the vehicle he was driving cannot be left unattended along the roadway, agents may take possession of the vehicle and have it towed to an FBI garage. Pursuant to FBI policy, and as part of an administrative caretaking function, agents are permitted to inventory the contents of the vehicle, and may open any closed containers, locked or unlocked, and secured areas, including the trunk or glove box.

(U) The following is an example to illustrate a circumstance under which an inventory search cannot not be conducted:

A) Example: (U) Following the defendant's arrest on federal charges, the arresting agents took possession of duffel bags in the arrestee's possession and conducted an inventory of the property several days later. During the course of the inventory, which was conducted over a period of seven days, an agent reviewed every piece of written material contained in the bags and took detailed notes describing the contents of the writings. The agent later admitted that his intention in conducting the inventory search in such a manner was to identify items of evidentiary significance. While an examination of the notebooks would be permitted to properly account for what was seized and to ensure there was no contraband hidden therein, the agent's actions went beyond the permissible scope of what is permitted under an inventory search.