# EXHIBIT 25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# 23 MAG 122

--------------------------------------

In the Matter of a Warrant for All
Content and Other Information
Associated with a Twitter Account
with Username @avi_eisen,
Maintained at Premises Controlled by
Twitter, Inc., USAO Reference No.
2022R00646

--------------------------------------

## SEARCH WARRANT AND NON-DISCLOSURE ORDER

TO:   Twitter Inc. ("Provider")

    Federal Bureau of Investigation ("Investigative Agency")

**1. Warrant.** Upon an affidavit of Special Agent Brandon Racz of the Investigative Agency, and pursuant to the provisions of the Stored Communications Act, 18 U.S.C. § 2703(b)(1)(A) and § 2703(c)(1)(A), and the relevant provisions of Federal Rule of Criminal Procedure 41, the Court hereby finds there is probable cause to believe that a Twitter account with the username @avi_eisen (the "Subject Account") and account ID 2839135427, accessed at the URL https://twitter.com/avi_eisen and maintained and controlled by Twitter Inc., headquartered at 1355 Market Street, Suite 900, in San Francisco, California, contains evidence, fruits, and instrumentalities of crime, all as specified in Attachment A hereto.  Accordingly, the Provider is hereby directed to provide to the Investigative Agency, within 30 days of the date of service of this Warrant and Order, the records specified in Section II of Attachment A hereto, for subsequent review by law enforcement personnel as authorized in Section III of Attachment A.  The Government is required to serve a copy of this Warrant and Order on the Provider within 14 days of the date of issuance.  The Warrant and Order may be served via electronic transmission or any other means through which the Provider is capable of accepting service.

**2. Non-Disclosure Order.** Pursuant to 18 U.S.C. § 2705(b), the Court finds that there is reason to believe that notification of the existence of this warrant will result in destruction of or tampering with evidence, or otherwise will seriously jeopardize an ongoing investigation. Accordingly, it is hereby ordered that the Provider shall not disclose the existence of this Warrant and Order to the listed subscriber or to any other person for a period of one year from the date of this Order, subject to extension upon application to the Court if necessary, except that Provider may disclose this Warrant and Order to an attorney for Provider for the purpose of receiving legal advice.

**3. Sealing.** It is further ordered that this Warrant and Order, and the Affidavit upon which it was issued, be filed under seal, except that the Government may without further order of this Court serve the Warrant and Order on the Provider; provide copies of the Affidavit or Warrant and Order as need be to personnel assisting the Government in the investigation and prosecution of this matter; and disclose these materials as necessary to comply with discovery and disclosure obligations in any prosecutions related to this matter.

Dated: New York, New York

01/06/2023
_____
Date Issued

5:08 p.m.
_____
Time Issued

_____
UNITED STATES MAGISTRATE JUDGE
Southern District of New York

2

12.06.2018

**Twitter Search Attachment A**

**I. Subject Account and Execution of Warrant**

This warrant is directed to Twitter, Inc. (the "Provider"), headquartered at headquartered at 1355 Market Street, Suite 900, in San Francisco, California, and applies to all content and other information within the Provider's possession, custody, or control associated with a Twitter account with the username @avi_eisen and account ID 2839135427, accessed at the URL https://twitter.com/avi_eisen (the "Subject Account"). A law enforcement officer will serve this warrant by transmitting it via email or another appropriate manner to the Provider. The Provider is directed to produce to the law enforcement officer an electronic copy of the information specified in Section II below. Upon receipt of the production, law enforcement personnel will review the information for items falling within the categories specified in Section III below.

**II. Information to be Produced by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of Twitter, including any messages, records, files, logs, or information that have been deleted but are still available to Twitter, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Twitter is required to disclose the following information to the government for each account listed in Attachment A, for the period from **July 1, 2022 to the present**:

a.     All identity and contact information, including full name, e-mail address, physical address (including city, state, and zip code), date of birth, gender, hometown, occupation, and other personal identifiers;

b.     All past and current usernames, account passwords, and names associated with the account;

12.06.2018

3

USAO_SDNY_01_00011638

c.      The dates and times at which the account and profile were created, and the Internet Protocol ("IP") address at the time of sign-up;

d.      All IP logs and other documents showing the IP address, date, and time of each login to the account;

e.      All data and information associated with the profile page, including photographs, "bios," and profile backgrounds and themes;

f.      All "Tweets" and Direct Messages sent, received, "favorited," or retweeted by the account, and all photographs or images included in those Tweets and Direct Messages;

g.      All photographs and images in the user gallery for the account;

h.      All location data associated with the account, including all information collected by the "Tweet With Location" service;

i.      All information about the account's use of Twitter's link service, including all longer website links that were shortened by the service, all resulting shortened links, and all information about the number of times that a link posted by the account was clicked;

j.      All data and information that has been deleted by the user;

k.      A list of all of the people that the user follows on Twitter and all people who are following the user (*i.e.*, the user's "following" list and "followers" list);

l.      A list of all users that the account has "unfollowed" or blocked;

m.      All "lists" created by the account;

n.      All information on the "Who to Follow" list for the account;

o.      All privacy and account settings;

p.      All records of Twitter searches performed by the account, including all past searches saved by the account;

12.06.2018

4

USAO_SDNY_01_00011639

q.    All information about connections between the account and third-party websites and applications;

r.    All records pertaining to communications between Twitter and any person regarding the user or the user's Twitter account, including contacts with support services, and all records of actions taken, including suspensions of the account.

