

Waymaker LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
T 424.652.7800

November 2, 2023

**Brian E. Klein**
Direct (424) 652-7814
bklein@waymakerlaw.com

*Via ECF*

Hon. Arun Subramanian
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Avraham Eisenberg*,
              23 Cr. 10 (AS)

Dear Judge Subramanian:

      We write on behalf of our client Avraham Eisenberg to respectfully request that the Court grant a continuance of the current December 4, 2023 trial date to either March 18, 2024 or April 8, 2024, with a preference for the March date. This is Mr. Eisenberg's first request for an adjournment of his trial date. The government opposes a continuance beyond December 11, 2023, and its position is included below.

<u>Defense Position</u>

      The defense has been preparing diligently for trial, but to ensure Mr. Eisenberg has a fair trial a continuance is necessary. Additional time is needed because this case involves complex and novel legal and factual issues. The government has produced voluminous discovery in this case on a rolling basis (with a number of productions, although all far less voluminous than earlier productions, made during October 2023, as well as one made earlier today), which the defense is still analyzing and conferring with the client about. The government's forthcoming production of documents it claims are responsive from Mr. Eisenberg's computer referenced in footnote 1 could be time consuming to review. As trial preparation has advanced, particularly after recent disclosures, the complexity of this case has required re-examination of the prior voluminous and complex discovery productions.

      An additional significant factor necessitating this application is that last Thursday, October 26, 2023, Mr. Eisenberg was unexpectedly transferred from the Essex County Correctional Facility ("ECCF") in New Jersey to the Metropolitan Detention Center ("MDC") in Brooklyn. At defense counsel's request, the government made efforts to stop this transfer, but they were unsuccessful (even so the defense appreciates those efforts). While at ECCF, defense counsel had exceptional access to Mr. Eisenberg both in-person and by video. The move to the MDC has already, and will continue to, severely inhibit defense counsel's access to Mr.



Eisenberg. At the MDC, limited video and telephonic calls are available to the defense bar, there are frequent unannounced lockdowns preventing meetings and calls, and the inability to make visits by appointment and shorter walk-in visiting windows than those at ECCF make even simple communication with Mr. Eisenberg extremely difficult. Unfortunately, the level of communication with Mr. Eisenberg now necessary as the trial approaches (and during trial) is even more heightened at a time when his access to defense counsel has been significantly diminished. Further and importantly, when Mr. Eisenberg was moved, he was not permitted to bring the discovery (which he annotated and organized) and his other legal paperwork with him. Defense counsel has been working diligently to get him those materials again, but it will take some time. Overall, Mr. Eisenberg's ability to prepare for trial as a result of this transfer is severely hampered.

Defense counsel has met and conferred with the government about a continuance but for the reasons set forth below, an agreement was not reached. The defense would have liked to be able to propose earlier trial dates in 2024, but defense counsel has trials in January and February. Based on its schedule, defense counsel would prefer the March 18, 2024 trial date, but is also available on April 8, 2024, when all the members of the government's current trial team are available.

Government Position

The Government opposes the defense request for a multi-month adjournment. A one-week continuance (to December 11, 2023) is sufficient to account for the defendant's recent transfer to the MDC. If the Court is inclined to grant a longer adjournment, however, the Government respectfully requests a trial date of April 8, 2024. Members of the Government trial team have conflicting obligations in February and March that would make a March 18, 2024 start date exceedingly difficult.

A multi-month adjournment is not necessary. The defendant committed the charged offenses alone, on a single day, through a discrete set of financial transactions. The Government has been producing discovery on a rolling basis since February 2023. This includes making available the vast majority of the key materials in the case—such as records from Mango Markets and full copies of search warrant returns from stored-communications providers and the defendant's cellphones—within a month of that rolling production beginning.[1] While the Government acknowledges that this case has some factual and legal complexities, those complexities have been readily apparent for many months and, by virtue of the nature of the crime, are confined to a discrete set of issues that were identifiable from day one. There have been no new developments in this case that warrant a lengthy adjournment.

---

[1] As noted in the Government's opposition to the defendant's suppression motion, the Government did not gain access to the defendant's computer until August 2023, and promptly made that available to the defense. The Government anticipates producing a set of responsive materials from the search of the computer within the next few days.



As the defense notes, the defendant has recently been moved from ECCF to the MDC. The Government appreciates that such a move often involves a period of disruption for the defendant and counsel. Accordingly, the Government would consent to a week-long adjournment, which would result in trial beginning on December 11, 2023. This adjournment will allow time for the defendant to adjust to the move and obtain his legal paperwork, and the Government is willing to do what it can to assist in ensuring that the defendant has prompt access to all the necessary materials. A longer adjournment, however, is unnecessary, particularly given the amount of time that the defense has already had to prepare.

If the Court is inclined to grant an adjournment beyond December 11, 2023, the Government respectfully requests that the Court set a trial date of April 8, 2024, rather than March 18, 2024. As the defense notes, the parties have conferred with the defense about availability. The Government expressed that it would be available for trial in early January, but understands that the defense has conflicting trial obligations that make such a date infeasible.

A March 18, 2024 start date would be exceedingly difficult for the Government. One member of the trial team has a murder trial beginning February 26, 2024, which may run into early March. That schedule would make preparing for a March 18, 2024 date exceptionally difficult. Another member of the trial team expects to be on paternity leave from the end of January into late March. A March 18, 2024 start date would require significantly revising childcare plans or replacing the only member of the trial team who has been on the case since the outset. Given that the defense is requesting the adjournment, the Government respectfully submits that, if the Court is inclined to grant the request, April 8, 2024 should be the start date to avoid unnecessarily prejudicing the Government.

***

Several pre-trial deadlines are currently scheduled for Monday, November 6, 2023. If the Court grants an adjournment (whether to December 11, 2023 or a later date), the parties request that the Court stay the current trial-related deadlines (Dkt. No. 44) and permit them to meet and confer and submit new proposed deadlines based on the new trial date, which they will do by November 17, 2023.

For all the foregoing reasons, Mr. Eisenberg respectfully requests an adjournment of the trial date.

Respectfully submitted,

*/s/ Brian E. Klein*

Brian E. Klein
Ashley E. Martabano
Riley P. Smith
Waymaker LLP



-and-

Sanford N. Talkin
Noam B. Greenspan
Talkin, Muccigrosso & Roberts, LLP

*Attorneys for Avraham Eisenberg*