

Waymaker LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
T 424.652.7800

December 19, 2023

**Brian E. Klein**
Direct (424) 652-7814
bklein@waymakerlaw.com

<u>*Via ECF*</u>

Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   <u>United States v. Avraham Eisenberg</u>
      23 Cr. 10 (AS)

Dear Judge Subramanian:

      We write on behalf of defendant Avraham Eisenberg to respectfully request that the Court grant an adjournment of the current December 21, 2023 deadline to file *Daubert* motions (and any expert-related motions *in limine*) to January 24, 2024, with an adjournment of the deadline for oppositions from January 18, 2024 to February 8, 2024.  This is Mr. Eisenberg's second adjournment request.  (*See* Dkt. 63 (First Application).)  To be clear, the defense is not requesting an adjournment of any other motions *in limine*, which remain due December 21, 2023.  (Dkt. 64.)

      On Thursday, December 14, 2023, the parties met and conferred in an attempt to obviate the need to burden the Court with both motions in *limine* and *Daubert* motions, pursuant their agreement.  (*See* Dkt. 63.)  At that time, the government stated, among other things, that it intended to seek to disqualify Mr. Eisenberg's two proposed experts due to insufficient disclosures by the defense.  Although the defense does not agree that its expert disclosures do not fully comply with Federal Rule of Criminal Procedure 16's requirements (or Federal Rule of Evidence 702's), the defense stated that it intended to supplement the disclosures, and would speak with its experts the next day and propose a schedule afterwards.  The government informed the defense that it had other bases for disqualification (*i.e.,* its *Daubert* grounds), but it wanted to wait to discuss these grounds until after it received the supplemental disclosures.  Following up on the meet and confer call, defense counsel conferred with its two proposed experts to address the supplementation.  Due to the holidays and the defense experts' schedules, the defense proposed to the government that the defense would provide the supplemental disclosures by January 12, 2024 and then the government could decide whether it still intended to challenge the defense's proposed experts, and if so, the parties could then work together on agreeing to a reasonable revised briefing schedule (to then propose to the Court).  In response, the government requested that the defense seek the Court's relief and stated that it will file a reply.  The government noted that it anticipated that it would not oppose the application, but it



wanted preserve its rights with respect to potentially adding rebuttal experts or testimony based on the contents of the supplemental disclosures.

  The defense believes the supplemental disclosures that are proposed to be filed by January 12, 2024 will address the government's concerns and obviate the need for motion practice regarding their sufficiency.  In addition, the defense submits that the government is not prejudiced by this proposed request because should it still deem motion practice necessary, the April 8, 2024 trial date allows ample time for the Court to decide any expert-related motions and for the parties to adjust based on the Court's rulings.

  For all these reasons, the defense respectfully requests that the Court continue the deadline to file *Daubert* and any expert-related motions *in limine* to January 24, 2024, with oppositions due to February 8, 2024, and that supplemental expert disclosures be due on or before January 12, 2024.

Very truly yours,

*/s/ Brian E. Klein*

Brian E. Klein
Ashley E. Martabano
Riley P. Smith
Waymaker LLP

 -and-

Sanford N. Talkin
Noam B. Greenspan
Talkin, Muccigrosso & Roberts, LLP

Attorneys for Defendant Avraham Eisenberg