

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 20, 2023

**By ECF**
Hon. Arun Subramanian
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    <u>United States</u> v. <u>Avraham Eisenberg</u>, 23 Cr. 10 (AS)

Dear Judge Subramanian:

    The Government writes in response to the defendant's December 19, 2023 letter requesting an adjournment to the schedule for filing *Daubert* motions. The Government does not oppose the defense's request to provide supplemental expert notices by January 12, 2024, but does object to the proposed alteration to the *Daubert* briefing schedule. For the reasons given below, the Government respectfully submits that the defendant's *Daubert* briefs, if any, should remain due on December 21, 2023. The Government's deadline should be adjourned to February 9, 2024, with the defense oppositions due February 23, 2024.

    The defense has disregarded the expert schedule in this case. Pursuant to the original pretrial schedule in this case, the parties were required to exchange expert notices on October 30, 2023. Dkt. 44. The parties complied with that requirement, but the notices that the defense provided did not provide the information required by Rule 16. Rather than identifying the proposed experts' opinions, the notices stated, in cursory fashion, a handful of topics the experts may address, and failed to even comply with the Rule 16 requirement that the expert signs the notice. *See* Ex. 1 (Def. Expert Notices). The next day, on October 31, 2023, the Government sent an email to defense, asking that they submit signed notices and "provide[] additional detail about the opinions the experts plan to offer, as opposed to just the topic[s] about which they may testify." The Government reiterated that request in another email on November 3, 2023. On November 28, 2023, the defense provided a signed version of the expert disclosures, but did not provide additional content in those disclosures.

    When the Court adjourned trial to April 2024, the parties submitted a revised pre-trial schedule. That schedule, which the Court approved, required the parties to file *Daubert* motions by December 7, 2023. *See* Dkt. 53. The parties exchanged emails in advance of that deadline, and on December 4, 2023, the Government again wrote that, "[a]s we mentioned earlier, one non-substantive issue we have is that we do not think your expert notices comply with Rule 16 because they don't state the opinions your experts plan to give." Later that day, the defense moved to adjourn the *Daubert* and motion *in limine* deadlines, which the Court granted, rescheduling the deadlines to December 21, 2023. Dkt. 64.

On December 14, 2023, the parties met and conferred regarding anticipated motions *in limine* and *Daubert* motions. During that meet and confer, the Government again stated that the defense notices were insufficiently detailed and expressed its intentions to preclude the experts on those grounds. The defense then, for the first time, stated that it intended to file supplemental expert reports. The next day, the defense sent an email, proposing to provide revised disclosures by January 12, and representing that the defense "would agree that you could file a challenge after receipt of the revised disclosures on a reasonable schedule." The Government replied, requesting that the defense file with the Court and noting that it did not anticipate opposing the proposal the defense had made. The defense did not propose altering its own expert deadline, and the Government did not agree to such an extension.

There is no good reason for the defense's failure to prepare supplemental expert notices weeks ago. The Government promptly and repeatedly pointed out the obvious problem with the notices. The defense knew that the Government needed meaningful notices to prepare its *Daubert* motions, to consult with its own experts about those notices, and to potentially retain rebuttal experts. Yet the defense waited until after the original *Daubert* deadline, and to just a week before the new deadline, to state its intentions to prepare supplemental notices.

Given the amount of time until trial, the Government does not object to the defense having until January 12, 2024 to provide supplemental expert notices. But the proposed revisions to the *Daubert* schedule are doubly unfair to the Government. First, the proposed deadline of January 24, 2024 for *Daubert* motions leaves the Government fewer than two weeks to review the new notices and prepare motions. This is far less time than contemplated in the initial schedule that the parties negotiated. The Government respectfully requests a deadline of February 9, 2024 for its motions, with a response date of February 23, 2024.

Second, the defense *Daubert* deadline should not move from December 21, 2023. The defense has had the Government's disclosures since October 30. During the December 14 meet and confer, the defense noted that it believed there was some duplication in possible testimony between the Government's experts, and the parties discussed that issue. But the defense did not identify any other challenges it had to the Government's experts. The defense should not be able to parlay its own failure to provide adequate expert notice into another, lengthy adjournment to its *Daubert* deadline. In addition to rewarding delay, an adjournment would also prejudice the Government by limiting the time before trial that the Government would have to respond to potential issues raised by the defense, if any.

Finally, the Government notes that, depending on the content of the defense's supplemental expert notices, it may need to request additional time to identify rebuttal experts or prepare rebuttal notices for existing experts.

    Respectfully submitted,

    DAMIAN WILLIAMS
    United States Attorney

by: __/s/ _____
    Thomas Burnett
    Peter Davis
    Assistant United States Attorneys

    Tian Huang
    Special Assistant United States Attorney