UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　-against-<br><br>AVRAHAM EISENBERG,<br><br>　　　　　　Defendant. | Case No.: 23 Cr. 10 (AS) |

**DEFENDANT AVRAHAM EISENBERG'S MOTIONS *IN LIMINE***

Brian E. Klein
Ashley E. Martabano
Riley P. Smith
Waymaker LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
(424) 652-7800

Sanford N. Talkin
Noam B. Greenspan
Talkin, Muccigrosso & Roberts, LLP
40 Exchange Place, 18th Floor
New York, New York 10005
(212) 482-0007

*Attorneys for Avraham Eisenberg*

**I.   PRELIMINARY STATEMENT**

Defendant Avraham Eisenberg respectfully submits this memorandum in support of the following motions *in limine* to: (1) preclude general references by the government at trial to "victims" divorced from any particular identification pursuant to Federal Rules of Evidence 402 and 403; and (2) exclude duplicative government expert testimony at trial pursuant to Federal Rule of Evidence 403.

***

It bears noting that the defense has received voluminous discovery productions from the government, including multiple productions since the beginning of November 2023. The defense has been and continues to diligently review and analyze the discovery, but the volume is immense. The defense thus reserves the right to make further evidentiary objections, whether by motion *in limine* or at trial, if additional evidentiary issues emerge.

**II.   ARGUMENT**

    **A.   The Court Should Preclude the Government From Making General References to "Victims"**

Mr. Eisenberg is charged with engaging in fraudulent conduct, and fraud requires the deceit of another. Yet, here, the government has, to date, not specifically identified who it contends Mr. Eisenberg intended to or did deceive. Proceeding without an identifiable victim threatens to confuse the jury and risks an improper verdict. As such, the Court should preclude the government from generically using the term "victim" without specifying who the alleged victims are in this case. Evidence or argument of this sort would be irrelevant, and thus inadmissible under Rule 402, and the risk of prejudice from the confusion of such vague allegations would vastly outweigh any probative value from the testimony and thus be inadmissible pursuant to Rule 403.

1

At various points in the indictment and motion briefing, the government has made vague and ambiguous references to parties purportedly harmed as a result of the alleged scheme. The indictment alleges, "[t]he cryptocurrency that [Mr. Eisenberg] borrowed and withdrew came from, among other places, the deposits and assets belonging to the Mango Markets investors. As a result of these actions, [Mr. Eisenberg] withdrew nearly all then-available funds from Mango Markets." (Ind. ¶ 20.) In its opposition to the motion to dismiss, the government contends, "[Mr. Eisenberg's] crime involved an intricate series of lies, deceitful trading, and manipulation to line his own pockets at the expense of the Mango DAO and other investors." (Dkt. 36 at 12.) But the government has not specifically identified who the purported victims are, and the defense is concerned that the government will not do so at trial. Under Rule 401, evidence is relevant if it has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable . . . than it would be without the evidence." Per Rule 402, "[i]rrelevant evidence is not admissible." Under Rule 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." A district court has "broad discretion" to admit or exclude evidence under Rule 403. *United States v. Birney*, 686 F.2d 102, 106 (2d Cir. 1982).

Generic references by the government at trial to "victims" of Mr. Eisenberg's alleged crimes would not tend to prove any fact of consequence in the case. *See* Fed. R. Evid. 401. But making such references would substantially mislead and confuse the jury about the requirements of the specific intent element for each of the charged crimes. For example, regarding the commodities fraud charge, as the Court noted in its order denying the Mr. Eisenberg's motion to dismiss, the "in connection with" element is broad but nonetheless requires a "deception" that "prompted" and/or "enabled" the transactions. (*See* Dkt. 67, at 6-7 (citing *United States v.*

2

*O'Hagan*, 521 U.S. 642, 656 (1997); *United States v. Khalupsky*, 5 F. 4th 279, 290 (2d Cir. 2021)).) Similarly, wire fraud requires deception intended "to deprive *another* of money or property." (*Id.* at 7 (citing *United States v. Greenberg*, 835 F.3d 295, 306 (2d Cir. 2016)) (emphasis added).)

Given the requirement that the government prove a deception, it naturally follows that the government must explain to the jury who was deceived. Were the government to generally state that there were "victims" who were deceived without precisely identifying the specific people or entities, the risk of the jury erroneously believing Mr. Eisenberg can be guilty without specifically intending to defraud another is high. *See United States v. Aiyer*, 33 F.4th 97, 126-27 (2d Cir. 2022) (affirming trial court's exclusion of evidence because it would risk confusing or misleading the jury on what proof was needed for conviction). As a result, the jury could convict on improper grounds, a particular concern in this case because of the size of the alleged profit. *See In re Amaranth Nat. Gas Commodities Litig.*, 730 F.3d 170, 184 (2d Cir. 2013) ("[L]arge positions do not necessarily imply manipulation. A trader may indeed acquire a large position in order to manipulate prices. But a trader may also acquire a large position in the belief that the price of the future will, for reasons other than the trader's own activity, move in a favorable direction."); *United States v. Mulheren*, 938 F.2d 364, 371 (2d Cir. 1991) (noting that significant trading over short period of time "alone . . . does not make the investor a manipulator").

In sum, the government should be barred under Rules 402 and 403 from any general reference to unidentified "victims" to prevent jury confusion and a potentially improper verdict.

//

//

## B. The Court Should Exclude Duplicative Government Expert Testimony

On December 14, 2023, the parties met and conferred about potential motions *in limine*. One potential defense motion raised and discussed was a motion to exclude the presentation of duplicative government expert testimony. The defense raised this issue because the government has disclosed two experts whose anticipated opinions on certain subjects have substantial overlap, which would violate Rule 403.

Duplicative expert testimony is typically held "cumulative and inadmissible under Rule of Evidence 403." *United States v. Walker*, 910 F. Supp. 861, 863 (N.D.N.Y. 1995) (precluding duplicative expert testimony under Rule 403 as cumulative evidence, stating, "this Court has never in the past allowed the government to make its case through the sheer weight of expert testimony by even two experts as to their identical conclusions on identical issues"); *see also Williams v. County of Orange*, No. 03 Civ. 5182 (LMS), 2005 WL 6001507, at *6 (S.D.N.Y. Dec. 13, 2005) (granting under Rule 403 motion to preclude expert testimony meant "to buttress" the testimony of another expert).

The government has represented to the defense that it does not plan to offer unnecessarily duplicative expert testimony. For that reason, the parties agreed that the proper time to raise this objection is at trial. This motion is thus filed simply as background and to preserve Mr. Eisenberg's rights and objections at trial.

//
//
//

## III. CONCLUSION

For the reasons described above, the Court should preclude any general reference to "victims" by the government at trial. Further, upon the defense's objection at trial, the Court should exclude any duplicative government expert testimony.

DATED: December 21, 2023                                     Respectfully Submitted,

By: */s/ Brian E. Klein*
Brian E. Klein
Ashley E. Martabano
Riley P. Smith
Waymaker LLP

-and-

Sanford N. Talkin
Noam B. Greenspan
Talkin, Muccigrosso & Roberts, LLP

*Attorneys for Avraham Eisenberg*

5