

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 22, 2024

**VIA Email**
Brian Klein
c/o Sam Talkin
Waymaker Law
515 Flower Street #3500
Los Angeles, CA 90071

     Re:    *United States v. Avraham Eisenberg,* **23 Cr. 10 (AS)**

Dear Counsel:

     Pursuant to the Court's scheduling order, the Government hereby provides supplemental notice regarding the anticipated testimony of Kapil Jain and Dr. David Mordecai.[1] The Government reserves the right to supplement and amend these notices, including with respect to anticipated testimony, and will do so promptly pursuant to the requirements of Rules 16(a)(1)(G)(vi) and 16(c).

     Please contact us with any questions.

               Regards,

               DAMIAN WILLIAMS
               United States Attorney

               by: /s/ *Thomas Burnett*
               Thomas Burnett
               Peter Davis
               Assistant United States Attorneys

               Tian Huang
               Special Assistant United States Attorney

Enclosures

---

[1] Some of the anticipated testimony is responsive to defense experts' anticipated testimony that the Government has moved to exclude. *See* ECF No. 80. The Government will only offer such testimony if the Court does not exclude the relevant defense experts' anticipated testimony.

Privileged and Confidential
Prepared at the Request of Counsel

Kapil Jain

## *In Re United States of America/Avraham Eisenberg*

### **Rebuttal Expert Disclosure – Kapil Jain**
(February 22, 2024)

In addition to the anticipated testimony described in the expert disclosure provided on October 30, 2023, Kapil Jain may give testimony responding to and rebutting the anticipated testimony of the defendant's expert witnesses, as described below:

1.  In response to or anticipation of Mr. Sheridan's proposed testimony regarding "low liquidity impact and oracle price strategy challenges":

    a. Mr. Jain may opine that it is possible to manipulate the price of many different assets, including assets that have wide ranges of liquidity, and that the ability to manipulate an asset depends on a number of factors, including the trader's market power, the nature of platforms on which the asset trades, and the liquidity of the underlying asset. Mr. Jain's testimony concerning this topic will be based on his research and experience in the field of commodity and financial derivatives, as well as prior experience trading derivative products.

    b. Mr. Jain may opine on (i) the various impacts of the use of an Oracle to relay information to a blockchain, (ii) the various impacts of the use of exchanges as an input to an Oracle, and (iii) how using multiple exchange inputs for an Oracle may mitigate the risk of market manipulation. Mr. Jain's testimony will be based on his review of Mango Markets documents, his research and experience in the field of cryptocurrency, and his research and experience in the field of derivatives trading.

2.  In response to or anticipation of Mr. Sheridan's proposed testimony regarding terms of service, Mr. Jain may opine that terms of service are not the only rules that govern relationships between trading counterparties. In addition to terms of service, the United States laws and regulations also govern counterparties' actions with respect to commodities derivatives. Mr. Jain may provide examples of when traders are not bound by terms of service including in derivatives, equities, or cryptocurrency trading—for example, in the over-the-counters derivatives or equities markets. Mr. Jain's testimony concerning these topics will be based on his research and experience in the field of commodity derivatives, as well as prior employment experience trading derivative products.

**Approval and Signature**

I hereby approve the disclosure of my anticipated opinions and bases for such opinions, as set forth above.

_____
Kapil Jain

1

**CONFIDENTIAL**
**Supplemental Expert Disclosure – Dr. David K.A. Mordecai**
(February 22, 2024)

In addition to the anticipated testimony described in the expert disclosure provided on October 30, 2023, Dr. David K.A. Mordecai may give testimony responding to and rebutting the anticipated testimony of the defendant's expert witnesses, as further described below.

- Dr. Mordecai may respond to Dr. Montgomery's opinion (or anticipated opinion) that the price of MNGO-USDC Perpetuals at the time of Mr. Eisenberg's alleged trading on October 11, 2022 was not artificial. Dr. Mordecai may explain that Mr. Eisenberg's trading was consistent with creating an artificial price for the MNGO-USDC Perpetual and the MNGO-USDC spot markets. Dr. Mordecai may explain that his analysis of the trading data exhibiting the rapid and drastic increase and decline in the MNGO-USDC Perpetual price after Mr. Eisenberg's trading indicate that, but-for Mr. Eisenberg's actions, the MNGO-USDC Perpetual price would not have substantially increased as it did, and that the MNGO-USDC Perpetual price was substantially higher than the price before or after Mr. Eisenberg's trading. Dr. Mordecai may further explain how Dr. Montgomery's proposed testimony, regarding assets traded in thin or illiquid markets not reflecting "fundamental value," is not responsive to the point that Mr. Eisenberg's trading was consistent with artificially controlling the price of MNGO-USDC Perpetuals.

I hereby approve the disclosure of my anticipated opinions, as set forth above.

David K.A. Mordecai, PhD