# EXHIBIT 1



Waymaker LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
T 424.652.7800

February 26, 2024

**Brian E. Klein**
Direct (424) 652-7814
bklein@waymakerlaw.com

<u>*Via E-Mail*</u>

AUSA Thomas Burnett
AUSA Peter Davis
AUSA Tian Huang
United States Attorney's Office
Southern District of New York
1 Saint Andrews Plaza
New York, New York 10007

Re: *United States v. Avraham Eisenberg*,
23 Cr. 10 (AS)

Dear Counsel:

This letter is respectfully submitted to supplement defendant Avraham Eisenberg's previous expert witness disclosure served on the government on January 12, 2024. The purpose of this disclosure is to clarify Dr. Montgomery's opinions that "the price of MNGO [P]erpetuals at the time of defendant's alleged trading on October 11, 2022 was not artificial," and that because the market for MNGO is thin/illiquid, "the current trading price may not accurately reflect a fundamental value." This supplemental disclosure is made out of an abundance of caution and is not in any way a concession that the January 12, 2024 disclosure was inadequate. This disclosure is also made without the benefit of hearing the trial testimony and all the relevant information contemplated by Federal Rule of Criminal Procedure 16 and 18 U.S.C. § 3500.

Mr. Eisenberg explicitly reserves the right to further amend and/or supplement this disclosure based upon, among other things, the receipt of documents and other evidence from the government or third-parties, counsel's ongoing review of the recent government discovery productions, trial preparation, disclosures about anticipated witness testimony (including the government's own designated expert(s)), and ultimately the evidence (testimonial or opinion) offered in the government's case-in-chief.

**John Montgomery, PhD**

- Dr. Montgomery may also provide background testimony on the topic of fundamental value, which is a widely used term in financial economics. The fundamental value of a financial instrument means the value of cash flows (such as dividends or interest) that the instrument may provide. This value can reflect the risk or uncertainty of those cash flows, any time lags in realizing such cash flows (*i.e.*, discounts for the time value of

Case 1:23-cr-00010-AS   Document 91-1   Filed 03/06/24   Page 3 of 4



money), and any contingencies or options embodied in the financial instrument. Dr. Montgomery may opine that MNGO does not have a fundamental value because no cash flows are attached to MNGO. Dr. Montgomery's testimony on this topic will be based on his extensive academic background in economics, his research and experience in financial markets, and his review of documents related to Mango Markets, as well as relevant portions of the government's discovery produced as of the date of this notice.

- Dr. Montgomery may opine that when an asset does not have a fundamental value, its value can only be the market-driven price, meaning its value is purely driven by the interplay of supply and demand. As such, because the asset's value is always a reflection of the interplay of supply and demand, price movement that is the result of the natural interplay of supply and demand on the open market, absent wash trades, is not artificial. This scenario applies to the market for MNGO, the MNGO/USDC Pair, and the MNGO Perpetuals. Specifically, because any given price of MNGO resulting from open market supply and demand cannot be artificial, the price of MNGO at the time of the defendant's alleged trading on October 11, 2022 was not artificial. Since the price of the MNGO Perpetuals is based on the value of MNGO, Dr. Montgomery may opine that at the time of the defendant's alleged trading on October 11, 2022 the price of the MNGO Perpetuals was not artificial. Dr. Montgomery's testimony on this topic will be based on his expertise as a financial economist, his experience analyzing financial markets trading, and on his review of documents related to Mango Markets, as well as relevant portions of the government's discovery produced as of the date of this notice.

- Dr. Montgomery may also testify about the government's experts' characterization of the market for MNGO as "thin." A thin market, as referred to by Dr. Mordecai, is "a market with *de minimus* and/or intermittent order flow."[1] When a market is thin, it is vulnerable to large price swings, particularly when a sizeable transaction is made. Dr. Montgomery may further testify that the market for MNGO was thin. Dr. Montgomery may opine that because it was thin, the market for MNGO was vulnerable to large price swings. However, large price swings on October 11, 2022 do not mean that the defendant's alleged trading caused an artificial price. Because MNGO does not have a fundamental value, every price of MNGO resulting from open-market trades is a market-driven price. Dr. Montgomery's testimony on this topic will be based on his research and experience in financial markets, his review of the government's expert disclosures for Kapil Jain and Dr. David Mordecai, his review of documents related to Mango Markets, as well as relevant portions of the government's discovery produced as of the date of this notice.

---

[1] Expert Disclosure of Dr. David K.A. Mordecai – United States v. Avraham Eisenberg, at 3 n.1.



February 26, 2024
Page 3 of 3

**Approval and Signature**

I approve the disclosure of my qualifications, anticipated opinions, and bases for such opinions, as set forth above.

*John Montgomery* (DocuSigned) 2/26/2024

John Montgomery

\*\*\*

As always, we are available to discuss the above or any other aspect of the case.

Very truly yours,

*/s/ B. E. Klein/*

Brian E. Klein
Ashley E. Martabano
Riley P. Smith
Waymaker LLP

-and-

Sanford N. Talkin
Noam B. Greenspan
Talkin, Muccigrosso & Roberts, LLP

*Attorneys for Avraham Eisenberg*