UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>-against-<br><br>AVRAHAM EISENBERG,<br><br>              Defendant. | Case No.: 23 Cr. 10 (AS) |

# **DEFENDANT AVRAHAM EISENBERG'S**
# **PROPOSED VOIR DIRE**

Brian E. Klein
Ashley E. Martabano
Riley P. Smith
Waymaker LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
(424) 652-7800

Sanford N. Talkin
Noam B. Greenspan
Talkin, Muccigrosso & Roberts, LLP
40 Exchange Place, 18th Floor
New York, New York 10005
(212) 482-0007

*Attorneys for Avraham Eisenberg*

## PRELIMINARY STATEMENT

Defendant Avraham Eisenberg submits this proposed voir dire pursuant to Federal Rule of Criminal Procedure Rule 24(a) and respectfully requests that the Court include the following questions in its examination of prospective jurors. Overall, the defense respectfully requests that the Court pursue more detailed questioning if a prospective juror's answer reveals that such inquiry is needed to ensure that person can be a fair and impartial juror. In addition, if a prospective juror has heard of or otherwise is familiar with any aspect of this case, Mr. Eisenberg respectfully asks that the Court question the prospective juror outside the presence of the broader jury pool.

## Brief Description of the Case

This is a criminal case. The defendant, Avraham Eisenberg, is an entrepreneur and trader in the cryptocurrency space. Mr. Eisenberg was born in New York City and raised here until his family moved to Rockland County, New York.

Mr. Eisenberg denies all of the charges against him and asserts his innocence. Under the law, the jury must presume he is innocent of all the charges. It is the government's burden to prove each charge, if it can, beyond a reasonable doubt, and that burden never shifts to the defense.

Mr. Eisenberg has no obligation to present any defense, call any witnesses, offer any evidence, or testify. And if he does not testify, you cannot view his choice not to testify as evidence of guilt.

The charges against Mr. Eisenberg are listed in an Indictment. The Indictment is not evidence of guilt, and you may not consider it as evidence of anything. The Indictment merely serves to notify Mr. Eisenberg what the charges are against him and contains only unproven allegations.

In this case, the charges identified in the Indictment are: (i) commodities fraud; (ii) commodities manipulation; and (3) wire fraud. You may not draw any conclusions about the guilt of Mr. Eisenberg just because he has been indicted. The Indictment does not change in any way the presumption of innocence.

Mr. Eisenberg maintains his innocence and has pleaded Not Guilty to the charges. Mr. Eisenberg contends that he acted lawfully and in good faith at all times. It is the government's

burden, as to every element of each count, to prove guilt, if it can, beyond a reasonable doubt. If the government fails to do so, the jury must find Mr. Eisenberg not guilty.

**Opening General Questions**

Trial by jury is one of our most treasured rights in the United States. Sitting on a jury is one of the highest forms of public service. Because of this, we all have an obligation to serve on juries, when called.

I will now ask each juror questions about the case, your background, important constitutional principles, and any experiences you may have had that might affect your ability to serve as a juror in this case. We are not trying to find out if you are a good juror or a bad juror, but whether you are the right juror for this particular case. Because just as we have an obligation to serve jury duty, we also have that same obligation not to serve on certain juries – and that could be because of your feelings, opinions, or even biases on different issues. We all have life experiences, we all have biases – and it may be that this is not the right case for you, but you'd be perfect on one hundred other juries. Those are the types of things we're going to explore. All that we ask from you is your honest answers. No one is going to be mad at you or judge you for having certain opinions.

1. Were you able to understand what I just said? Do you have any difficulty reading, speaking, or understanding English?

2. Have you read or heard anything about this case, including the Indictment, other than what I have told you? If yes:

    (a) From what source did you read/hear it?

    (b) What have you read/heard?

    (c) Based on what you heard or read, have you formed any opinions or views one way or the other about Mr. Eisenberg's innocence or guilt in this case?

3. Have you had any dealings, directly or indirectly, with Mr. Eisenberg, or with any relative, friend or associate of his? To your knowledge, do any of your family members, friends, associates, or employers know Mr. Eisenberg?

4. This trial is scheduled to last about 2 weeks. Do you have any immovable conflicts, such as scheduled medical procedures (surgeries, non-routine doctors' appointments, etc.), family events (weddings, funerals, etc.), religious holiday obligations, final exams, or childcare obligations?

