J. ALEXANDER LAWRENCE
ALawrence@mofo.com
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: 212.468.8000
Facsimile: 212.468.7900

WILLIAM FRENTZEN (*pro hac vice pending*)
WFrentzen@mofo.com
MICHAEL BURSHTEYN (*pro hac vice pending*)
MBurshteyn@mofo.com
LARA MCDONOUGH (*pro hac vice pending*)
LMcDonough@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: 415.268.7000
Facsimile: 415.268.7500

RAFAEL YAKOBI (*pro hac vice pending*)
rafael@thecryptolawyers.com
THE CRYPTO LAWYERS, PLLC
848 Brickell Avenue, Penthouse 5
Miami, Florida 33131
Telephone: 619.317.0722

*Attorneys for Non-Party Mango Labs, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>AVRAHAM EISENBERG,<br>Defendant. | 23-cr-10 (AS)<br><br>**NON-PARTY MANGO LABS, LLC'S MOTION TO QUASH DEFENDANT'S SUBPOENA** |

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ........................................................................................................ 1

ARGUMENT ............................................................................................................. 2

I. LEGAL STANDARD.............................................................................................. 2

II. DEFENDANT'S SUBPOENA FAILS TO MEET ANY OF RULE 17(C)'S REQUIREMENTS.......................................................................................... 3

1. The Subpoena Does Not Seek Relevant Information. .............................. 3

2. The Subpoena Seeks Inadmissible Evidence. ........................................... 6

3. The Subpoena Lacks Specificity Required by Rule 17(c). ........................ 8

4. The Subpoena Is an Oppressive Attempt to Harass a Non-Party Witness and Victim. ..................................................................... 9

CONCLUSION ........................................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bowman Dairy Co. v. United States*,
341 U.S. 214 (1951) ... 1, 3

*Brown v. City of Syracuse*,
648 F. Supp. 2d 461 (N.D.N.Y. 2009) ... 11

*Cheney v. United States Dist. Ct.*,
542 U.S. 367 (2004) ... 2

*United States v. Barnes*,
2008 WL 9359654 (S.D.N.Y. Apr. 2, 2008) ... 3, 4

*United States v. Barnes*,
560 F. App'x 36 (2d Cir. 2014) ... 1, 3

*United States v. Bergstein*,
2017 WL 6887596 (S.D.N.Y. Dec. 28, 2017) ... 3, 10

*United States v. Boyle*,
2009 WL 484436 (S.D.N.Y. Feb. 24, 2009) ... 6-7

*United States v. Brown*,
1995 WL 387698 (S.D.N.Y. June 30, 1995) ... 7

*United States v. Carton*,
2018 WL 5818107 (S.D.N.Y. Oct. 19, 2018) ... 4, 10

*United States v. Ceballo*,
2003 WL 21961123 (S.D.N.Y. Aug. 18, 2003) ... 7

*United States v. Chen De Yian*,
1995 WL 614563 (S.D.N.Y. Oct. 19, 1995) ... 7

*United States v. Cole*,
2021 WL 912425 (S.D.N.Y. Mar. 10, 2021) ... 2

*United States v. Jackson*,
2006 WL 1993251 (S.D.N.Y. July 14, 2006) ... 7

*United States v. Lopez*,
2022 WL 1137095 (E.D.N.Y. Apr. 16, 2022) .............................................................. 4, 5

*United States v. Louis*,
2005 WL 180885 (S.D.N.Y. Jan. 27, 2005) .............................................................. 9

*United States v. Maxwell*,
2021 WL 1625392 (S.D.N.Y. Apr. 27, 2021).............................................................. 3

*United States v. Mendinueta-Ibarro*,
956 F. Supp. 2d 511 (S.D.N.Y. 2013).............................................................. 8

*United States v. Nixon*,
418 U.S. 683 (1974).............................................................. 1, 2, 3, 9

*United States v. RW Pro. Leasing Servs. Corp.*,
228 F.R.D. 158 (E.D.N.Y. 2005) .............................................................. 10

*United States v. Sawinski*,
2000 WL 1702032 (S.D.N.Y. Nov. 14, 2000) .............................................................. 8

*United States v. Sessa*,
2011 WL 256330 (E.D.N.Y. Jan. 25, 2011) .............................................................. 7

