**TALKIN, MUCCIGROSSO & ROBERTS, L.L.P.**
ATTORNEYS AT LAW
40 EXCHANGE PLACE
18TH FLOOR
NEW YORK, NEW YORK 10005

(212) 482-0007 PHONE
(212) 482-1303 FAX
WWW.TALKINLAW.COM
EMAIL: INFO@TALKINLAW.COM

MARYLAND OFFICE:
5100 DORSEY HALL DRIVE
SUITE 100
ELLICOTT CITY, MD 21042
410-964-0300

NEW JERSEY OFFICE:
2500 PLAZA 5
HARBORSIDE FINANCIAL CENTER
JERSEY CITY, NJ 07311
201-342-6665

March 28, 2024

Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**VIA ECF**

                                             Re:    <u>United States v. Avraham Eisenberg</u>
                                                     23 Cr. 10 (AS)

Dear Judge Subramanian:

      Defendant Avraham Eisenberg writes in partial response to the government's letter ("Gov. Let." Dkt. 105) filed yesterday, March 26, 2024. For the reasons stated below, a special verdict form is appropriate, and the government's argument on the law is incorrect. The defense is prepared to address the two remaining issues int the government's motion, both evidentiary issues (the potential introduction of SEC and CFTC Complaints and Mr. Eisenberg's October 14, 2022 tweet) in person at today's conference or in a subsequent filing. Separately, the defense points to two ways in which the government has apparently changed its alleged theories of deception underlying the commodities fraud and wire fraud counts, each of which is an improper variance from the Indictment.

      **I.**     **Special Verdict Form**

      In the Indictment, the government charged Mr. Eisenberg with commodities fraud and wire fraud based on four different alleged deceptions. The defense proposed a verdict form in which the jury is asked to indicate which (one or more) of those enumerated deceptions the government had proven beyond a reasonable doubt. The government, in its proposed jury instructions has since indicated that it will narrow its case to two alleged deceptions with respect to commodities fraud: (1) intentional and artificial manipulation of the relative value of USDC and MNGO and/or the price of MNGO Perpetuals; and (2) misrepresenting an intent to borrow cryptocurrency from

Hon. Arun Subramanian
Page 2

Mango Markets.[1]  Because the jury is required to be unanimous about which of these deceptions the government has proven, the government's letter, which largely ignores commodities fraud, is incorrect about the law and a special verdict form is appropriate.

The first element of commodities fraud requires the government to prove that the defendant engaged in at least one of the following: (1) employed a manipulative device, scheme, or artifice to defraud; (2) made an untrue statement or omission of fact; or (3) engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit.  3 *Modern Federal Jury Instructions-Criminal* P 57.21 (Securities Exchange Act Securities Fraud (15 U.S.C. § 78j(b)) (2023).  And, as the government acknowledged twice in its proposed instructions, the jury must be unanimous as to which type of conduct.  Dkt. 101 at 5, 9.

For decades "the Second Circuit has approved the use of special verdict forms," including for cases involving "securities fraud . . . mail fraud [and] wire fraud."  *United States v. Weisssman*, No. 01 Cr. 529 (BSJ), 2004 WL 1534158, 2004 U.S. Dist. LEXIS 12633, at *2 (S.D.N.Y. Jul. 8, 2004).  Consequently, judges in this District have used special verdict forms in analogous securities fraud cases, instructing the jury to indicate which, if any, category or categories of deception the jury found had been proven beyond a reasonable doubt.  *See*, *e.g.*, *United States v. Tennant*, No. 08 Cr. 972 (DAB), 2011 U.S. Dist. LEXIS 97813, at *6 (S.D.N.Y. Aug. 25, 2011); *United States v. Weisssman*, No. 01 Cr. 529 (BSJ), 2004 WL 1534158, 2004 U.S. Dist. LEXIS 12633, at *5 (S.D.N.Y. Jul. 8, 2004); *see also Untied States v. Bilzerian*, 127 F.3d 237, 239 (2d Cir. 1997) ("The jury also completed a special verdict form for the securities fraud counts finding that all the components of securities fraud were proven beyond a reasonable doubt, including that Bilzerian made an untrue statement of material fact or omitted to state a material fact.").

