UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-against-<br><br>AVRAHAM EISENBERG,<br>              Defendant. | 23-cr-10 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

For the reasons discussed at today's hearing, the Government's March 26th motion in limine (Dkt. 105) is DENIED as to the first issue concerning Defendant's proposed verdict form, based on the understanding that Defendant does not take the position that the specific means underlying commodities and wire fraud need to be included in the form. *See* Dkt. 120 at 3 ("Nevertheless, should the Court prefer a specific verdict form listing the categories, Mr. Eisenberg would not object."). The Court will review the parties' proposed verdict forms and the Court's proposed verdict form will be discussed at the charge conference.

The Government's motion is GRANTED as unopposed on the second issue concerning the SEC and CFTC complaints, on the understanding that Defendant may seek to introduce these documents if the Government opens the door.

The Government's motion is DENIED without prejudice as to the October 14, 2022 tweet, as Defendant is continuing its review of the Government's exhibits to determine if there is a basis for admission of this statement under the rule of completeness or some other ground.

The parties should meet and confer and by Tuesday, April 2, 2024 at 5 PM, submit letters to the Court highlighting substantive objections to the other side's jury charge that would be best resolved in advance of trial to avoid issues during openings and witness examinations. Among other issues identified by the parties, they should address:

- The proper instruction as to willfulness;
- Whether Defendant will assert the defense in 7 U.S.C. § 13(a)(5) and what modifications to the instructions are necessary if the answer is yes;
- The issue of whether market participants' ordinary assumptions are relevant here and to what extent, and the kind of "hypothetical" question the Government would intend to ask;

- How to define "in connection with," including whether there is more specific language than "coincides with" that can be used;
- Whether there are three exceptions to the definition of swap that the jury needs to be instructed on, as outlined in Defendant's proposed jury instructions; and
- Whether materiality is relevant to whether Defendant "employed a manipulative device, scheme, or artifice to defraud."

To the extent that the parties resolve any of these issues, they should indicate the resolution in their letters.

In addition, by Thursday, April 4, 2024, the parties must email the Court the list of names and places likely to come up at trial. Finally, the Government should provide Defendant with a list of witnesses likely to be called on the first full day of trial 48 hours beforehand. After each day of trial, the Government should provide Defendant with a list of witnesses likely to be called the next day (and can expect the Court to ask for the following day's witnesses as well).

The Clerk of Court is directed to terminate the motion at Dkt. 105.

SO ORDERED.

Dated: March 29, 2024
New York, New York

ARUN SUBRAMANIAN
United States District Judge