UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                          Plaintiff,<br>          -against-<br>AVRAHAM EISENBERG,<br>                         Defendant. | 23-cr-10 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

In addition to the topics discussed in this Court's prior order (Dkt. 123), the parties' April 2nd letters should also discuss whether, in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and its progeny, Eisenberg's knowledge of the rule or regulation at issue on Count One is subject to the Sixth Amendment's jury-trial right (*i.e.* it must be presented to the jury and proved by the Government beyond a reasonable doubt), if not admitted. The Court understands that 7 U.S.C. § 13(a)(5) says that Eisenberg bears the burden of proof on this issue, and that an analogous securities-law provision was characterized by the Supreme Court as an "affirmative defense." *United States v. O'Hagan*, 521 U.S. 642, 677 n.23 (1997). However, *O'Hagan* was decided prior to *Apprendi* and did not address the Sixth Amendment. The question here is a constitutional one, and § 13(a)(5) explicitly states that "no person shall be subject to imprisonment" if they lacked knowledge of the rule or regulation. *See United States v. Booker*, 543 U.S. 220, 244 (2005) ("*Any fact* (other than a prior conviction) *which is necessary to support a sentence exceeding the maximum authorized by* the facts established by a plea of guilty or *a jury verdict must be* admitted by the defendant or *proved to a jury beyond a reasonable doubt*." (emphasis added)).

SO ORDERED.

Dated: March 29, 2024
       New York, New York

                                                  ARUN SUBRAMANIAN
                                                  United States District Judge