

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 2, 2024

Hon. Arun Subramanian
United States District Court
500 Pearl Street
New York, NY 10007

      Re:    <u>United States</u> v. <u>Avraham Eisenberg</u>, 23 Cr. 10 (AS)

Dear Judge Subramanian:

      The Government moves to preclude the defendant from calling Special Agent Brandon Racz for the purpose of impeaching the Government's investigation of the defendant. As explained below, courts routinely preclude such evidence, which is irrelevant to the defendant's guilt or innocence, under Rules 401 and 403.

      **A.  Background**

      On March 26, 2024, the defense served a *Touhy* demand for Special Agent Racz (the "Notice," attached as Exhibit A). The defense identified two topics of proposed testimony: "Special Agent Racz's duties and responsibilities as the primary case agent in this matter" and "Investigatory steps Special Agent Racz took in this matter." (Ex. A). On March 27, 2024, the Government requested that defense counsel update the Notice with a detailed summary of the anticipated testimony. At the Final Pretrial Conference, defense counsel stated:

> Our request is for the special agent here to be available to testify. And the reasons are basically people may get on the stand, who the government puts on the stand and may say things differently than what they told the government when they were meeting with them. The special agent is usually the note taker and writer. We'd want him available if we needed to impeach them. Another reason we articulated to them is that we may put him on the stand to -- and this is perfectly appropriate -- to inquire about how they conducted this investigation and the failures in it.

(Final Pretrial Conference Tr. at 30.)

      On April 1, 2024, the defense provided a supplemental notice (the "Supplemental Notice," attached as Exhibit B) which identified the following topics on which the defendant seeks to question Special Agent Racz:

1. Disclosed statements (as defined in 18 U.S.C. § 3500 and Federal Rules of Criminal Procedure 16 and 26.2) and reports prepared as a result of the FBI's investigation relating to the above-captioned case. [This is in anticipation of a government witness testifying inconsistently with a prior statement made during an interview during which SA Racz was present, making him a competent witness to testify as to the prior inconsistent statement.]

2. Analysis of the underlying facts pertaining to the prosecution of Mr. Eisenberg in above-captioned case, including but not limited to the FBI's assessment of the alleged conduct at issue as reflected in materials the government has disclosed to the defense. [We would not seek to ask SA Racz about classified information or confidential sources; however, we would seek to question him about other types of investigatory steps that are referenced in disclosed materials.]

(Ex. B).

### B.  Discussion

To the extent the defense seeks to call Special Agent Racz "to inquire about how [the Government] conducted this investigation and the failures in it," (Tr. at 30), such testimony would plainly be improper.

Courts routinely bar attempts to shift the focus of criminal trials from the charges against the defendants to the conduct of the investigation, under Federal Rules of Evidence 401 and 403. *See, e.g.*, *United States v. Malpeso*, 115 F.3d 155, 162-63 (2d Cir. 1997); *United States v. Reese*, 933 F. Supp. 2d 579, 583-84 (S.D.N.Y. 2013) ("a defendant 'may not argue before the jury issues relating to the overall propriety of the Government's investigation in this case.'" (quoting *United States v. Demosthene,* 334 F. Supp. 2d 378, 380 (S.D.N.Y. 2004)); *United States v. Ortiz*, 367 F. Supp. 2d 536, 547-48 (S.D.N.Y. 2005) (holding that defendant's rights were not violated by refusal to grant an adjournment so he could develop defense that he had been setup by police since any evidence supporting the theory would have been inadmissible under Rule 403 anyway).  In particular, a defendant's allegation that the investigation was in some way defective does not make the alleged deficiency relevant, absent some connection between the claimed deficiency and the evidence of the charges.   As the Tenth Circuit has explained:

> Admittedly, the quality or bias of a criminal investigation occasionally may affect the reliability of particular evidence in a trial, and hence, the facts surrounding the government's investigation may become relevant. . . . However, in [the defendant's] case, he failed to establish the requisite connection between the allegedly 'shoddy' and 'slanted' investigation and any evidence introduced at trial. . . . To have allowed [the defendant] to

> put the government on trial . . . would inevitably divert the jury's attention from the issues of the trial.

*United States v. McVeigh*, 153 F.3d 1166, 1192 (10th Cir. 1998) (internal citations omitted) (commending the trial judge for "keeping the focus of the trial upon the issues properly before the jury"), *abrogated in part on other grounds by Hooks v. Ward*, 184 F.3d 1206, 1227 (10th Cir. 1999); *see also United States* v. *Cordova*, 157 F.3d 587, 594 (8th Cir. 1998) (upholding trial court's exclusion of exploration of the quality of the investigation, as such inquiry would be "time-consuming and of little relevance"; issue is whether "the government's witnesses were truthful and whether their testimony was sufficient to convict"); *United States v. Veal*, 23 F.3d 985, 989 (6th Cir. 1994) (upholding district court's refusal to allow defense to attack government's investigation as "sloppy" because the jury's role was not to pass on the government's investigation).

The defense's supplemental *Touhy* notice fares no better. Point two of the Supplemental Notice indicates the defense's intent to elicit from Special Agent Racz "[a]nalysis of the underlying facts pertaining to the prosecution of Mr. Eisenberg in above-captioned case, including but not limited to the FBI's assessment of the alleged conduct at issue as reflected in materials the government has disclosed to the defense." (Ex. B at 2). From this language, it would appear that the defense seeks to offer Agent Racz as an authority on the "FBI's assessment" of every fact and document in the case. It is unclear what this means. Special Agent Racz is not a corporate representative for the FBI. He cannot provide testimony about what the entire Federal Bureau of Investigation thinks about a particular piece of discovery. And, to the extent the defense seeks to ask Special Agent Racz about "particular investigatory steps," courts have recognized that "[e]vidence of the tactics that law enforcement agents used to investigate this case is also irrelevant." *United States v. Duncan*, No. 18 Cr. 289 (SHS), 2019 WL 2210663, at * 3 (S.D.N.Y. May 22, 2019) (granting Government's motion to preclude defense from eliciting testimony from the Government's case agent).

More fundamentally, Special Agent Racz's "analysis of the underlying facts," does not bear on Eisenberg's guilt or innocence. Thus, the defendant fails to clear even the minimal threshold of Rules 401 and 402. Nor would such testimony be admissible as opinion testimony under Rule 701. Rather, the defendant's desire to call Special Agent Racz as a witness appears to be "a ploy for turning the trial away from a determination of whether the elements of the offense charged had been proved beyond a reasonable doubt into a wide-ranging inquiry into matters far beyond the scope of legitimate issues in a criminal trial." *United States v. Rosado*, 728 F.2d 89, 93 (2d Cir. 1984).

Accordingly, the Court should preclude the defendant from calling Special Agent Racz to testify about the topics identified in paragraph 2 of the defendant's Supplemental Notice.

As to counsel's request to question Special Agent Racz in anticipation of eliciting prior inconsistent statements from Government witnesses, this request is premature because the trial has not started. Nonetheless, the Government would expect to address any prior inconsistent statement

issues through a prior inconsistent statement stipulation as is typical in this District and as the parties did at the suppression hearing.

>Respectfully submitted,
>
>DAMIAN WILLIAMS
>United States Attorney
>
>by:  __/s_____
>Thomas Burnett
>Peter Davis
>Assistant United States Attorneys
>(212) 637-1064 / 2468
>
>Tian Huang
>Special Assistant United States Attorney
>(202) 598-2523