

Waymaker LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
T 424.652.7800

April 3, 2024

**Brian E. Klein**
Direct (424) 652-7814
bklein@waymakerlaw.com

<u>*Via ECF*</u>

Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     <u>United States v. Avraham Eisenberg</u>
        <u>23 Cr. 10 (AS)</u>

Dear Judge Subramanian:

Defendant Avraham Eisenberg respectfully submits this letter in opposition to the government's letter motion to preclude certain testimony of FBI Special Agent Brandon Racz ("SA Racz") at Mr. Eisenberg's forthcoming trial. (*See* Dkt. 125.) SA Racz is the government's lead case agent on this case, and the Court should permit the proposed testimony, assuming Mr. Eisenberg elects to call him to testify.[1]

To briefly recap: On March 26, 2024, the defense submitted a *Touhy* demand for SA Racz's testimony in compliance with 28 C.F.R. 16.23. On March 27, 2024, the government requested that the defense supplement its summary of the proposed testimony sought with additional specificity, and on April 1, 2024, the defense sent the government a letter with additional information. In response, the government filed its letter motion. In it, the government effectively concedes that it would be proper for the defense to call SA Racz to impeach government witnesses with prior inconsistent statements—Topic 1—but seeks to preclude his testimony regarding investigatory steps—Topic 2.

The government's concerns about Topic 2 are misplaced. The defense does not intend "to offer [SA] Racz as an authority on the 'FBI's assessment' of every fact and document in the case" or to ask him "what the entire [FBI] thinks about a particular piece of discovery." (*See* Dkt. 125 at 3.) Nor does the defense intend to inquire with him about his conclusions as to particular pieces of discovery. (*See id.*)

---

[1] The defense understands that the government does not intend to call SA Racz to testify in its case-in-chief.



U.S. District Judge Arun Subramanian
April 3, 2024
Page 2 of 3

Instead, as noted in the April 1 letter, the defense wishes to call SA Racz to testify regarding the investigatory steps he took, and did not take, as the lead case agent. This will help show the investigation of Mr. Eisenberg was conclusory and incomplete. The government acknowledges that testimony regarding the "quality [] of a criminal investigation" can be relevant when there is a connection between investigatory steps taken and the evidence of the charged crimes. (*Id.* at 2-3 (citing *United States v. McVeigh*, 153 F.3d 1166, 1192 (10th Cir. 1998)).[2] That is precisely the case here. For instance, when the witnesses a case agent interviewed are expected to testify, and the witnesses' testimony relates to the defendant's innocence or guilt, the reliability of that testimony depends on the case agent's credibility. *See United States v. Alorwornu*, 23 Cr. 13 (SVN), 2024 WL 1050326, at *8 (D. Conn. Mar. 11, 2024); *see also United States v. Ulbricht*, 858 F.3d 71, 108 (2d Cir. 2017) *overruled on other grounds by Carpenter v. United States*, 585 U.S. 296 (2018) (when the government's evidence relies on the credibility of a government agent's investigatory work, "information that impeache[s] [the agent's] credibility [is] . . . highly relevant").

Here, SA Agent Racz was the lead case agent, and based on the discovery and 3500 materials produced to date, the defense understands that he was involved in virtually every investigatory aspect of this case. As the lead case agent, SA Racz had decision-making authority over, for example, which witnesses to pursue and, conversely, which witnesses not to pursue. Relatedly, he was involved in numerous interviews of various witnesses the government intends to call in its case-in-chief to try to prove Mr. Eisenberg's guilt. Since the government will attempt to prove its case, at least in part, using evidence procured by the FBI (led by SA Racz), the FBI's investigatory steps related to such evidence, with SA Racz in the lead, is highly relevant to the veracity of the evidence the government intends to offer at trial.

Lastly, regarding Topic 1, the government's contention that this request is premature is unavailing because the defense needs to have SA Racz under subpoena so he will available if needed, *i.e.,* if a government witness testifies inconsistently with a prior statement given to SA Racz. If the defense waited until the last minute and simply tried to call him to testify without going through the *Touhy* process, which takes time and work as this back-and-forth shows, the government would surely object. Further, if SA Racz's testimony is needed to impeach one of the government's witnesses, the defense may agree to a stipulation with the government (as it suggests as an alternative to him testifying and a reason for claiming this request is premature), but depending on the content and efficacy of proposed stipulation, it may not and instead wish to have SA Racz testify.

---

[2] In another case the government cites, the district court explicitly rejected the argument that the defense could not examine the government investigator about the propriety of their investigation. (*See* Dkt. 125 at 2 (citing *United States v. Demosthene*, 334 F. Supp. 2d 378, 380 (S.D.N.Y. 2004) ("Under [FRE] 607, Demosthene is entitled to impeach the veracity of any [g]overnment witness through cross-examination, and thus, his proposed exploration of such witnesses' motives and veracity is permissible. This impeachment may include questions regarding whether . . . any such witness acted improperly . . . during the course of his or her investigation.").



U.S. District Judge Arun Subramanian
April 3, 2024
Page 3 of 3

For all the above reasons, the Court should permit SA Racz to testify about both Topics 1 and 2, if Mr. Eisenberg chooses to call him to testify during any defense case.

Respectfully submitted,

Brian E. Klein
Ashley E. Martabano
Riley P. Smith
Waymaker LLP

 -and-

Sanford N. Talkin
Noam B. Greenspan
Talkin, Muccigrosso & Roberts, LLP

*Attorneys for Avraham Eisenberg*