Here, the Government has argued that the defendant sold USDC to purchase MNGO, and that USDC is a commodity, making those sales contracts of sale of a commodity. The Government also contends that the MNGO Perpetuals involved in the alleged scheme were "swaps."

Let me define the relevant terms for you, beginning with the phrase contract of sale of a commodity. A "contract of sale" is a sale or an agreement to sell, so a contract of sale of a commodity is a sale of, or agreement to sell, a commodity. Now let me define "commodity." A "commodity" is any good, article, service, right, or interest in which contracts for future delivery are dealt. A "contract for future delivery," which is also called a "futures contract," is an agreement to buy or sell a particular commodity at a specific price in the future. The Government argues that USDC is a commodity here, not MNGO. To prove that USDC is a commodity, the Government must prove beyond a reasonable doubt that at or before the time of the alleged offense, contracts for future delivery were dealt in USDC.

Now I will turn to swaps. As a I mentioned earlier, the Government contends that the MNGO Perpetuals involved in the alleged scheme were swaps. A "swap" includes any agreement, contract, or transaction that provides for payment based on the occurrence, or non-occurrence, of a financially consequential event. It also includes any agreement, contract, or transaction that provides for an exchange of payments based on the value of one or more rates, commodities, indices, or other property that transfers, in whole or in part, the risk of changes in value of the things underlying the swap, without actually exchanging those things.

If you find that the MNGO Perpetuals involved in the alleged scheme were swaps, there are two~~is one~~ exception~~s~~ that can make them no longer "swaps" for purposes of Count One. ~~It~~The first is called the retail commodity transaction exception. This exception applies only if you find

that USDC is a commodity. If you make such a finding, the retail commodity exception also does not apply if the Government proves any of the following beyond a reasonable doubt:

First, the MNGO Perpetuals involved in the alleged schemes were not agreements or contracts pertaining to USDC, or transactions in USDC;

Second, the defendant was both the buyer and seller of MNGO Perpetuals involved in the alleged scheme, and he either had more than $10 million in investable assets, or had more than $5 million in investable assets and enters the agreement, contract, or transaction to manage risk; or

Third, MNGO is a security. MNGO is a security if the Government proves beyond a reasonable doubt that MNGO was an investment of money, in a common enterprise, with the expectation of profits to be derived from the efforts of others. If there was a reasonable expectation that holders of MNGO tokens would have significant control in creating profits, then profits would not be considered to be derived from the efforts of others. But if the reasonable expectation is that MNGO token holders would be passive, then profits would be considered derived from the efforts of others.  If you find the Government has proved beyond a reasonable doubt any of these three things, the retail commodity transaction exception to swaps does not apply. However, if the Government has not proven any of these three things beyond a reasonable doubt, then the exception applies.

The second exception that can make the MNGO Perpetuals no longer "swaps" for purposes of Count One is for a "security-based swap."[1]  For this exception to apply, you must find that the MNGO Perpetual is based on either a single security or on a "narrow-based security

---

[1] "The term 'swap' does not include any security-based swap" other than a mixed-swap.  7 U.S.C. § 1a(47)(B)(x).

index."[2]  I defined the term security a moment ago.  A narrow-based security index is a group of nine or fewer securities, including any interest based on the value of those securities.[3] [4]  You must therefore determine whether MNGO is a security and/or whether the MNGO oracle is a narrow based-security index.  However, even if you find the MNGO Perpetuals were based on either a security or a narrow-based security index, the security-based swap exception does not apply if you find that USDC is a commodity and that the MNGO Perpetuals were based on the value of USDC.[5]

~~If you find the Government has proved beyond a reasonable doubt any of these three things, the retail commodity transaction exception to swaps does not apply. However, if the Government has not proven any of these three things beyond a reasonable doubt, then the exception applies.~~  If you find that either the retail commodity transaction exception or the securities-based swap exception applies, ~~In that case,~~ then MNGO Perpetuals cannot be swaps, and you should proceed on Count One only if the Government has proven beyond a reasonable doubt that the defendant's sales of USDC for MNGO were contracts of sale of a commodity.

---

[2] [T]he term 'swap' excludes 'security-based swaps.'  A security-based swap is based on a single security or loan, or on a narrow-based security index."  *CFTC v. Archegos Capital Mgmt. LP*, 2023 WL 6123102, 2023 U.S. Dist. LEXIS 166409, at *7 (S.D.N.Y. Sep. 19, 2023).

[3] "The term 'index' means an index or group of securities, including any interest therein or based on the value thereof."  15 U.S.C. § 78c(a)(68)(E).

[4] "The term 'narrow-based security index' means an index that has 9 or fewer component securities."  7 U.S.C. § 1a(35)(A).

[5] *Archegos*, 2023 U.S. Dist. LEXIS 166409, at *10 ("[A] mixed swap must be based on multiple underlying references—one that is subject to SEC authority and one that is subject to CFTC authority.").  "The category of mixed swaps is intended to be a 'narrow' one, 'covering only a small subset of Title VI instruments'"  *Id.* at *11 (quoting Further Definition of "Swap," "Security-Based Swap," and "Security-Based Swap Agreement"; Mixed Swaps; Security-Based Swap Agreement Recordkeeping, 77 Fed. Reg. 48208, 48264 (August 13, 2012), available at https://www.federalregister.gov/documents/2012/08/13/2012-18003/further-definition-of-swap-security-based-swap-and-security-based-swap-agreement-mixed-swaps#citation-942-p48291).