**TALKIN, MUCCIGROSSO & ROBERTS, L.L.P.**
ATTORNEYS AT LAW
40 EXCHANGE PLACE
18TH FLOOR
NEW YORK, NEW YORK 10005
———
(212) 482-0007 PHONE
(212) 482-1303 FAX
WWW.TALKINLAW.COM
EMAIL: INFO@TALKINLAW.COM

MARYLAND OFFICE:
5100 DORSEY HALL DRIVE
SUITE 100
ELLICOTT CITY, MD 21042
———
410-964-0300

NEW JERSEY OFFICE:
2500 PLAZA 5
HARBORSIDE FINANCIAL CENTER
JERSEY CITY, NJ 07311
———
201-342-6665

April 8, 2024

Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**VIA ECF**

                      Re:    <u>United States v. Avraham Eisenberg</u>
                              23 Cr. 10 (AS)

Dear Judge Subramanian:

      Defendant Avraham Eisenberg respectfully submits this letter to preclude admission of government exhibits marked GX 885-899.[1] While the government has proffered that these exhibits are evidence that US Dollar Coin ("USDC") can serve as a commodity for its contract of sale and swap theories in this case, the evidence shows nothing of the sort. Rather, these documents demonstrate only that other virtual currencies, namely Bitcoin, had futures markets in or around October 2022. The evidence has no relevance to any issue in this case and would serve no purpose other than to confuse the jury. It should therefore be excluded under Federal Rules of Evidence ("FRE") 401 and 403.

      Initially, the proposed exhibits suffer from a lack or reliability, and it is not clear that the government will have a witness who can authenticate these document in accordance with FRE 901. The majority of the documents purport to be from a company called EQUONEX. The government has not designated a witness with any past or current relationship to EQUONEX. Moreover, the documents themselves appear to be generated by the 'WayBackMachine' website, an internet website that archives past web pages. At least one court has expressed skepticism regarding the reliability of WayBackMachine evidence, noting that "the organization that maintains waybackmachine.org itself disclaims any guarantee that the results it produces are accurate." *Nassar v. Nassar*, 2017 WL 26859, 2017 U.S. Dist. LEXIS 465, at *13 (M.D. Fla. Jan. 3, 2017) (citing Internet Archive Wayback Machine, Internet Archive's Terms of Use, Privacy

---

[1] These exhibits are attached collectively as Exhibit A to this letter. A substantial portion of these documents were produced for the first last night at 10:45 pm, with marked exhibits produced shortly thereafter.

Hon. Arun Subramanian
Page 2

Policy, and Copyright Policy, dated Dec. 31, 2014, available at http://archive.org/about/terms.php (last visited October 13, 2016) ("You understand and agree that the Archive makes no warranty or representation regarding the accuracy, currency, completeness, reliability, or usefulness of the content in the Collections."). For the reasons that follow, the documents are irrelevant, but, even if they were not, the government should be required to present an offer of proof as to the manner in which the documents will be admitted, including who the relevant witnesses would be and how those witnesses would establish the reliability of the documents.

However, even if the evidence were authentic and reliable, it would still lack relevance. The Court has indicated in its Proposed Jury Instructions that it will instruct the jury that:

> A "commodity" is any good, article, service, right, or interest in which contracts for future delivery are dealt. A "contract for future delivery," which is also called a "futures contract," is an agreement to buy or sell a particular commodity at a specified price in the future. . . . To prove that USDC is a commodity, the Government must prove beyond a reasonable doubt that at or before the time of the alleged offense, contracts for future delivery were dealt in USDC.

Proposed Jury Instruction VII(2). The Court's definition of "commodity" and "futures contract" are consistent with the legal definitions in this Circuit. A futures contract "is an agreement to purchase or sell a particular asset on a later date at a predetermined price." *Choi v. Tower Research Capital LLC*, 2 F.4th 10, 13 n.2 (2d Cir. 2021) *Set Capital LLC v. Credit Suisse Grp. AG*, 996 F.3d 64, 69 n.3 (2d Cir. 2021); *CFTC v. Int'l Foreign Currency, Inc.*, 334 F. Supp. 2d 305, 310 (E.D.N.Y. 2004) ("Futures contracts are contracts that are bought or sold at a specific price and fixed quantity for future delivery."). Futures contracts typically have a predetermined date and contemplate actual delivery of the contracted commodity. *Harry v. Total Gas & Power N. Am., Inc.*, 244 F. Supp. 3d 402, 408 (S.D.N.Y. 2017) ("A futures contract is an agreement for the purchase or sale of a particular commodity for delivery on a fixed date in a future month.") (citation omitted); *S.E.C. v. Riel*, 282 F. Supp. 3d 499, 508 n.2 (N.D.N.Y. 2017) (same).

The exhibits proffered by the government all relate to the potential existence of futures contracts for Bitcoin, Ether, or some other virtual currency with no relevance in this case. By contrast, none are at all probative that USDC had futures contracts. Indeed, the lack of evidence proves that it did not and is thus not a commodity. These exhibits depict, at most, a set price (often in USDC) for the delivery of Bitcoin, Ether, etc. The government's attempt to blur the line between the settlement mechanism (USDC) and the underlying asset of the futures contact is cynical and should be rejected. The government's attempt to compare a Bitcoin future that settled in USDC to a futures contract of wheat for gold is particularly misleading. A review of the documents demonstrates that USDC (United States Dollar Coin) is nothing more than a stand-in for USD (United States Dollars). The government's position thus equates to characterizing every traditional commodity for wheat, corn, sheep, or some other traditional commodity as a futures contact of dollars (or some other fiat currency). The result is absurd and unsupported by any authority.

