**TALKIN, MUCCIGROSSO & ROBERTS, L.L.P.**
ATTORNEYS AT LAW
40 EXCHANGE PLACE
18TH FLOOR
NEW YORK, NEW YORK 10005

(212) 482-0007 PHONE
(212) 482-1303 FAX
WWW.TALKINLAW.COM
EMAIL: INFO@TALKINLAW.COM

| MARYLAND OFFICE: | NEW JERSEY OFFICE: |
|---|---|
| 5100 DORSEY HALL DRIVE | 2500 PLAZA 5 |
| SUITE 100 | HARBORSIDE FINANCIAL CENTER |
| ELLICOTT CITY, MD 21042 | JERSEY CITY, NJ 07311 |
| 410-964-0300 | 201-342-6665 |

April 9, 2024

Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**VIA ECF**

           Re:    <u>United States v. Avraham Eisenberg</u>
                    23 Cr. 10 (AS)

Dear Judge Subramanian:

      We write to request that the Court during tomorrow morning's 8:30 am conference briefly take up the issue of Mango Labs's failure to comply with the Rule 17(c) subpoena served on it by the defendant and the Court's March 28, 2024 order denying its motion to quash. (*See* Dkt. No 121.) Counsel for Mango Labs, Morrison Foerster, is copied on this letter. Michael Burshteyn, an attorney at that firm, has attended both days of trial and is expected to be in the courtroom tomorrow.

While Mango Labs has produced some documents, it has apparently withheld documents (including documents not involving attorneys) based on assertion of the attorney-client privilege. We have repeatedly attempted to engage with Mango Labs' counsel (see attached email) on a procedure that would permit Mango Labs to provide categorical information short of a privilege log to explain its privilege assertions in a manner that could be reviewed by the defense and the Court. Mango Labs has refused and appears to take the position that it is not required to provide any basis or explanation for privilege assertions in response to a Rule 17(c) subpoena, a position inconsistent with basic procedural practice and the law. *See United States v. Pollock*, 20 Cr. 110 (LJL), 2021 U.S. Dist. Lexis (S.D.N.Y. Sep. 13, 2021) (reserving judgment on motion to quash pending court review and service of a privilege log).

Thank you for Your Honor's consideration of this letter.

Respectfully submitted,

*Noam Greenspan*

Noam Greenspan
Sanford Talkin
– and –

Brian Klein
Ashley Martabano
Riley Smith
Waymaker LLP

cc: all counsel of record (by ECF)
Michael Burshteyn, Esq. (by email)

# Noam Greenspan

| | |
|---|---|
| **From:** | Noam Greenspan |
| **Sent:** | Tuesday, April 9, 2024 7:01 PM |
| **To:** | Burshteyn, Michael; McDonough, Lara |
| **Cc:** | Frentzen, William; Rafael Yakobi; tian.huang@usdoj.gov; Davis, Peter (USANYS); Burnett, Thomas (USANYS); Sam Talkin; Rezkalla, Justin Kareem; Ashley Martabano; Riley Smith; Brian Klein |
| **Subject:** | RE: Rule 17 |

Mike,

As stated last night, even the case you cited, *Donziger*, involved the Court's review of documents for privilege. Because we can't seem to make progress on this issue, we'll submit a letter shortly asking the Court to intervene tomorrow at 8:30.

Regards,

**Noam Greenspan**
**Talkin, Muccigrosso & Roberts LLP**
40 Exchange Place, 18th Floor
New York, New York 10005
(212) 482-0007 (office) | (212) 584-0150 (direct)
ngreenspan@talkinlaw.com

---

**From:** Burshteyn, Michael <MBurshteyn@mofo.com>
**Sent:** Tuesday, April 9, 2024 6:54 PM
**To:** Noam Greenspan <ngreenspan@talkinlaw.com>; McDonough, Lara <LMcDonough@mofo.com>
**Cc:** Frentzen, William <WFrentzen@mofo.com>; Rafael Yakobi <rafael@thecryptolawyers.com>; tian.huang@usdoj.gov; Davis, Peter (USANYS) <Peter.Davis2@usdoj.gov>; Burnett, Thomas (USANYS) <Thomas.Burnett@usdoj.gov>; Sam Talkin <samt@talkinlaw.com>; Rezkalla, Justin Kareem <JRezkalla@mofo.com>; Ashley Martabano <amartabano@waymakerlaw.com>; Riley Smith <rsmith@waymakerlaw.com>
**Subject:** RE: Rule 17

