**MORRISON FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AUSTIN, BEIJING, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, MIAMI,
NEW YORK, PALO ALTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

April 10, 2024

Writer's Direct Contact
+1 (415) 268-7663
MBurshteyn@mofo.com

Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:** *United States v. Avraham Eisenberg*, Case No.: 23 Cr. 10 (AS)

Dear Judge Subramanian:

Mango Labs, LLC will be prepared in the morning pursuant to the Court's instructions. We write further to provide more complete context on Mango Labs' efforts to comply with the Court's Order on Defendant's Rule 17 subpoena and the discussions between the parties.

After diligent review, Mango Labs has produced non-privileged responsive documents in its possession, custody, or control in compliance with the Court's Order. Mango Labs produced 146 documents a day prior to the response deadline on Sunday, April 7, 2024, so that the parties would have more time to review. Mango Labs produced the remaining four documents, which were redacted for privilege, yesterday (April 8).

Following the Court's March 28, 2024 ruling, Mango Labs has repeatedly attempted to meet and confer with Defense counsel in an effort to comply with the Order. The Court's Order denied the motion to quash based on the "limitations and understandings expressed" in Defendant's opposition brief. Mango Labs sent a letter to Defense counsel on April 1, 2024 explaining that the opposition submitted to the Court was inaccurate with respect to the facts and law at issue in the subpoena, but that Mango Labs was willing to work through those issues rather than return to the Court. That letter is enclosed here as **Attachment 1**.

After this, Defense counsel agreed to further narrow the subpoena. Defendant no longer insisted on Requests 3 and 4 (regarding the Pop-up and Terms). As to request 2, Defendant narrowed it to encompass "(1) documents and communications within your possession regarding what you called the 'exploit' and the reactions to it, and (2) documents and communications within your possession regarding the settlement." Of the seven requests in

**MORRISON FOERSTER**

Hon. Arun Subramanian
April 10, 2024
Page Two

the Subpoena, at this point Defendant had abandoned six of them, including requests 3 and 4 even after the Court's Order.[1]

The purported narrowing that Defendant agreed to, focusing on communications involving the attack and settlement, understandably would include privileged communications. It is not uncommon for a victim of an attack to seek legal counsel about how to respond to the attack. It is also expected that a party engaged in what is essentially a ransom negotiation would also seek the advice of counsel regarding that negotiation.

Now, although Defendant cannot dispute that Rule 17(c) does not call for a privilege log, Defendant still seeks granular information about privileged communications to which he is not entitled. Enclosed as **Attachment 3** is Defendant's request for this information. This is harassing to Mango Labs, the entity that has been assigned claims from Defendant's victims.[2] Defendant still has not complied with Rule 17's requirement that a subpoena seek specific, relevant, and admissible documents. The subpoena on its face violated this, which is why Defendant abandoned six out of seven of the requests, including multiple after the Court's Order on the motion to quash. Despite all of this, Mango Labs has gone to great expense and already produced documents in excess of what the subpoena requires.

Mango Labs has repeatedly requested authority for Defendant's position. Defendant declined to provide it until last night's submission to the Court. The cited case, however, is not analogous. There the review and litigation over the Rule 17 subpoena occurred months before trial. *United States v. Pollock*, 20 Cr. 110 (LJL) (S.D.N.Y. Sep. 13, 2021). Further, that subpoena was to healthcare providers. A non-party (whose identity the court redacted) requested that the records be shown to the victim and their lawyer for privilege review. (*Id.* at Dkt. 78.) The analogous situation would be if Defendant had sent a subpoena to Google

---

[1] Defendant also agreed that no produced documents would be used for any purposes other than trial preparation until a reasonable protective order was entered. Mango Labs is waiting for Defense counsel's response to the latest turn of the protective order draft. Communications regarding this are enclosed as **Attachment 2**.

[2] While Defendant attempts to dispute that Mango Labs could stand in the shoes of his victims after they assigned their claims to Mango Labs, this argument has already been rejected in the stayed civil case by Judge Liman. *Mango Labs, LLC v. Avraham Eisenberg*, 23 Civ. 665 (LJL) (S.D.N.Y. March 10, 2023), Dkt. No. 49 ("[A]n assignment of claims allows the assignee to stand in the place of the injured party[.] In this case, plaintiff has made a sufficient showing that it has standing as an assignee of the depositors' claims . . . . In reaching this conclusion, the Court rejects defendant's argument that the settlement agreement between Mango DAO and defendant purportedly releasing all claims against defendant precludes the Court from finding that plaintiff has standing.") (citations and quotations omitted).

**MORRISON FOERSTER**

Hon. Arun Subramanian
April 10, 2024
Page Three

for email, and then there was a request that the account holder and its attorneys reviewed for privilege.  Here, Defendant is seeking granular information about privileged communications from the entity aggregating victims' claims as part of a fishing expedition.

Just as in *Donziger*, Defendant provides "no authority suggesting that a civil discovery rule somehow applies in a criminal case like this one, which is unsurprising given that criminal discovery is 'far narrower than that which occurs in civil cases'."  *See United States v. Donziger*, No. 11-CV-691 (LAK), 2021 WL 1865376, at *9 n.11 (S.D.N.Y. May 10, 2021) (noting that it was defendant's burden "to show that the documents he has subpoenaed are admissible, not Movant's burden to show that they are inadmissible" and that a contention that failure to prepare a privileged log waived privilege "misses the mark"); *see also United States v. Dornsbach*, No. 22-CR-00048, 2023 WL 2480976, at *5 (D. Minn. Mar. 13, 2023) (granting motion to quash subpoena and finding "the burden on [the third party] to produce these documents and assemble a privilege log is unnecessary and unreasonable").

Absent any analogous authority supporting Defendant's position, there is no basis for this continued fishing expedition for inadmissible and irrelevant evidence based on overly broad and vague requests to the entity standing in the shoes of Defendant's victims.

Thank you for Your Honor's consideration.

Respectfully,

Michael Burshteyn

cc:     all counsel of record (by ECF)

3