## III. Review of Information by the Government

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the Government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under Government control) are authorized to review the records produced by the Provider in order to locate any evidence, fruits, and instrumentalities of violations of 7 U.S.C. §§ 9(1), 13(a)(5) and 17 C.F.R. § 180.1 (commodities fraud); 7 U.S.C. § 13(a)(2) (commodities and swap manipulation); 18 U.S.C. § 371 (conspiracy to commit commodities fraud); 18 U.S.C. §§ 1343 and 1349 (wire fraud, securities fraud, and conspiracy to commit the same); 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(h), and 1957 (concealment money laundering, illegal money transferring, and conspiracy to commit the same), all in connection with a scheme to commit market manipulation on a platform called Mango Markets, then launder the proceeds (the "Subject Offenses"), including the following:

a.    Records relating to the creation and users of the Subject Accounts and the Subject Servers;

b.    Evidence of the creation and use of cryptocurrency wallets and accounts on cryptocurrency exchanges used in preparing for, perpetrating, or receiving funds from the Subject Offenses;

c.    Evidence, including documents, images, and communications, reflecting any preparation for the Subject Offenses, including but not limited evidence reflecting research about

5

12.06.2018

manipulating cryptocurrency prices; research about potential targets for market manipulation; tests of purchasing and selling MNGO or MNGP Perpetuals; tests of transferring cryptocurrency to and from Mango Markets and other cryptocurrency exchanges used in the Subject Offenses; the planned steps in the Subject Offenses; the anticipated timing of the Subject Offenses; and planning for laundering funds from the Subject Offenses;

d.   Evidence, including documents, images, and communications, reflecting acts in furtherance of the Subject Offenses and the transfer of funds obtained from the Subject Offenses;

e.   Evidence, including documents, images, and communications, reflecting efforts to avoid to destroy or conceal information about the Subject Offenses, including but not limited to efforts to delete messages about the Subject Offenses and to prevent victims of the Subject Offenses from reporting information about the scheme to law enforcement;

f.   Evidence, including documents, images, and communications, relating to AVRAHAM EISENBERG's relocation from the United States to Israel shortly after committing the Subject Offenses;

g.   Evidence, including documents, images, and communications, reflecting AVRAHAM EISENBERG's knowledge of the laws prohibiting wire fraud, securities fraud, commodities fraud, and market manipulations, including but not limited to evidence of EISENBERG's participation in lawsuits involving laws related to those subjects and EISENBERG's research or communication about lawsuits and criminal cases related to those subjects;

h.   Evidence reflecting the identities of, and communications among, any co-conspirators in the Subject Offenses;

12.06.2018

USAO_SDNY_01_00011641

i.   Evidence, including documents and communications, reflecting the state of mind of AVRAHAM EISENBERG and other participants in the Subject Offenses, including communications reflecting false (purportedly exculpatory) explanations of any participant's involvement in the Subject Offenses;

j.   Information that would assist in identifying and locating victims or witnesses;

k.   Documents, spreadsheets, communications, and ledgers tracking cryptocurrency transfers and/or cryptocurrency payments;

l.   Passwords or other information needed to access or identify computer or other online accounts, storage media, or other places where additional evidence, fruits, or instrumentalities of the Subject Offenses may be located;

m.   Information pertaining to cryptocurrency digital wallets that may contain proceeds of the Subject Offenses;

n.   Information relating to the ownership and disposition of criminal proceeds, including bank accounts, cryptocurrency wallets, accounts with centralized cryptocurrency exchanges, and other financial accounts;

o.   Evidence relating to the use of financial accounts and transactions in furtherance of the Subject Offenses (including the means and methods used to obtain the accounts and funds therein, and how the transactions were undertaken);

p.   Evidence concerning the technical expertise of AVRAHAM EISENBERG and any other participants in the Subject Offenses;

q.   Location data, including but not limited to geolocation reporting and location history data and metadata associated with other files that would place AVRAHAM EISENBERG and any co-conspirators and aiders and abettors in the Subject Offenses, as well as the devices they

7

USAO_SDNY_01_00011642

used, in specific places at specific times, and would indicate the use of their devices during those times;

r.   Information regarding the registration of other email accounts, computer servers, or other computer network infrastructure, including servers and Internet domains, or online communications facilities, payment for such online facilities or services, transfers of funds in furtherance of the Subject Offenses, and proceeds of the Subject Offenses; and

s.   Evidence concerning any other online accounts, any computer devices or servers, or any other location where evidence falling within the foregoing categories could be stored, including any passwords or encryption keys needed to access such evidence.