**Experience with the Subject Matter of the Case**

5. The Indictment alleges crimes related to the operation of an online cryptocurrency exchange called Mango Markets.

    (a) Have you ever heard of Mango Markets? If so, please explain.

    (b) Have any of you ever purchased or used cryptocurrency, including BTC (Bitcoin), ETH (Ether), SOL (Solana), or MNGO (Mango)? If so, please explain.

    (c) Have any of you ever purchased or used a specific type of cryptocurrency known as a "stablecoin," such as the USD Coin ("USDC"), which is pegged to the US dollar? If so, please explain.

    (d) Have any of you traded in or with cryptocurrency? If so, please explain.

    (e) Do any of you have opinions about cryptocurrency in general that could affect your ability to be an impartial juror in this case. If so, please explain.

    (f) You may hear about trading on other online cryptocurrency exchanges, too. Have you heard of Binance? FTX? Acendex? Jupiter Aggregator? Serum? If so, please explain.

    (g) Have you ever read or heard the term "DeFi," which stands for Decentralized Finance? If so, what do you know about DeFi?

    (h) Have you ever used a DeFi platform? If so, please explain.

    [Follow up to any of the above: Would your experience affect your ability to be a fair and impartial juror in this case?]

6. How often do you use a computer? How often do you go on the internet? Have you formed any opinions based on your experiences with computers and the internet that you think would affect your ability to be a fair and impartial juror in this case?

7. Cryptocurrencies often enable participants in transactions to enjoy a degree of anonymity. There is nothing illegal about possessing, using, or transacting in cryptocurrency, including those cryptocurrencies allegedly used by Mr. Eisenberg here, but have you, a family member, or close friend, been a victim of a crime involving the use of, or related to, cryptocurrency? If so, would that experience make it difficult for you to be fair and impartial?

8. In this case you may hear evidence about activities that occurred in countries other than the United States, including Israel. Does this fact affect your ability to be fair

3

and impartial in this case? If so, why? Have you ever traveled outside the country? If so, where?

9. Have you, or any member of your family or close friends, invested in cryptocurrencies? If so, have you had any particularly negative or positive experiences?

10. Have you, or any member of your family or close friends, ever lost a significant amount of money on an investment of any kind?

11. Is there anything about your own investment experience, or views on the financial industry more broadly that will affect your ability to be fair and impartial in this case?

12. Have you ever started your own business/owned your own business, practice, or firm? Please describe your experience.

13. Have you ever held a managerial or leadership position in any company or organization? Please explain your position.

14. Do you think that there may be some relationship between how wealthy an individual is and how likely they are to break the law? If so, please explain.

15. Do you believe that regardless of a person's personal wealth or lack of personal wealth they are entitled to a fair trial, including the presumption of innocence? If so, please explain.

**Experience with the Legal System**

16. Are any of your family or close friends attorneys?

17. Have you ever served on any jury or grand jury before? If yes:

    (a) What type of case was it?

    (b) Did the jury return a verdict?

    (c) Have you ever served as the foreperson on any jury or grand jury?

18. Do you understand that the standard of proof in a criminal trial (such as this one) is much, much higher than the standard of proof in a civil trial?

19. Have you, or any member of your family or close friends, ever testified as a witness in a criminal or civil case? If yes, what was the case about?

20. Have you, or any member of your family or close friends, ever been interviewed as a witness in connection with a criminal or civil case?  If yes, what was the case about?

21. Have you, or any member of your family or close friends, ever been investigated by law enforcement or a government agency, including by the SEC, the CFTC, FBI, or any other federal, state, or local agency?

22. Have you, or any member of your family or close friends, ever been the victim of a crime, whether it was reported or not?  If yes, what was the crime? Was anyone arrested?  If so, what happened to the case?  Is there anything about that experience that would affect your ability to be fair and impartial in this case?

23. Have you, or any member of your family or close friends, ever been arrested, charged with, or convicted of a crime?  If yes, do you believe that you, or your family member or close friend, were treated fairly?  Why or why not?

24. Have you had any experience with law enforcement that would affect the way you would consider the evidence presented in this case – either positively or negatively?

25. Do you believe that the testimony of a law enforcement officer or official should be given either greater or lesser weight than other types of witnesses?  If you were selected as a juror in this trial, would you be inclined to view testimony given by a law enforcement officer or government official as being more credible than other witnesses just because of their position/employment?

26. Do you believe that if a lawyer for the government or a law enforcement officer says that something is true or a fact, it must be true, or at least likely true?