*United States v. Shah*,
2022 WL 1422252 (S.D.N.Y. May 5, 2022) .............................................................. 8

*United States v. Skelos*,
2018 WL 2254538 (S.D.N.Y. May 17, 2018) .............................................................. 6, 7

*United States v. Tucker*,
249 F.R.D. 58 (S.D.N.Y. 2008) .............................................................. 3

*United States v. Weigand*,
520 F. Supp. 3d 609 (S.D.N.Y. 2021).............................................................. 3

*United States v. Zheng*,
2020 WL 6287481 (N.D.N.Y. Oct. 27, 2020) .............................................................. 8

**Other Authorities**

Fed. R. Crim. P.
16..............................................................1, 3, 7
17(c) .............................................................. *passim*
17(h)..............................................................2, 10

Non-party Mango Labs, LLC ("Mango Labs"), by and through its attorneys, hereby moves, pursuant to Federal Rule of Criminal Procedure 17(c), to quash the subpoena for testimony and documents served by Defendant Avraham Eisenberg ("Eisenberg" or "Defendant") on March 20, 2024.[1] (Declaration of Michael Burshteyn, Exhibit A.)

**INTRODUCTION**

Under Rule 17(c), the Court is empowered to issue a subpoena duces tecum, compelling the production of documents, objects, or other tangible evidence deemed relevant to the criminal case. The Supreme Court has emphasized that Rule 17(c) is not, however, intended to provide a means of discovery for criminal cases. *United States v. Nixon*, 418 U.S. 683, 698 (1974). The Second Circuit adopts a narrow construction of Rule 17(c), as "[i]t was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms." *United States v. Barnes*, 560 F. App'x 36, 39 (2d Cir. 2014) (quoting *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951)). The Court may "quash or modify the subpoena if compliance would be unreasonable or oppressive" pursuant to Rule 17(c)(2).

Here, Defendant is attempting to abuse the Rule 17(c) subpoena process to conduct impermissible discovery that harasses a non-party witness and victim. Mango Labs is not a party to this case. It is a non-party entity that happens to possess the aggregated claims of Defendant's victims against him. Those victims assigned their claims to Mango Labs following the attack.[2]

Defendant's subpoena contains seven categories of information devoid of relevance to the case or his defenses. (Ex. A.) His vague, ambiguous, and incomprehensible requests seek large swaths of inadmissible hearsay and records of government investigations, as well as

[1] The service packet received by Mango Labs, LLC's registered agent on March 20, 2024 did not include an affidavit of service. Mango Labs reserves the right to contest service if Defendant cannot show this subpoena was properly served.
[2] *See* Compl., *Mango Labs, LLC v. Eisenberg*, No. 1:23-cv-665 (S.D.N.Y. Jan. 25, 2023), ECF No. 1.

documents and communications that would be subject to the attorney-client privilege. Defendant does not establish the relevance of any of his requests, or why he could not procure them from others. Nor does Defendant provide a basis for believing the requests seek information in Mango Labs' possession, custody, or control. Defendant's subpoena, for instance, seeks documents about "Mango Markets," "Mango accounts," and "MangoDAO." (Ex. A.) None of these are Mango Labs. Even if Mango Labs did have relevant documents and communications, Mango Labs' is a prospective witness and consequently Rule 17(h) prohibits any subpoena directed at Mango Labs' statements. Rule 17(c) should not be abused as an end-run around Defendant's obligation to seek discovery from the government. Further, to the extent Mango Labs did communicate with the government, any attorney-proffered communications are not subject to a Rule 17(c) subpoena.

The Court should consequently quash this subpoena because it fails to satisfy any of Rule 17(c)'s requirements of relevance, admissibility, and specificity, and it seeks unreasonable and oppressive discovery designed to burden and harass Mango Labs, a victim and prospective witness in the case.