Some courts have gone further and instructed jurors that with respect to the first element of commodities and wire fraud, the scheme or artifice, the jury must be unanimous with respect to the particular deception.  *See United States v. Smith*, 19 Cr. 669 (EEC), Dkt. 654 at 45, 52 (instructing jury with respect to both commodities fraud and wire fraud: "[y]ou must agree unanimously on which particular alleged false or fraudulent, pretenses, representations, or promises that the defendant made"); *United States v. Adamson*, 291 F.3d 606, 611 (9th Cir. 2002) (noting that district court had instructed jurors regarding wire fraud scheme element that "all of you [must] agree[] on at least one promise or statement that was made").

In this matter and with the government's apparent decision to now advance only two theories of deception, there appears to be no distinction between polling the jury regarding whether it is unanimous as to the category of deception or the particular deception.  In other words, because the government now alleges only one manipulative device (manipulation of MNGO-USDC/MNGO Perpetual) and only one untrue statement or omission of fact (intent to borrow),

---

[1] With respect to the latter, the government is now attempting to recast that alleged misrepresentation in a manner that would be a variance from the indictment, which is addressed below.

the jury will have to decide which, if any, deception the government has proven beyond a reasonable doubt. Mr. Eisenberg respectfully suggests that a verdict form listing the alleged deceptions rather than the formal legal categories is preferrable because it would be easier for the jury to understand and utilize. Nevertheless, should the Court prefer a special verdict form listing the categories, Mr. Eisenberg would not object.[2]

While the above discussion cites authority relating to securities and commodities fraud, a similar analysis applies to wire fraud. However, the government's alleged misrepresentations for wire fraud have become somewhat unclear. The government's new allegation that Mr. Eisenberg "deceptively misrepresent[ed] the value of his assets," (Dkt. 101 at 2), is vague, and may not be legally viable as it does not appear to include any false pretense, representation or promise. *See* 2 *Modern Federal Jury Instructions-Criminal* P 44.04 (Mail Fraud and Wire Fraud (18 U.S.C. §§ 1341, 1343) (2023). Moreover, this purported deception is not in the Indictment and appears to be a variance for the reasons explained below.

## II. Variance of the Indictment

The government's letter, in combination with its recently filed proposed jury instructions have brought to the attention of the defense the apparent intention of the government to proceed at trial with theories of misrepresentation and deception distinctly different from those in the Indictment. Should this occur, there is a substantial likelihood of a fatal variance or constructive amendment of the Indictment which would require dismissal of any conviction.

The government's letter asserts that the defense's proposed verdict form mischaracterizes the government's allegation of deception relating to borrowing because the "defendant's choice to 'borrow' cryptocurrency off of Mango Markets was not fraudulent simply because he lacked an intention to repay, but also because he lacked an intention to maintain the required collateral to support the loan and pay interest." Gov. Let. 2-3. The government has apparently changed its prosecutorial theory, and, in the process, made allegations not in the Indictment (again). *See United States v. Eisenberg*, 2023 WL 8720295 (S.D.N.Y. Dec. 18, 2023) (denying dismissal but noting that "Eisenberg argues that the indictment doesn't say that MNGO Perpetuals are swaps or that USDC is a commodity. That's true."). And again, the government has faulted the defense for not anticipating the government's deviation from its charging instrument. Gov. Let. at 2 (stating that defense's proposed verdict form "does not faithfully encompass the Government's theory"). The government continues to move the goal posts, and, this time, its altered theory appears to be a variance on the Indictment which implicates Mr. Eisenberg's constitutional rights.