Scrutiny of the particular exhibits establishes the point. GX 885-887 purport to be from a

website called "investing.com" and appear to depict CME futures data for Bitcoin (settled in USD) or Ether (settled in USD) and make no reference to USDC.

GX-889 purports to be a screen capture from The Wayback Machine of EQUONEX, a centralized crypto exchange based in Singapore, and shows futures for a variety of virtual currencies settling in USDC. The first column of the table shows the underlying asset (the "Currency") for which futures are traded and includes Bitcoin and Ethereum, among others. USDC is not a "Currency" for which futures are listed. Immediately to the left of that is a column titled "Pair" which simply shows the ticker symbol for the Currency and the means of settlement. Each offered Currency settles in USDC. The next column is the "Price." The Price for each clearly applies to the given Currency, and not to USDC. For example, the Price for the Bitcoin future is $30,214.91, which is self-evidently the price of Bitcoin and not USDC, which is pegged to the dollar and is never intended to stray from a price of $1. In other words, this is clearly a futures contract for Bitcoin (and not USDC) because it is an agreement to buy Bitcoin (not USDC) at a future date at an agreed upon price (for Bitcoin). Even the price is listed in US dollars and not USDC. USDC is nothing more than a stand-in for those dollars used to pay for the future Bitcoin.

The government's argument that the contract is one to sell USDC is self-evidently false based on a review of the document, which clearly establishes that Bitcoin and the other currencies are the commodity at issue. But were there any doubt, the government's own exhibits would extinguish it. GX-890 is the stub [2] of a February 24, 2022 article from "structuredretailproducts.com" stating that EQUONEX "has launched a new type of Bitcoin (BTC) product, a BTC dated futures contract with a physical settlement." It goes on to explain that these "BTC Dated Futures" are "denominated in USD Coin." The article is thus clear that the future is one for Bitcoin and that USDC is merely the mechanism for (physical) settlement. Similarly, the next document, GX-891, a June 27, 2022 article from "theblock.co" discusses how an exchange named Bybit will move to settling futures contracts in USDC "to give users stable prices for the duration of the contract." A table in the article depicts "Share of Open Interest across Bitcoin Futures." There is no discussion of USDC futures.

GX-892, and 893 purport to be from "CoinGecko" and depict current day Bitcoin and Ethers futures which have a USDC Index Price. These documents depict neither the relevant timeframe nor the sale of any USDC futures. Indeed, a chart depicts the percentages of volume of futures of other virtual currencies settled in USDT, USD, and USDC and shows that USDT-settled and USD-settled contracts make up the lion's share of the market.

GX-894 purports to be from CoinGecko from July 2022 and depicts Bitcoin and Ethereum futures, among other assets (but not USDC), settled in USDT.

GX-895 and 896 purport to be from CoinGecko and depict current day Bitcoin and Ethers futures which have a USDT Index Price. These appear to have no connection to USDC or the applicable time period.

---

[2] The document is cut off with a popup box offering "Continue reading and get unlimited access for 7 days with a free trial of SRP."

Hon. Arun Subramanian
Page 4

GX-897 purports to be a February 9, 2022 article stating that EQONEX "today announced the launch of BTC Dated Futures with physical settlement." The article further states that "[a] Dated Futures contract enables users to enter into a binding agreement to buy or sell ***the underlying asset, in this case BTC***, at a predetermined price at a specified date in the future. Futures contracts are commonly used to speculate on an underlying asset using leverage, and hedge against the price movements." *Id.* (emphasis added). In other words, these Bitcoin futures are offered to speculate on and/or hedge against price movements of Bitcoin (not USDC, whose price is pegged). The article further explains the value of physical settlement in USDC "which can also remove some hedging risks that exist with cash-settled contracts." GX-898 is a similar press release touting that "EQONEX has launched BTX Dated Futures with physical settlement."

GX-899 is a Wayback Machine document that purports to be from EQUONEX and is a table of "Product Specification" for the "BTC Dated Future." The table states that the "Underlying" asset is "1 BTC" and that "Settlement" is "Physically settled into BTC." The table thus established that the future's underlying asset is BTC and that USDC is merely a medium of exchange.

The government's proposed exhibits thus do nothing more than establish that, at most, a futures market existed in 2022 for Bitcoin, Ethereum, and other cryptocurrencies not at issue in this case. They do nothing to establish the existence of futures contracts for USDC and are not probative of any other relevant issue in this case. By contrast, introduction of these documents would be highly confusing to the jury, which would likely not understand the distinction between settlement and the underlying asset. The jury might also be improperly led to believe that the case actually involves Bitcoin and other cryptocurrencies that are not at issue.

For the foregoing reasons, Mr. Eisenberg moves to exclude GX-885-GX-899. Thank you for Your Honor's consideration of this letter.

Respectfully submitted,

*Noam Greenspan*

Noam Greenspan
Sanford Talkin

– and –

Brian Klein
Ashley Martabano
Riley Smith
Waymaker LLP

cc: AUSA Thomas Burnett (by ECF)
AUSA Peter Davis (by ECF)
SAUSA Tian Huang (by ECF)