Noam, thanks for your email. Again, Mango Labs has already produced material far in excess of what the subpoena required. You still have provided no authority for your request for granular details of privileged communications. Today when we spoke you said you would cite authority in support of your position to the Court in the morning, yet declined to explain what that authority would be. Once again, can you please provide it to us?

Thank you,
Mike

**MICHAEL BURSHTEYN**
Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105

1

MoFo Bio | P: +1 (415) 268-7663

**IIIORRISON
FOERSTER**

---

**From:** Noam Greenspan <ngreenspan@talkinlaw.com>
**Date:** Monday, Apr 08, 2024 at 9:44 PM
**To:** Burshteyn, Michael <MBurshteyn@mofo.com>, McDonough, Lara <LMcDonough@mofo.com>
**Cc:** Frentzen, William <WFrentzen@mofo.com>, Rafael Yakobi <rafael@thecryptolawyers.com>, tian.huang@usdoj.gov <Tian.Huang@usdoj.gov>, Davis, Peter (USANYS) <Peter.Davis2@usdoj.gov>, Burnett, Thomas (USANYS) <Thomas.Burnett@usdoj.gov>, Sam Talkin <samt@talkinlaw.com>, Rezkalla, Justin Kareem <JRezkalla@mofo.com>, Ashley Martabano <amartabano@waymakerlaw.com>, Riley Smith <rsmith@waymakerlaw.com>
**Subject:** RE: Rule 17

---

External Email

---

Mike,

*Donziger* stands for the proposition that a Rule 17 subpoena respondent doesn't need to produce a privilege log. We haven't asked you for one. I don't understand why you believe you can withhold documents without stating any basis that would allow the defense to challenge and the court to review. *Donziger* clearly doesn't support that position. We're happy to confer with you on a process for resolving this dispute, but thus far you have refused to offer a proposal or otherwise engage with us on the matter.

Your arguments regarding burden, scope, and possession are unfounded and have been rejected by the Court.

We appreciate your production and will review it in short order. We will await the government's comments to the Protective Order and then revert to you on that, as well.

Regards,
Noam

---

**From:** Burshteyn, Michael <MBurshteyn@mofo.com>
**Sent:** Monday, April 8, 2024 9:22 PM
**To:** Noam Greenspan <ngreenspan@talkinlaw.com>; McDonough, Lara <LMcDonough@mofo.com>
**Cc:** Frentzen, William <WFrentzen@mofo.com>; Rafael Yakobi <rafael@thecryptolawyers.com>; tian.huang@usdoj.gov; Davis, Peter (USANYS) <Peter.Davis2@usdoj.gov>; Burnett, Thomas (USANYS) <Thomas.Burnett@usdoj.gov>; Sam Talkin <samt@talkinlaw.com>; Rezkalla, Justin Kareem <JRezkalla@mofo.com>
**Subject:** RE: Rule 17

Thank you Noam. Please see the attached with edits and comments for everyone's review.

We will send out Mango Labs, LLC's second production via Kiteworks shortly. As discussed and agreed, we will have produced responsive, non-privileged documents based on a diligent review. The timing of the subpoena and what we still maintain is a fishing expedition resulted in immense burden on Mango Labs. What Mango Labs has produced is far

2

in excess of what the subpoena, even purportedly narrowed, requires given that Mango Labs does not control any communications.

We produce, again, with the understanding based on our agreement that the production will not be used for any purpose other than preparation until a reasonable protective order is in place.

Regarding your requests for granular details on privilege review, please provide us authority for this in the Rule 17 context. This too is another example of the harassing and overly burdensome nature of this subpoena. There is no right to this information in the Rule 17 context. *See United States v. Donziger*, No. 11-CV-691 (LAK), 2021 WL 1865376, at *9 (S.D.N.Y. May 10, 2021).