12.06.2018

USAO_SDNY_01_00011643

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>In the Matter of a Warrant for All Content and Other Information Associated with a Facebook Account with Username "Avraham Eisenberg," Maintained at Premises Controlled by Meta Platforms, Inc., USAO Reference No. 2022R00646</td></tr>
</table>

# 23 MAG 122

## SEARCH WARRANT AND NON-DISCLOSURE ORDER

TO:     Meta Platforms, Inc. ("Provider")

Federal Bureau of Investigation ("Investigative Agency")

**1. Warrant.** Upon an affidavit of Special Agent Brandon Racz of the Investigative Agency, and pursuant to the provisions of the Stored Communications Act, 18 U.S.C. § 2703(b)(1)(A) and § 2703(c)(1)(A), and the relevant provisions of Federal Rule of Criminal Procedure 41, the Court hereby finds there is probable cause to believe that a Facebook account associated with the username "Avraham Eisenberg" (the "Subject Account"), accessed at https://www.facebook.com/people/Avraham-Eisenberg/100009952574823/ and maintained and controlled by Meta Platforms, Inc. (the "Provider"), headquartered at 1601 Willow Road, Menlo Park, California 94025, contains evidence, fruits, and instrumentalities of crime, all as specified in Attachment A hereto. Accordingly, the Provider is hereby directed to provide to the Investigative Agency, within 30 days of the date of service of this Warrant and Order, the records specified in Section II of Attachment A hereto, for subsequent review by law enforcement personnel as authorized in Section III of Attachment A. The Government is required to serve a copy of this Warrant and Order on the Provider within 14 days of the date of issuance. The Warrant and Order

USAO_SDNY_01_00011644

may be served via electronic transmission or any other means through which the Provider is capable of accepting service.

2. **Non-Disclosure Order.** Pursuant to 18 U.S.C. § 2705(b), the Court finds that there is reason to believe that notification of the existence of this warrant will result in destruction of or tampering with evidence, or otherwise will seriously jeopardize an ongoing investigation. Accordingly, it is hereby ordered that the Provider shall not disclose the existence of this Warrant and Order to the listed subscriber or to any other person for a period of one year from the date of this Order, subject to extension upon application to the Court if necessary, except that Provider may disclose this Warrant and Order to an attorney for Provider for the purpose of receiving legal advice.

3. **Sealing.** It is further ordered that this Warrant and Order, and the Affidavit upon which it was issued, be filed under seal, except that the Government may without further order of this Court serve the Warrant and Order on the Provider; provide copies of the Affidavit or Warrant and Order as need be to personnel assisting the Government in the investigation and prosecution of this matter; and disclose these materials as necessary to comply with discovery and disclosure obligations in any prosecutions related to this matter.

Dated: New York, New York

| 01/06/2023 | 5:09 p.m. |
|---|---|
| Date Issued | Time Issued |

_____
UNITED STATES MAGISTRATE JUDGE
Southern District of New York

12.06.2018

2

## Facebook Search Attachment A

### I. Subject Account and Execution of Warrant

This warrant is directed to Meta Platforms, Inc. (the "Provider"), headquartered at headquartered at 1601 Willow Road, Menlo Park, California 94025, and applies to all content and other information within the Provider's possession, custody, or control associated with a Facebook account associated with the username "Avraham Eisenberg", accessed at https://www.facebook.com/people/Avraham-Eisenberg/100009952574823/ (the "Subject Account"). A law enforcement officer will serve this warrant by transmitting it via email or another appropriate manner to the Provider. The Provider is directed to produce to the law enforcement officer an electronic copy of the information specified in Section II below. Upon receipt of the production, law enforcement personnel will review the information for items falling within the categories specified in Section III below.

### II. Information to be Produced by the Provider

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any messages, records, files, logs, or information that have been deleted but are still available to the Provider, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose the following information to the government for each account listed in Attachment A, for the period from **July 1, 2022 to the present**:

a. All contact and personal identifying information, including full name, user identification number, birth date, gender, contact e-mail addresses, physical address (including city, state, and zip code), telephone numbers, screen names, websites, and other personal identifiers.

12.06.2018

3

b.   All activity logs for the account and all other documents showing the user's posts and other Facebook activities;

c.   All photos and videos uploaded by that user ID and all photos and videos uploaded by any user that have that user tagged in them, including Exchangeable Image File ("EXIF") data and any other metadata associated with those photos and videos;

d.   All profile information; News Feed information; status updates; videos, photographs, articles, and other items; Notes; Wall postings; friend lists, including the friends' Facebook user identification numbers; groups and networks of which the user is a member, including the groups' Facebook group identification numbers; future and past event postings; rejected "Friend" requests; comments; gifts; pokes; tags; and information about the user's access and use of Facebook applications;

e.   All records or other information regarding the devices and internet browsers associated with, or used in connection with, that user ID, including the hardware model, operating system version, unique device identifiers, mobile network information, and user agent string;

f.   All other records and contents of communications and messages made or received by the user, including all Messenger activity, private messages, chat history, video and voice calling history, and pending "Friend" requests;

g.   All "check ins" and other location information;

h.   All IP logs, including all records of the IP addresses that logged into the account;

i.   All records of the account's usage of the "Like" feature, including all Facebook posts and all non-Facebook webpages and content that the user has "liked";

j.   All information about the Facebook pages that the account is or was a "fan" of;

k.   All past and present lists of friends created by the account;

12.06.2018

USAO_SDNY_01_00011647

l.   All records of Facebook searches performed by the account;

m.   All information about the user's access and use of Facebook Marketplace;

n.   The types of service utilized by the user;

o.   The length of service (including start date) and the means and source of any payments associated with the service (including any credit card or bank account number);

p.   All privacy settings and other account settings, including privacy settings for individual Facebook posts and activities, and all records showing which Facebook users have been blocked by the account;

q.   All records pertaining to communications between Facebook and any person regarding the user or the user's Facebook account, including contacts with support services and records of actions taken.