27. Do you believe that the government only charges an individual with a crime if they are guilty?

28. Have you, or any member of your family or close friends, ever been a member of any group that lobbies or takes positions on law enforcement issues?

29. Do you have any family or friends who work for any federal, state or local law enforcement agency?

30. Have you, or any member of your family or close friends, ever been employed by any prosecutor's office, whether local, state or federal?

31. Do you have any family or friends who work for the United States Attorney's Office for the Southern District of New York?

32. Have you, or any member of your family or close friends, ever worked for the United States government or for any of its offices, departments, or agencies, such as the SEC, the CFTC, or the FBI?

33. Do you have any family or friends who are judges, law clerks, court attendants, court clerks, or any other type of court personnel?

34. Do you think the fact that the federal government is a party here might affect the way you would think about this case and your ability to be fair and impartial?

35. Do you believe that when the U.S. government brings a white-collar criminal case against someone, the government has always done a fair and thorough investigation?

36. Have you, or any member of your family or close friends, ever been involved in a lawsuit or dispute with the federal government or any federal agency?

37. Have you, or any member of your family or close friends, been involved in a lawsuit of any kind before?  If yes, please tell us briefly about the lawsuit.

**Knowledge of Trial Teams, Witnesses, Entities, and Locations**

38. Mr. Eisenberg is represented by Brian Klein, Sam Talkin, Ashley Martabano, Noam Greenspan and Riley Smith.  If I could have the members of the defense team please stand and face the venire.

    (a) Do you know any of these attorneys?

    (b) Have you, or any relative or friend, had any dealings, either directly or indirectly, with any of these individuals?

39. The government is represented by Thomas Burnett, Peter Davis, Tian Huang, Jonathan Oshinsky (paralegal specialist), and FBI Special Agent Brandon Racz?  If I could have the members of the prosecution team please stand and face the venire.

    (a) Do you know any of these individuals?

    (b) Have you, or any relative or friend, had any dealings, either directly or indirectly, with any of these individuals?

40. During the trial, you may hear testimony from or about the following individuals. Please tell me if you have any personal knowledge about these individuals:

    (a) *[Names of individuals to be provided in advance of trial.]*

6

41. During the trial, you may hear testimony about the following entities and locations. Please tell me if you have any personal knowledge about these entities and addresses:

    (a) *[Names of entities and locations to be provided in advance of trial.]*

**<u>Presumption of Innocence</u>**

42. As stated before, the Indictment in this case is not evidence or proof of anything. It simply notifies Mr. Eisenberg what he is charged with. Even knowing that, do you feel that because Mr. Eisenberg has been indicted and accused of a criminal offense that means he is guilty?

43. When it comes to a criminal case, a bedrock principle is the presumption of innocence. Is there anything about the nature of the charges or Mr. Eisenberg himself that makes it difficult for you to presume him to be innocent in this case? What is your thought about the fact that <u>you</u> must presume him innocent as he sits here today? Can you do that?

44. Do you think that because Mr. Eisenberg has been charged by the government and is here on trial, he must have done *something* wrong or illegal? Do you think that just because a person sits here today, accused of something, he's automatically guilty or probably guilty?

45. Do you believe it is possible that the government could charge someone with a serious offense and that person is Not Guilty? Do you believe completely innocent people can be wrongly accused?

**<u>Judging the Credibility of Witnesses – Types of Witnesses</u>**

46. If someone comes to court and takes an oath, will you automatically believe that what a witness testifies to is true/fact?

47. Are you open to the possibility that a witness could come into court and lie?

48. Do you feel comfortable judging whether a witness is telling the truth or a lie, is mistaken or confused, or remembers things incorrectly?

49. You may hear testimony in this case by expert witnesses. I will instruct you that the use of expert testimony is proper. Have any of you had any experiences with experts or do you have any general feelings about the use of experts that would make it difficult for you to render a fair and impartial verdict?

**Burden of Proof**

50. Mr. Eisenberg is not required to disprove the case or present any evidence or witnesses at all.  The law states that it is only the government's job to prove the case, if it can, beyond a reasonable doubt.  This is called the burden of proof.  Knowing this, will you still expect Mr. Eisenberg to put on a case or call witnesses to testify?