## ARGUMENT

### I. Legal Standard.

A valid Rule 17(c) subpoena for documents must "clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *Nixon*, 418 U.S. at 700.[3] The burden of "satisfy[ing these] exacting standards" falls "on the party requesting the information." *Cheney v. United States Dist. Ct.*, 542 U.S. 367, 386 (2004). Rule 17(c) is "not intended to provide a means of discovery for criminal cases." *Nixon*, 418 U.S. at 698. Where "production is requested . . . on the eve of

[3] While *Nixon* addressed a court order for production of documents pre-trial, the same requirements apply to a subpoena for production at trial. *United States v. Cole*, 2021 WL 912425, at *3 (S.D.N.Y. Mar. 10, 2021).

trial," the criminal defendant must show that the request is "material to the defense" and "not unduly oppressive for the producing party to respond." *United States v. Tucker*, 249 F.R.D. 58, 66 (S.D.N.Y. 2008).

A party cannot use a trial or pretrial subpoena to circumvent normal discovery. Second Circuit law holds that "[i]t was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms." *Barnes*, 560 F. App'x at 39 (quoting *Bowman Dairy*, 341 U.S. at 220); *see also United States v. Maxwell*, 2021 WL 1625392, at *1 (S.D.N.Y. Apr. 27, 2021) ("[I]f an item is not discoverable under Rule 16, a party cannot make it discoverable simply by subpoenaing it under Rule 17.").

On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive. *See* Fed. R. Crim. P. 17(c)(2).

## II. Defendant's Subpoena Fails to Meet Any of Rule 17(c)'s Requirements.

### 1. The Subpoena Does Not Seek Relevant Information.

A Rule 17(c) subpoena must seek only relevant information. *United States v. Weigand*, 520 F. Supp. 3d 609, 613 (S.D.N.Y. 2021). Settled law prohibits "fishing expedition[s]" for information that may or may not be relevant. *Nixon*, 418 U.S. at 700; Fed. R. Crim. P. 17(c)(2). "A party's Rule 17(c) subpoena may not evade specificity in the hope 'that something useful will turn up' in its reach." *United States v. Bergstein*, 2017 WL 6887596, at *5 (S.D.N.Y. Dec. 28, 2017) (quoting *United States v. Barnes*, 2008 WL 9359654, at *4 (S.D.N.Y. Apr. 2, 2008)). It is not enough that the documents be "potentially relevant"; they must be "relevant . . . at the time the subpoena is sought." *Barnes*, 2008 WL 9359654, at *3.

Defendant's subpoena does not articulate how any of the seven categories of information it seeks are relevant to the case and material to the defense. (Ex. A.) This alone is fatal to the subpoena. *Id.* (noting that failure to "articulate how the subpoenaed materials would be relevant"

fails to satisfy the Rule 17(c) standard). Relevance "cannot be established merely by asserting that the documents are relevant" or "asserting that they must be produced." *Id.* Per *Barnes*, "[c]onclusory statements" about relevance are "insufficient." *Id.*

Here, none of the subpoena's seven categories of information are relevant to the defense:

**Category 1: Security audit.** Defendant seeks documents and communications related to a "security audit Neodyme AG conducted in May 2022" and an "amended audit" from July 2022. (Ex. A.) There is no explanation why this is relevant to the case or the defense. It is not. Documents and communications about a security audit would not be relevant to any theory Defendant may have for why his conduct was lawful. The results of a security audit of a market are relevant only to the security vulnerabilities of that market, not to whether manipulating or stealing funds from that market is lawful. *See, e.g.*, *United States v. Lopez*, 2022 WL 1137095, at *1-2 (E.D.N.Y. Apr. 16, 2022) (relevance of third-party "financial audits" too speculative for Rule 17(c) subpoena).

This Court has already ruled that any category of attempted evidence suggesting that Defendant's conduct was permitted by the protocol has "no relevance" even if Mango Markets or its users may have been "on notice of Mango Markets' alleged flaws." (ECF No. 95 at 2.) Testimony arising out of such documents or communications would "threaten[] to confuse the jury by implying that Mango Markets or its users could have and should have prevented Eisenberg's conduct." *Id.*

Defendant's first request for production is consequently nothing more than a brazen "effort to blame the victim" that the Court should reject. *See, e.g.*, *United States v. Carton*, 2018 WL 5818107, at *4-6 (S.D.N.Y. Oct. 19, 2018) (granting non-party motion to quash subpoena requests in part because they were irrelevant and sought to blame the victim). Just as the security

audits of a bank vault are not relevant to a bank robber's defense, so too here any security audit of Mango Markets is not relevant to Eisenberg's defense.