---

[2] The government's discussion of "brute facts" misses the point. *See* Gov. Let. at 1-2. As noted, the government has conceded that the jury must be unanimous at least about which category, if any, the government has proven with respect to the first element of commodities fraud, making irrelevant its discussion of the fact that "'the jury need ***not always*** decide unanimously which of several possible sets of underlying facts make up a particular element.'" Gov. Let. at 2 (quoting *Richardson v. United States*, 526 U.S. 813, 817 (1999)) (emphasis added).

The government's "borrow" theory of deception is stated very clearly in the Indictment and is patently inconsistent with the position the government is taking now. The Indictment, after explaining that "[a]s the price of Perpetuals rose," so too did Mr. Eisenberg's "borrowing power," alleges that he used this power to "borrow and withdraw approximately $110 million worth of different cryptocurrencies from Mango Markets." Indictment ¶¶ 19-20. Paragraph 21 of the Indictment then explains the deception as follows: **"While Avraham Eisenberg, the defendant, purported to be borrowing the cryptocurrency, he had no intention of repaying."** There is absolutely no mention of collateral anywhere in the Indictment.

Likewise, the government has changed its theory of deception for wire fraud. In the Indictment, the government alleged with regard to both commodities fraud and wire fraud that Mr. Eisenberg "engaged in artificial manipulation of the relative value of USDC and MNGO and the price of perpetual contracts positions on Mango Markets." *Compare* Indictment ¶ 23 w*ith* ¶ 27. Likewise, in its proposed jury instructions, the government alleges as to commodities fraud that Mr. Eisenberg's deception included "market manipulation that deceptively inflated the value of his assets." Dkt. 101 at 2. Though it does not explain to which assets it is referring, this otherwise appears to be consistent with the Indictment. For wire fraud, however, the government's theory of deception has now morphed to alleging that Mr. Eisenberg "deceptively misrepresent[ed] the value of his assets." *Id.* In addition to not identifying the assets to which it is referring, the allegation is generally vague. In any event, it no longer refers to market manipulation and thus is noticeably different from the allegation in the Indictment.

The Ninth Circuit confronted a similar situation in *Adamson*, 291 F.3d 606. There, the government alleged as its sole pre-trial wire fraud misrepresentation that the defendant and others tricked the victim into transferring software licenses on upgraded servers by falsely representing that the servers had not been modified or upgraded at all. *Id.* at 609-10. At trial, however, the government proved a different misrepresentation; namely, that the defendant did not hide that the servers had been upgraded but instead hid the fact of how they had been upgraded—by using unauthorized, password-disabled software. *Id.* at 610-11. The Court found that there "was clearly a divergence between the misrepresentation specified in the [I]ndictment and the misrepresentation shown at trial" and determined that this divergence amounted to a variance and not the somewhat similar concept of a constructive amendment. *Id.* at 616. The Court further found that the variance was fatal and necessitated a new trial because the Indictment specified one particular misrepresentation, which ultimately "failed to inform the defendant of the actual misrepresentation that would be shown at trial" and "affirmatively misled the defendant and obstructed his defense at trial." *Id.*

Likewise, here, the government alleged very specific deceptions in the Indictment, which it now appears to be abandoning in favor of uncharged misrepresentations. The government's ever-changing theories of misrepresentation in this case thus threaten the same type of harm as that in *Adamson*. Should the government press these new theories of misrepresentation at trial, a fatal variance is likely to result.

Hon. Arun Subramanian
Page 5

    Thank you for Your Honor's consideration of this letter.

                                                            Respectfully submitted,

                                                             *Noam Greenspan*

                                                             Noam Greenspan
                                                             Sanford Talkin

                                                             – and –

                                                             Brian Klein
                                                             Ashley Martabano
                                                            Riley Smith
                                                            Waymaker LLP


cc:    AUSA Thomas Burnett (by ECF)
        AUSA Peter Davis (by ECF)
        SAUSA Tian Huang (by ECF)