Regards,
Mike

**MICHAEL BURSHTEYN**
Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
MoFo Bio | P: +1 (415) 268-7663

**MORRISON
FOERSTER**

---

**From:** Noam Greenspan <ngreenspan@talkinlaw.com>
**Sent:** Monday, April 8, 2024 8:18 PM
**To:** McDonough, Lara <LMcDonough@mofo.com>; Burshteyn, Michael <MBurshteyn@mofo.com>
**Cc:** Frentzen, William <WFrentzen@mofo.com>; Rafael Yakobi <rafael@thecryptolawyers.com>; tian.huang@usdoj.gov; Davis, Peter (USANYS) <Peter.Davis2@usdoj.gov>; Burnett, Thomas (USANYS) <Thomas.Burnett@usdoj.gov>; Sam Talkin <samt@talkinlaw.com>
**Subject:** RE: Rule 17

**External Email**

---

Lara and Mike,

Given that the agreement now includes the government, I have copied them as well. Please see my comments to the protective order in the attached. If the government is willing to sign this, we are amenable subject to the changes we have made and any they wish to insert.

When can we expect the rest of the documents and the information regarding privilege?

Regards,
Noam

---

**From:** McDonough, Lara <LMcDonough@mofo.com>
**Sent:** Monday, April 8, 2024 3:54 PM

3

**To:** Sam Talkin <samt@talkinlaw.com>; Noam Greenspan <ngreenspan@talkinlaw.com>
**Cc:** Frentzen, William <WFrentzen@mofo.com>; Burshteyn, Michael <MBurshteyn@mofo.com>; Rafael Yakobi <rafael@thecryptolawyers.com>
**Subject:** RE: Rule 17

Hi Sam,

Attached is an updated protective order and a redline showing the changes.

Best,
Lara

**Lara McDonough**
Associate
lmcdonough@mofo.com
T: +1 (415) 815-5810

Morrison Foerster
425 Market St.
San Francisco, CA 94105

**MORRISON FOERSTER**

mofo.com | LinkedIn | Twitter

---

**From:** Burshteyn, Michael <MBurshteyn@mofo.com>
**Sent:** Monday, April 8, 2024 12:36 PM
**To:** Sam Talkin <samt@talkinlaw.com>
**Cc:** Noam Greenspan <ngreenspan@talkinlaw.com>; Rafael Yakobi <rafael@thecryptolawyers.com>; Frentzen, William <WFrentzen@mofo.com>; McDonough, Lara <LMcDonough@mofo.com>
**Subject:** RE: Rule 17

Sam, adding Lara here who can send the updated PO. We sent the government the draft to review. We hope to align on the PO this afternoon and agree to it. We also will produce a smaller second set today.

Thanks,
Mike

**MICHAEL BURSHTEYN**
Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
MoFo Bio | P: +1 (415) 268-7663

**MORRISON FOERSTER**

---

**From:** Sam Talkin <samt@talkinlaw.com>
**Date:** Monday, Apr 08, 2024 at 8:13 AM
**To:** Burshteyn, Michael <MBurshteyn@mofo.com>

4

**Cc:** Noam Greenspan <ngreenspan@talkinlaw.com>
**Subject:** Rule 17

External Email

Michael:

Thank you for the initial disclosure. As far as the Protective Order, there cannot be a provision for sealing. There is no legal grounds. The understood purpose of the PO is to ensure the documents will be used for their legally intended purpose and the defense is willing to accommodate that concern through a PO. Please send a very streamlined proposed PO so we can get this done.

We learned late last night that the government was provided with the documents as well. Did they sign a PO? Thank you.

Sam

Sanford Talkin, Esq.
Talkin, Muccigrosso & Roberts, LLP
40 Exchange Place
18th Floor
New York, New York 10005
(t) (212) 482-0007
(f) (212) 482-1303

==================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

==================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.

==================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about

5

Morrison & Foerster LLP's Privacy Policy.

6