### III. Review of Information by the Government

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the Government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under Government control) are authorized to review the records produced by the Provider in order to locate any evidence, fruits, and instrumentalities of violations of 7 U.S.C. §§ 9(1), 13(a)(5) and 17 C.F.R. § 180.1 (commodities fraud); 7 U.S.C. § 13(a)(2) (commodities and swap manipulation); 18 U.S.C. § 371 (conspiracy to commit commodities fraud); 18 U.S.C. §§ 1343 and 1349 (wire fraud, securities fraud, and conspiracy to commit the same); 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(h), and 1957 (concealment money laundering, illegal money transferring, and conspiracy to commit the same), all in connection with a scheme to commit market manipulation on a platform called Mango Markets, then launder the proceeds (the "Subject Offenses"), including the following:

12.06.2018

USAO_SDNY_01_00011648

a.   Records relating to the creation and users of the Subject Accounts and the Subject Servers;

b.   Evidence of the creation and use of cryptocurrency wallets and accounts on cryptocurrency exchanges used in preparing for, perpetrating, or receiving funds from the Subject Offenses;

c.   Evidence, including documents, images, and communications, reflecting any preparation for the Subject Offenses, including but not limited evidence reflecting research about manipulating cryptocurrency prices; research about potential targets for market manipulation; tests of purchasing and selling MNGO or MNGP Perpetuals; tests of transferring cryptocurrency to and from Mango Markets and other cryptocurrency exchanges used in the Subject Offenses; the planned steps in the Subject Offenses; the anticipated timing of the Subject Offenses; and planning for laundering funds from the Subject Offenses;

d.   Evidence, including documents, images, and communications, reflecting acts in furtherance of the Subject Offenses and the transfer of funds obtained from the Subject Offenses;

e.   Evidence, including documents, images, and communications, reflecting efforts to avoid to destroy or conceal information about the Subject Offenses, including but not limited to efforts to delete messages about the Subject Offenses and to prevent victims of the Subject Offenses from reporting information about the scheme to law enforcement;

f.   Evidence, including documents, images, and communications, relating to AVRAHAM EISENBERG's relocation from the United States to Israel shortly after committing the Subject Offenses;

g.   Evidence, including documents, images, and communications, reflecting AVRAHAM EISENBERG's knowledge of the laws prohibiting wire fraud, securities fraud,

6

12.06.2018

commodities fraud, and market manipulations, including but not limited to evidence of EISENBERG's participation in lawsuits involving laws related to those subjects and EISENBERG's research or communication about lawsuits and criminal cases related to those subjects;

h.  Evidence reflecting the identities of, and communications among, any co-conspirators in the Subject Offenses;

i.  Evidence, including documents and communications, reflecting the state of mind of AVRAHAM EISENBERG and other participants in the Subject Offenses, including communications reflecting false (purportedly exculpatory) explanations of any participant's involvement in the Subject Offenses;

j.  Information that would assist in identifying and locating victims or witnesses;

k.  Documents, spreadsheets, communications, and ledgers tracking cryptocurrency transfers and/or cryptocurrency payments;

l.  Passwords or other information needed to access or identify computer or other online accounts, storage media, or other places where additional evidence, fruits, or instrumentalities of the Subject Offenses may be located;

m.  Information pertaining to cryptocurrency digital wallets that may contain proceeds of the Subject Offenses;

n.  Information relating to the ownership and disposition of criminal proceeds, including bank accounts, cryptocurrency wallets, accounts with centralized cryptocurrency exchanges, and other financial accounts;

12.06.2018

USAO_SDNY_01_00011650

o.   Evidence relating to the use of financial accounts and transactions in furtherance of the Subject Offenses (including the means and methods used to obtain the accounts and funds therein, and how the transactions were undertaken);

p.   Evidence concerning the technical expertise of AVRAHAM EISENBERG and any other participants in the Subject Offenses;

q.   Location data, including but not limited to geolocation reporting and location history data and metadata associated with other files that would place AVRAHAM EISENBERG and any co-conspirators and aiders and abettors in the Subject Offenses, as well as the devices they used, in specific places at specific times, and would indicate the use of their devices during those times;

r.   Information regarding the registration of other email accounts, computer servers, or other computer network infrastructure, including servers and Internet domains, or online communications facilities, payment for such online facilities or services, transfers of funds in furtherance of the Subject Offenses, and proceeds of the Subject Offenses; and

s.   Evidence concerning any other online accounts, any computer devices or servers, or any other location where evidence falling within the foregoing categories could be stored, including any passwords or encryption keys needed to access such evidence.