51. Do you think someone accused of a crime should have to prove they are innocent?

52. Will you hold the government to its burden?

53. Under the law, if the defense chooses to put on a case, it does not alter the government's burden of proof in any way.  The burden to prove this case beyond a reasonable doubt never shifts to Mr. Eisenberg.  He does not assume a burden to prove his lack of guilt by choosing to put on a case.  Would you have any problem accepting and applying this rule of law?

**Beyond a Reasonable Doubt**

54. Before you could ever convict Mr. Eisenberg, not only must the government prove its case, but it must prove it beyond and to the exclusion of every reasonable doubt.  This is the highest level of proof in the law.  Do you understand that proof "beyond a reasonable doubt" is the highest burden that we have under the law – higher than "clear and convincing" and higher than the civil level of "preponderance of the evidence?"

55. Even though the law states that the government must prove its case against Mr. Eisenberg beyond a reasonable doubt before you ever can find him guilty, at the end of the day, if you think he probably did it, what will your verdict be?

56. If at the end of this case, you have a gut feeling that the defendant may have committed the crimes with which he is charged, but the government did not meet its burden of proving the defendant's guilt beyond a reasonable doubt, would you hesitate to find the defendant Not Guilty?  How many of you would follow your "gut" feeling as opposed to the law?

57. Will you require the government to prove its case to the high level of beyond a reasonable doubt before you can ever find Mr. Eisenberg guilty?

**Right to Remain Silent**

58. Under the law, Mr. Eisenberg is not required to testify on his own behalf.  In fact, you will be instructed that if any defendant in a criminal case, including Mr. Eisenberg, does not testify at trial, you, as a juror are not permitted to and cannot hold that fact

against him as evidence of guilt in for any other reason. If Mr. Eisenberg does not testify, that fact may not be considered at all when you deliberate. Would you have any difficulty following this law? Will you still need to hear Mr. Eisenberg testify in order to reach a verdict?

59. If Mr. Eisenberg does not testify, will you hold it against him in your deliberations?

**Other Questions Regarding Duty as Jurors**

60. Do you know of any reason, other than that which has already been discussed, why you would be prejudiced for or against the United States or Mr. Eisenberg that you have not been asked about?

61. Apart from any prior questions, do you have even the slightest doubt in your mind, or hesitation to assure me, for any reason whatsoever, that you will be able to serve conscientiously, fairly, and impartially in this case and to render a true and just verdict without fear, favor, sympathy, or prejudice and according to the law as it will be explained?

**Other General Questions**

62. What is your name? How old are you?

63. What county and neighborhood do you live in? How long have you lived there?

64. How far did you go in school? If you have an advanced degree or multiple degrees, what were your major areas of study?

65. Are you currently employed? If yes:

    (a) Where do you work?

    (b) Briefly describe your duties in your job.

    (c) If you are retired, what work did you do before retirement?

66. Do you have legal training, or have you worked in the legal profession?

67. If you are married, what does your spouse or partner do for a living?

68. Do you have children? If they are grown, what do they do?

69. What is your main source of news – newspaper, television, websites, or other sources?

70. What publications and/or online media do you regularly read? How many times a week do you read those sources?

71. What television shows/radio shows/podcasts do you regularly watch or listen to?

72. Do you read any finance-related news publications or listen to any finance-related programs or podcasts?

73. What are your hobbies or special interests, or how do you like to spend your free time?

74. What social media platforms do you use, if any?

75. Do you have any difficulty with listening, paying attention, reading printed materials, deliberating or otherwise participating as a juror? Do you have any medical condition that would make it difficult or uncomfortable to sit for long periods of time without breaks or that might interfere with your service in this case?

76. Are you taking any medication, or do you have any medical condition that could affect your ability to serve or to give your full attention to all of the evidence at this trial? Does it affect your ability to think or to reason or to remember? Do you take it regularly? How long have you been taking it? Have you ever had any adverse reaction to it?

77. Do you have an unusual financial hardship that would prevent you from serving as a juror in this case?

78. If selected to participate as a juror, would you be able to reach a verdict based solely on the facts and documents in evidence and the law as the Court will instruct you, disregarding other ideas, notions, or beliefs about the law that you may have encountered elsewhere?

DATED:   March 20, 2024                    Respectfully Submitted,

By: */s/ Brian E. Klein*
Brian E. Klein
Ashley E. Martabano
Riley P. Smith
Waymaker LLP

-and-

Sanford N. Talkin
Noam B. Greenspan
Talkin, Muccigrosso & Roberts, LLP

*Attorneys for Avraham Eisenberg*