**Category 2: Mango Markets accounts.** Defendant's subpoena also seeks "[a]ny and all documents and communications related to Avraham Eisenberg or Mango Markets accounts ending in 4ND8FV and CQvKSN starting on October 1, 2023 through the present." (Ex. A.) Here as well, the subpoena makes no articulation for why these documents are relevant to the defense. Defendant fails to identify any specific document or communication related to his account or why it would be relevant. This requires quashing the subpoena. *See, e.g.*, *Lopez*, 2022 WL 1137095, at *2 (quashing Rule 17(c) subpoena where defendants failed to "identif[y] a single document or communication that they reasonably believe contains the purportedly relevant or material information, nor, indeed, any other evidence suggesting the existence of such materials"). Nothing in these materials would exonerate Defendant's actions.

**Categories 3, 4, and 5: Pop-up screen, Terms of Use, and Mango v4.** Defendant's subpoena seeks documents and communications in three other categories all aimed at the same goal of attempting to blame the victims of Defendant's attack by fishing for evidence that Mango Markets was vulnerable to illegal exploitation. (Ex. A.) These categories cover "the pop-up located on Mango Markets' website for Mango Markets v3 protocol" that purportedly stated that the "v3 protocol is in public beta" and to "use it at your own risk," a "Terms of Use that Mango markets published on March 6, 2023," months after Defendant's attack, and "v4" of the Mango Markets software that launched months after Defendant's 2022 attack. (*Id.*)

All three categories of documents and communications would be used by Defendant in an attempt to show that his victims deserved to have their assets taken through market manipulation. Moreover, categories 4 and 5 relate to documents and communications about the 2023 Terms of

Use and v4 (also launched in 2023)—many months after Defendant's attack. For these reasons, Categories 3, 4, and 5, just like Category 1, seek information that this Court has already ruled is irrelevant and the Court should quash the subpoena for these categories.

**Categories 6 and 7: Communications with the government.** Defendant seeks documents and communications shared with the Department of Justice, Securities Exchange Commission, and Commodity Futures Trading Commission related to Eisenberg and to purported "investigations into MangoDAO." (Ex. A.) Here again, Defendant makes no articulation as to why such documents or communications would satisfy the Rule 17(c) relevance requirement. Nor would they be relevant, as any investigation would concern conduct distinct from Defendant's attack that is purportedly regulated by the CFTC and SEC. As to the DOJ, Defendant offers no theory for why communications with the DOJ would have any relevance to his defense either. Such communications would be more relevant to victims' attempts to recover the assets Defendant took, not the defense of the case. But, as described below, even if such communications were relevant, then they are properly producible by the government in discovery or through other means and not through a subpoena to a third-party victim.

**2. The Subpoena Seeks Inadmissible Evidence.**

Rule 17(c) subpoenas cannot be used to obtain documents that would be excluded on hearsay grounds or would otherwise be "inadmissible as evidence at trial." *United States v. Skelos*, 2018 WL 2254538, at *2 (S.D.N.Y. May 17, 2018), *aff'd*, 988 F.3d 645 (2d Cir. 2021) (citation omitted). Every category of requests Defendant seeks includes requests for communications that would be inadmissible.

First, all the requests for documents and communications by witnesses (in categories 1 through 7) would constitute inadmissible hearsay. This requires quashing the subpoena. *Id.* at *4 (quashing subpoena requesting witness communications and collecting cases: *United States v.*

*Boyle*, 2009 WL 484436, at *2 (S.D.N.Y. Feb. 24, 2009) ("quashing requests for 'witness statements' and 'audio recordings' because those materials would 'be inadmissible at defendant's trial on hearsay grounds'"); *United States v. Jackson*, 2006 WL 1993251, at *2 (S.D.N.Y. July 14, 2006) ("The defendant has not shown how the subpoenaed telephone records, of their nature hearsay, could be admissible, as required by *Nixon*."); *United States v. Brown*, 1995 WL 387698, at *10 (S.D.N.Y. June 30, 1995) ("quashing subpoena for memoranda of interviews because they would 'be hearsay, and inadmissible as evidence at trial'").