8

USAO_SDNY_01_00011651

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------

In the Matter of a Warrant for All
Content and Other Information
Associated with Multiple User
Accounts and a Server, Maintained at
Premises Controlled by Discord, Inc.,
USAO Reference No. 2022R00646

--------------------------------------------------

# 23 MAG 122

## SEARCH WARRANT AND NON-DISCLOSURE ORDER

TO:   Discord, Inc. ("Provider")

Federal Bureau of Investigation ("Investigative Agency")

**1. Warrant.** Upon an affidavit of Special Agent Brandon Racz of the Investigative Agency, and pursuant to the provisions of the Stored Communications Act, 18 U.S.C. § 2703(b)(1)(A) and § 2703(c)(1)(A), and the relevant provisions of Federal Rule of Criminal Procedure 41, the Court hereby finds there is probable cause to believe that the following Discord accounts (the "Subject Accounts"):

| User ID | Username(s) |
|---|---|
| 470697531823620116 | AvrahamEisenberg#5451 |
| 281233046227779585 | CrunchWrapSupreme#1469 |

And the following Discord server (the "Subject Server"):

| Server ID | Server Link |
|---|---|
| 782504674103656489 | discord.gg/9RjPjCdGwK |

All of which are maintained at premises controlled by Discord, Inc., headquartered at 444 De Haro Street, Suite 200, San Francisco, CA 94107, contain evidence, fruits, and instrumentalities of crime, all as specified in Attachment A hereto.  Accordingly, the Provider is hereby directed to

provide to the Investigative Agency, within 30 days of the date of service of this Warrant and Order, the records specified in Section II of Attachment A hereto, for subsequent review by law enforcement personnel as authorized in Section III of Attachment A.  The Government is required to serve a copy of this Warrant and Order on the Provider within 14 days of the date of issuance. The Warrant and Order may be served via electronic transmission or any other means through which the Provider is capable of accepting service.

**2. Non-Disclosure Order.** Pursuant to 18 U.S.C. § 2705(b), the Court finds that there is reason to believe that notification of the existence of this warrant will result in destruction of or tampering with evidence, flight from prosecution, or otherwise will seriously jeopardize an ongoing investigation.  Accordingly, it is hereby ordered that the Provider shall not disclose the existence of this Warrant and Order to the listed subscriber or to any other person for a period of one year from the date of this Order, subject to extension upon application to the Court if necessary, except that Provider may disclose this Warrant and Order to an attorney for Provider for the purpose of receiving legal advice.

**3. Sealing.** It is further ordered that this Warrant and Order, and the Affidavit upon which it was issued, be filed under seal, except that the Government may without further order of this Court serve the Warrant and Order on the Provider; provide copies of the Affidavit or Warrant and Order as need be to personnel assisting the Government in the investigation and prosecution of

2

12.06.2018

this matter; and disclose these materials as necessary to comply with discovery and disclosure obligations in any prosecutions related to this matter.

Dated: New York, New York

01/06/2023
_____
Date Issued

5:10 p.m.
_____
Time Issued

_____
UNITED STATES MAGISTRATE JUDGE
Southern District of New York

12.06.2018

3

**Email Search Attachment A**

**I.  Subject Accounts, Subject Server, and Execution of Warrant**

This warrant is directed to Discord, Inc. (the "Provider"), headquartered at 444 De Haro

Street, Suite 200, San Francisco, CA 94107, and applies to all content and other information within

the Provider's possession, custody, or control associated with the following Discord accounts

(collectively, the "Subject Accounts"):

| User ID | Username(s) |
|---|---|
| 470697531823620116 | AvrahamEisenberg#5451 |
| 281233046227779585 | CrunchWrapSupreme#1469 |

And the following server (the "Subject Server"):

| Server ID | Server Link |
|---|---|
| 782504674103656489 | discord.gg/9RjPjCdGwK |

A law enforcement officer will serve this warrant by transmitting it via email or another

appropriate manner to the Provider. The Provider is directed to produce to the law enforcement

officer an electronic copy of the information specified in Section II below.  Upon receipt of the

production, law enforcement personnel will review the information for items falling within the

categories specified in Section III below.

**II.  Information to be Produced by the Provider**

To the extent within the Provider's possession, custody, or control, the Provider is directed

to produce the following information associated with the Subject Accounts and the Subject Server,

for the period from **July 1, 2022 to the present**:

a.  *Messaging content*. All public and private messages sent to or from, stored in draft

form in, or otherwise associated with the Subject Accounts and Subject Server, including all text,

attachments, and header information (specifically including the source and destination addresses associated with each communication, the date and time at which each communication was sent, and the size and length of each communication).

b. *Address book information*. All address book, contact list, or similar information associated with the Subject Accounts and Subject Servers.

c. *Subscriber and payment information*. All subscriber and payment information regarding the Subject Accounts and Subject Servers, including but not limited to name, username, address, telephone number, alternate email addresses, registration IP address, account creation date, account status, length of service, types of services utilized, means and source of payment, and payment history.

d. *Transactional records*. All transactional records associated with the Subject Accounts and Subject Servers, including any IP logs or other records of session times and durations.

e. *Deletion records*. All records reflecting deleted messages, including information about the account that deleted those messages and IP address from which the messages were deleted.

f. *Customer correspondence*. All correspondence with the subscriber or others associated with the Subject Accounts and Subject Servers, including complaints, inquiries, or other contacts with support services and records of actions taken.

g. *Preserved or backup records*. Any preserved or backup copies of any of the foregoing categories of records, whether created in response to a preservation request issued pursuant to 18 U.S.C. § 2703(f) or otherwise.