Second, the requests for documents and communications with the government or related to any purported investigations into Defendant or others (categories 6 and 7) are inadmissible and precluded from production by Rule 17(c). *Skelos*, 2018 WL 2254538, at *3 (quashing requests that "improperly seek much of [the government's] investigative file") (citing *United States v. Chen De Yian*, 1995 WL 614563, at *2 (S.D.N.Y. Oct. 19, 1995) (quashing Rule 17(c) subpoena because "it called for the production of the entire investigative file and is accurately described as a fishing expedition"). "Courts within this Circuit have held that a Rule 17(c) subpoena may not be used to obtain reports and investigative files from [] law enforcement agencies in advance of trial . . . because such evidence is generally inadmissible at trial." *United States v. Sessa*, 2011 WL 256330, at *53 (E.D.N.Y. Jan. 25, 2011), *aff'd*, 711 F.3d 316 (2d Cir. 2013).

Defendant's subpoena improperly attempts to circumvent Rule 16(a)(2)'s prohibition on disclosure of government investigation documents and communications through proper discovery. *See, e.g.*, *United States v. Ceballo*, 2003 WL 21961123, at *1 (S.D.N.Y. Aug. 18, 2003) (quashing subpoena requesting law enforcement reports due to hearsay and prohibition of Rule 16(a)(2), and collecting cases).

Because the subpoena seeks inadmissible documents and communications, the Court should quash it.

**3. The Subpoena Lacks Specificity Required by Rule 17(c).**

Defendant must "reasonably specify the information contained or believed to be contained in the documents sought" or "the requirement of specificity will not have been met." *See United States v. Sawinski*, 2000 WL 1702032, at *2 (S.D.N.Y. Nov. 14, 2000) (citation omitted). The "mere[] hope[] that something useful will turn up" is not sufficient. *Id.* (citation omitted). Here, the subpoena is hopelessly vague, ambiguous, and non-specific.

First, the subpoena does not define any terms that it uses. (Ex. A.) This makes it incomprehensible, as it contains terms that require definition. By way of example, the following undefined terms in the subpoena make it impermissibly vague and non-specific: "documents," "communications," "security audit," "related to," "regarding," "decisions made," "features," "trading," "Mango v4," "MangoDAO," "investigations," and "pop-up." (*Id.*) The nature of the request itself makes clear that it is not designed to target documents which exist and can be specified but rather broad categories that the Defendant hopes may exist. That does not meet the specificity required by Rule 17(c).

Second, all seven categories of information the subpoena seeks are "exceedingly broad" and "open-ended." *United States v. Zheng*, 2020 WL 6287481, at *4 (N.D.N.Y. Oct. 27, 2020) (quashing purported Rule 17(c) subpoena). Each category is preceded by the phrase "[a]ny and all," which courts consistently quash in this context for being too vague and non-specific. *See, e.g.*, *United States v. Shah*, 2022 WL 1422252, at *2-3 (S.D.N.Y. May 5, 2022) (granting motion to quash subpoena seeking "[a]ny and all documents and communications concerning the interviews taken"); *see also United States v. Mendinueta-Ibarro*, 956 F. Supp. 2d 511, 513 (S.D.N.Y. 2013) ("Subpoenas seeking 'any and all' materials, without mention of 'specific

admissible evidence,' justify the inference that the defense is engaging in the type of 'fishing expedition' prohibited by *Nixon*") (citation omitted); *United States v. Louis*, 2005 WL 180885, at *5 (S.D.N.Y. Jan. 27, 2005) (quashing subpoena seeking "'any and all' documents relating to several categories of subject matter (some of them quite large), rather than specific evidentiary items, [which] thus clearly indicat[es] that [d]efendant seeks to obtain information helpful to the defense by examining large quantities of documents, rather than to use Rule 17 for its intended purpose"). A criminal subpoena for documents is not intended to cover the same scope and breadth permitted in civil discovery.

The subpoena's lack of specificity means that, respectfully, the Court should quash it.

**4. The Subpoena Is an Oppressive Attempt to Harass a Non-Party Witness and Victim.**

Courts reject Rule 17(c) subpoenas that are oppressive, harass a non-party, and would impose an undue burden against a non-party witness. *Nixon*, 418 U.S. at 698. That is precisely what Defendant's subpoena is aimed to do.