## III.  Review of Information by the Government

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the Government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under Government control) are

12.06.2018

USAO_SDNY_01_00011656

authorized to review the records produced by the Provider in order to locate any evidence, fruits, and instrumentalities of violations of 7 U.S.C. §§ 9(1), 13(a)(5) and 17 C.F.R. § 180.1 (commodities fraud); 7 U.S.C. § 13(a)(2) (commodities and swap manipulation); 18 U.S.C. § 371 (conspiracy to commit commodities fraud); 18 U.S.C. §§ 1343 and 1349 (wire fraud, securities fraud, and conspiracy to commit the same); 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(h), and 1957 (concealment money laundering, illegal money transferring, and conspiracy to commit the same), all in connection with a scheme to commit market manipulation on a platform called Mango Markets, then launder the proceeds (the "Subject Offenses"), including the following:

a.   Records relating to the creation and users of the Subject Accounts and the Subject Servers;

b.   Evidence of the creation and use of cryptocurrency wallets and accounts on cryptocurrency exchanges used in preparing for, perpetrating, or receiving funds from the Subject Offenses;

c.   Evidence, including documents, images, and communications, reflecting any preparation for the Subject Offenses, including but not limited evidence reflecting research about manipulating cryptocurrency prices; research about potential targets for market manipulation; tests of purchasing and selling MNGO or MNGP Perpetuals; tests of transferring cryptocurrency to and from Mango Markets and other cryptocurrency exchanges used in the Subject Offenses; the planned steps in the Subject Offenses; the anticipated timing of the Subject Offenses; and planning for laundering funds from the Subject Offenses;

d.   Evidence, including documents, images, and communications, reflecting acts in furtherance of the Subject Offenses and the transfer of funds obtained from the Subject Offenses;

3

USAO_SDNY_01_00011657

e.  Evidence, including documents, images, and communications, reflecting efforts to avoid to destroy or conceal information about the Subject Offenses, including but not limited to efforts to delete messages about the Subject Offenses and to prevent victims of the Subject Offenses from reporting information about the scheme to law enforcement;

f.  Evidence, including documents, images, and communications, relating to AVRAHAM EISENBERG's relocation from the United States to Israel shortly after committing the Subject Offenses;

g.  Evidence, including documents, images, and communications, reflecting AVRAHAM EISENBERG's knowledge of the laws prohibiting wire fraud, securities fraud, commodities fraud, and market manipulations, including but not limited to evidence of EISENBERG's participation in lawsuits involving laws related to those subjects and EISENBERG's research or communication about lawsuits and criminal cases related to those subjects;

h.  Evidence reflecting the identities of, and communications among, any co-conspirators in the Subject Offenses;

i.  Evidence, including documents and communications, reflecting the state of mind of AVRAHAM EISENBERG and other participants in the Subject Offenses, including communications reflecting false (purportedly exculpatory) explanations of any participant's involvement in the Subject Offenses;

j.  Information that would assist in identifying and locating victims or witnesses;

k.  Documents, spreadsheets, communications, and ledgers tracking cryptocurrency transfers and/or cryptocurrency payments;

4

USAO_SDNY_01_00011658

l.   Passwords or other information needed to access or identify computer or other online accounts, storage media, or other places where additional evidence, fruits, or instrumentalities of the Subject Offenses may be located;

m.   Information pertaining to cryptocurrency digital wallets that may contain proceeds of the Subject Offenses;

n.   Information relating to the ownership and disposition of criminal proceeds, including bank accounts, cryptocurrency wallets, accounts with centralized cryptocurrency exchanges, and other financial accounts;

o.   Evidence relating to the use of financial accounts and transactions in furtherance of the Subject Offenses (including the means and methods used to obtain the accounts and funds therein, and how the transactions were undertaken);

p.   Evidence concerning the technical expertise of AVRAHAM EISENBERG and any other participants in the Subject Offenses;

q.   Location data, including but not limited to geolocation reporting and location history data and metadata associated with other files that would place AVRAHAM EISENBERG and any co-conspirators and aiders and abettors in the Subject Offenses, as well as the devices they used, in specific places at specific times, and would indicate the use of their devices during those times;

r.   Information regarding the registration of other email accounts, computer servers, or other computer network infrastructure, including servers and Internet domains, or online communications facilities, payment for such online facilities or services, transfers of funds in furtherance of the Subject Offenses, and proceeds of the Subject Offenses; and

12.06.2018

USAO_SDNY_01_00011659

s.   Evidence concerning any other online accounts, any computer devices or servers, or any other location where evidence falling within the foregoing categories could be stored, including any passwords or encryption keys needed to access such evidence.

6

USAO_SDNY_01_00011660

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of a Warrant for All Content and Other Information Associated with Three Google Accounts, Maintained at Premises Controlled by Google LLC, USAO Reference No. 2022R00646

# 23 MAG 122

## SEARCH WARRANT AND NON-DISCLOSURE ORDER

TO:     Google LLC ("Provider")

Federal Bureau of Investigation ("Investigative Agency")

**1. Warrant.** Upon an affidavit of Special Agent Brandon Racz of the Investigative Agency, and pursuant to the provisions of the Stored Communications Act, 18 U.S.C. § 2703(b)(1)(A) and § 2703(c)(1)(A), and the relevant provisions of Federal Rule of Criminal Procedure 41, the Court hereby finds there is probable cause to believe that Google accounts associated with the following email addresses: (1) bochen.clean@gmail.com; (2) avi@thimessolutions.com; and (3) 613ike@gmail.com (collectively, the "Subject Accounts"), maintained and controlled by Google LLC, headquartered at 1600 Amphitheatre Parkway, Mountain View, CA, contain evidence, fruits, and instrumentalities of crime, all as specified in Attachment A hereto.  Accordingly, the Provider is hereby directed to provide to the Investigative Agency, within 30 days of the date of service of this Warrant and Order, the records specified in Section II of Attachment A hereto, for subsequent review by law enforcement personnel as authorized in Section III of Attachment A.  The Government is required to serve a copy of this Warrant and Order on the Provider within 14 days of the date of issuance.  The Warrant and Order may be served via electronic transmission or any other means through which the Provider is capable of accepting service.