First, Mango Labs is not a party to this case. Rather, it is a non-party entity that possesses the aggregated claims of the victims of Defendant's $114 million attack. Defendant is seeking to bury Mango Labs in impermissible and last minute discovery to further deplete the resources behind efforts to recover the funds he stole from Mango Markets' users. Defendant's requests cover years of records related to open-ended topics. Defendant waited until the last minute, days before the April 8, 2024 trial begins, to drop these expansive requests on Mango Labs.[4]

[4] Through Defendant's subpoena, he also appears to be impermissibly seeking to circumvent the stays entered into the pending civil cases against Defendant from Mango Labs, the SEC, and the CFTC. *Mango Labs, LLC v. Eisenberg*, No. 1:23-cv-665 (S.D.N.Y. Apr. 12, 2023), ECF. No. 54; *CFTC v. Eisenberg*, No. 1:23-cv-173 (S.D.N.Y. Mar. 13, 2023), ECF No. 15; *SEC v. Eisenberg*, No. 1:23-cv-503 (S.D.N.Y. Mar. 13, 2023), ECF No. 16.

Second, Defendant has not shown that any of the requested documents are in the possession, custody, or control of Mango Labs. Mango Labs is not Mango Markets or the MangoDAO. Mango Labs is a software engineering company and has been assigned the claims of Defendant's victims. Defendant cannot establish that Mango Labs operates Mango Markets, because it does not.

Third, even if Mango Labs did have control of the requested documents, the subpoena still must be quashed because it impermissibly seeks statements of a prospective witness in the case. Rule 17(h) expressly prohibits a Rule 17(c) subpoena to a prospective witness such as Mango Labs. "No party may subpoena a statement of a witness or of a prospective witness under [Rule 17(c)]". Rule 17(h); *see also Carton*, 2018 WL 5818107, at *4.

Fourth, there is no reason Defendant needs any of the requested documents and communications from Mango Labs and not others. Even if the requested materials were relevant, admissible, and specific (they are not), Defendant should have directed his requests to the government rather than to a non-party victim. He cannot "force a non-party" to "replicate all or part of the government's discovery productions in the hope that the non-party's production will produce something more." *Bergstein*, 2017 WL 6887596, at *5; *see also United States v. RW Pro. Leasing Servs. Corp.*, 228 F.R.D. 158, 164 (E.D.N.Y. 2005) (denying criminal defendant's request for documents that non-party already turned over to the government). Moreover, to the extent they are proffers through counsel, Mango Labs' communications with the government are not discoverable by a Rule 17(c) subpoena.

Fifth, Defendant's harassing subpoena includes requests for broad swaths of privileged information. This includes his requests for communications related to a security audit (category 1), communications related to website disclaimers (category 3), communications related to a

Terms of Use online agreement (category 4), and communications related to the response to Defendant's attack (category 5). (Ex. A.) "A subpoena that requires disclosure of privileged or otherwise protected matter where there is no applicable exception or waiver must be quashed[.]" *Brown v. City of Syracuse*, 648 F. Supp. 2d 461, 466 (N.D.N.Y. 2009).

Sixth, the subpoena is untimely. Defendant served this subpoena at the eve of his criminal trial, currently scheduled for April 8, 2024. Even if the subpoena had set forth proper requests, the subpoena does not provide Mango Labs enough time to comply, considering the time frame given and the sweeping nature of the requested materials. Compliance would cause unreasonable delay of the trial and result in undue prejudice.

The Court should reject Defendant's brazen attempt to burden and harass non-party witness and victim Mango Labs.

## CONCLUSION

For the foregoing reasons, Mango Labs respectfully requests this Court quash the Subpoena and for any further relief this Court deems just and proper under the facts and circumstances.

Dated: March 26, 2024
San Francisco, CA

MORRISON & FOERSTER LLP

By: */s/ Michael Burshteyn*
Michael Burshteyn (*pro hac vice pending*)

J. Alexander Lawrence
William Frentzen (*pro hac vice pending*)
Lara McDonough (*pro hac vice pending*)

THE CRYPTO LAWYERS
Rafael Yakobi (*pro hac vice pending*)

*Attorneys for Non-Party Mango Labs, LLC*