**2. Non-Disclosure Order.** Pursuant to 18 U.S.C. § 2705(b), the Court finds that there is reason to believe that notification of the existence of this warrant will result in destruction of or tampering with evidence, or otherwise will seriously jeopardize an ongoing investigation. Accordingly, it is hereby ordered that the Provider shall not disclose the existence of this Warrant and Order to the listed subscriber or to any other person for a period of one year from the date of this Order, subject to extension upon application to the Court if necessary, except that Provider may disclose this Warrant and Order to an attorney for Provider for the purpose of receiving legal advice.

**3. Sealing.** It is further ordered that this Warrant and Order, and the Affidavit upon which it was issued, be filed under seal, except that the Government may without further order of this Court serve the Warrant and Order on the Provider; provide copies of the Affidavit or Warrant and Order as need be to personnel assisting the Government in the investigation and prosecution of this matter; and disclose these materials as necessary to comply with discovery and disclosure obligations in any prosecutions related to this matter.

Dated: New York, New York

01/06/2023

_____
Date Issued

5:10 p.m.

_____
Time Issued

_____
UNITED STATES MAGISTRATE JUDGE
Southern District of New York

12.06.2018

2

USAO_SDNY_01_00011662

**Google Search Attachment A**

**I. Subject Account and Execution of Warrant**

This warrant is directed to Google LLC (the "Provider"), headquartered at 1600 Amphitheatre Parkway, Mountain View, CA, and applies to all content and other information within the Provider's possession, custody, or control associated with the Google accounts associated with the following email addresses: (1) bochen.clean@gmail.com; (2) avi@thimessolutions.com; and (3) 613ike@gmail.com (collectively, the "Subject Accounts"). A law enforcement officer will serve this warrant by transmitting it via email or another appropriate manner to the Provider.  The Provider is directed to produce to the law enforcement officer an electronic copy of the information specified in Section II below.  Upon receipt of the production, law enforcement personnel will review the information for items falling within the categories specified in Section III below.

**II. Information to be Produced by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any messages, records, files, logs, or information that have been deleted but are still available to the Provider, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose the following information to the government for each account listed in Attachment A, for the period from **July 1, 2022 to the present**:

a.    *Email content.*  All emails sent to or from, stored in draft form in, or otherwise associated with, the Subject Accounts, including all message content (including all message content or attachments for emails sent in Google's "confidential" mode), deleted content, attachments, and header information (specifically including the source and destination addresses associated with each email, the date and time at which each email was sent, the size and length of

3

12.06.2018

USAO_SDNY_01_00011663

each email, and the IP addresses of the sender and recipient of the email), as well as all forwarding and fetching accounts related to the Subject Account.

      b.    *Google Services Data.*  The files and contents associated with the Subject Accounts related to the following Google Services: Gmail; Google Contacts; Google Messaging (including Google Hangouts); Google Drive; Google Docs; Google Reader; Google Voice; Google Photos; Google Chrome Sync; Google Calendar; Location History; Google Payments; and Google Maps.

      c.    *Subscriber and payment information*.  All subscriber and payment information regarding the Subject Accounts, including but not limited to name, username, address, telephone number, recovery and alternate email addresses, sign-in phone numbers, registration IP address, account creation date, account status, length of service, types of services utilized, means and source of payment, and payment history.

      d.    *Chrome Browser and web and search history records*.  All records relating to Internet search and browsing history, and application usage history, including My Activity, Web & App Activity, device information history, and location history, including Chrome Browser records.

      e.    *Device Information.*  Any information identifying the device or devices used to access the Subject Accounts, including a device serial number, a GUID or Global Unique Identifier, a phone number, serial numbers, MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifiers ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"), and any other information regarding the types of devices used to access the Subject Account.

12.06.2018

USAO_SDNY_01_00011664

f.    *Information Regarding Linked Accounts, Including Accounts Linked by Cookie.* Any information identifying accounts that are associated with or connected to the Subject Account, including but not limited to specifically by cookies; recovery, secondary, forwarding, or alternate email address; Google ID; Android ID; IMEI; creation IP address; telephone number, including SMS recovery number or sign-in account number; or any other account or device identifier.

g.    *Transactional records*.   All transactional records associated with the Subject Accounts, including any IP logs or other records of session times and durations, along with device information (including user agent strings) used to access the Subject Accounts.

h.    *Customer correspondence.*   All correspondence with the subscriber or others associated with the Subject Accounts, including complaints, inquiries, or other contacts with support services and records of actions taken.

i.    *Preserved or backup records.*   Any preserved or backup copies of any of the foregoing categories of records, whether created in response to a preservation request issued by the Government pursuant to 18 U.S.C. § 2703(f), or otherwise.

j.    *Messages.*   The contents of all instant messages associated with the Subject Account, including stored or preserved copies of instant messages (including iMessages, SMS messages, and MMS messages) sent to and from the account (including all draft and deleted messages), the source and destination account or phone number associated with each instant message, the date and time at which each instant message was sent, the size and length of each instant message, the actual IP addresses of the sender and the recipient of each instant message, and the media, if any, attached to each instant message.

k.    *Files and Records*.   The contents of all files and other records stored on the Subject Accounts, including all device backups, all google and third-party app data, all files and other

5

USAO_SDNY_01_00011665

records related to Google Mail, Google Photos, Chrome Tabs and Bookmarks, Google Drive, Google Voice, and all address books, contact and buddy lists, notes, reminders, calendar entries, images, videos, voicemails, device settings, and bookmarks

## III. Review of Information by the Government

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the Government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under Government control) are authorized to review the records produced by the Provider in order to locate any evidence, fruits, and instrumentalities of violations of 7 U.S.C. §§ 9(1), 13(a)(5) and 17 C.F.R. § 180.1 (commodities fraud); 7 U.S.C. § 13(a)(2) (commodities and swap manipulation); 18 U.S.C. § 371 (conspiracy to commit commodities fraud); 18 U.S.C. §§ 1343 and 1349 (wire fraud, securities fraud, and conspiracy to commit the same); 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(h), and 1957 (concealment money laundering, illegal money transferring, and conspiracy to commit the same), all in connection with a scheme to commit market manipulation on a platform called Mango Markets, then launder the proceeds (the "Subject Offenses"), including the following:

a.   Records relating to the creation and users of the Subject Accounts and the Subject Servers;

b.   Evidence of the creation and use of cryptocurrency wallets and accounts on cryptocurrency exchanges used in preparing for, perpetrating, or receiving funds from the Subject Offenses;

c.   Evidence, including documents, images, and communications, reflecting any preparation for the Subject Offenses, including but not limited evidence reflecting research about manipulating cryptocurrency prices; research about potential targets for market manipulation; tests of purchasing and selling MNGO or MNGP Perpetuals; tests of transferring cryptocurrency to and

12.06.2018

USAO_SDNY_01_00011666

from Mango Markets and other cryptocurrency exchanges used in the Subject Offenses; the planned steps in the Subject Offenses; the anticipated timing of the Subject Offenses; and planning for laundering funds from the Subject Offenses;

d. Evidence, including documents, images, and communications, reflecting acts in furtherance of the Subject Offenses and the transfer of funds obtained from the Subject Offenses;

e. Evidence, including documents, images, and communications, reflecting efforts to avoid to destroy or conceal information about the Subject Offenses, including but not limited to efforts to delete messages about the Subject Offenses and to prevent victims of the Subject Offenses from reporting information about the scheme to law enforcement;

f. Evidence, including documents, images, and communications, relating to AVRAHAM EISENBERG's relocation from the United States to Israel shortly after committing the Subject Offenses;

g. Evidence, including documents, images, and communications, reflecting AVRAHAM EISENBERG's knowledge of the laws prohibiting wire fraud, securities fraud, commodities fraud, and market manipulations, including but not limited to evidence of EISENBERG's participation in lawsuits involving laws related to those subjects and EISENBERG's research or communication about lawsuits and criminal cases related to those subjects;

h. Evidence reflecting the identities of, and communications among, any co-conspirators in the Subject Offenses;

i. Evidence, including documents and communications, reflecting the state of mind of AVRAHAM EISENBERG and other participants in the Subject Offenses, including

7

USAO_SDNY_01_00011667

communications reflecting false (purportedly exculpatory) explanations of any participant's involvement in the Subject Offenses;

j.   Information that would assist in identifying and locating victims or witnesses;

k.   Documents, spreadsheets, communications, and ledgers tracking cryptocurrency transfers and/or cryptocurrency payments;

l.   Passwords or other information needed to access or identify computer or other online accounts, storage media, or other places where additional evidence, fruits, or instrumentalities of the Subject Offenses may be located;

m.   Information pertaining to cryptocurrency digital wallets that may contain proceeds of the Subject Offenses;

n.   Information relating to the ownership and disposition of criminal proceeds, including bank accounts, cryptocurrency wallets, accounts with centralized cryptocurrency exchanges, and other financial accounts;

o.   Evidence relating to the use of financial accounts and transactions in furtherance of the Subject Offenses (including the means and methods used to obtain the accounts and funds therein, and how the transactions were undertaken);

p.   Evidence concerning the technical expertise of AVRAHAM EISENBERG and any other participants in the Subject Offenses;

q.   Location data, including but not limited to geolocation reporting and location history data and metadata associated with other files that would place AVRAHAM EISENBERG and any co-conspirators and aiders and abettors in the Subject Offenses, as well as the devices they used, in specific places at specific times, and would indicate the use of their devices during those times;

8

12.06.2018

r.   Information regarding the registration of other email accounts, computer servers, or other computer network infrastructure, including servers and Internet domains, or online communications facilities, payment for such online facilities or services, transfers of funds in furtherance of the Subject Offenses, and proceeds of the Subject Offenses; and

s.   Evidence concerning any other online accounts, any computer devices or servers, or any other location where evidence falling within the foregoing categories could be stored, including any passwords or encryption keys needed to access such evidence.

9

12.06.2018

USAO_SDNY_01_00011669