Attachment 1

**IIIORRISON FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AUSTIN, BEIJING, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, MIAMI,
NEW YORK, PALO ALTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

April 1, 2024

Writer's Direct Contact
+1 (415) 268-7663
MBurshteyn@mofo.com

Sanford Talkin
Talkin, Muccigrosso & Roberts, LLP
40 Exchange Place, 18th Floor
New York, New York 10005

**Re:    Subpoena to Mango Labs, LLC -** *United States v. Avraham Eisenberg***, 23 Cr. 10 (AS)**

Dear Mr. Talkin:

I write on behalf of Mango Labs, LLC ("Mango Labs") regarding your subpoena.  The Court's order on March 28, 2024 denies the motion to quash based on the "limitations and understandings expressed" in your Opposition.  The purported limitations and understandings your Opposition expressed, however, were inaccurate with respect to the facts and law at issue in the subpoena.  That said, we are willing to attempt to work through those issues rather than return to the Court.

Despite your attempts to characterize your position as a compromise, it remains a sweeping attempt to circumvent Rule 16's limitations on discovery through the mechanism of a Rule 17(c) subpoena.  It also appears to be an attempt to circumvent the pending stay in the civil case ("Civil Action") filed by Mango Labs against your client.[1]

First, as a threshold issue, your Opposition suggests that Mango Labs should not be viewed as a victim of your client's attack.  That is false.  Mango Labs can properly stand in the shoes of victims of the attack who assigned their claims to Mango Labs.  *See, e.g.*, *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 107 (2d Cir. 2008) (a party such as Mango Labs is "permit[ed]" to "stand in the place of the injured party and satisfy the constitutional requirement of an 'injury-in-fact.'").  Mango Labs is a software company and the vehicle for recovery of victims' losses in the attack.  Your client already attempted to

---

[1] Further indication that the subpoena is a fishing expedition is that your opposition immediately abandoned more than half the requests following Mango Labs' motion to quash.  Also, despite your claims that Mango Labs did not meet and confer, you did not actually provide the Subpoena or any information about the topics prior to serving it.  And Mango Labs is not difficult to serve, despite your suggestions otherwise in the Opposition.  It is a U.S. entity with a registered agent for service of process—which you served weeks after reaching out about the subpoena without actually sharing it.

IIIORRISON FOERSTER

Sanford Talkin
April 1, 2024
Page Two

advance a standing argument in the stayed civil case without success.  Given Mango Labs'
standing in the shoes of the victims of Defendant's attack, it is improper for your client to use
a Rule 17(c) to burden Mango Labs.

Second, despite your purported narrowing of the subpoena in your Opposition, you still seek
"any and all" documents and communications on a broad set of topics from Mango Labs.
Well-established precedent—which your Opposition ignored from Mango Labs' Motion—
holds that such requests are indicative of a fishing expedition and improper attempt to utilize
the Rule 17(c) Subpoena process for discovery.

As to your specific requests, Mango Labs can share the following about what it has and does
not have, as well as why the Opposition's understandings on these issues are based on
incorrect facts and law.

**Request No. 2:**

This Request, even after your Opposition, is still improper.  With respect to your client's
accounts on Mango Markets, any information on the trades those accounts made is publicly
available on the blockchain.  To the extent there is relevant information about those accounts
from the government's investigation, you should already possess it. We are unaware of any
additional documents that have not been produced to the government.

Regarding your new request for communications between Dafydd Durairaj and Max
Schneider, this is not properly directed at Mango Labs.  Mango Labs does not control any
communications—it utilizes communication channels owned and/or controlled by others
without any independent means of communication.

Moreover, discussions between Dafydd Durairaj and Max Schneider with respect to
Defendant would include privileged discussions of the legal strategy to recover funds and
respond to the attack.Your assertion that a privilege log is required in response to a Rule
17(c) Subpoena is outside of the scope of your subpoena and, therefore, even if such
communications were in the possession of Mango Labs, it would not be produced.  In
addition to being outside the scope of the subpoena you sent it is also incompatible with
Southern District of New York precedent.  *United States v. Donziger*, 2021 WL 1865376, at
*9. fn. 11 (S.D.N.Y. May 10, 2021) ("Mr. Donziger's contention that Movants have waived
any privilege regarding the bills and timesheets by not preparing a privilege log misses the
mark . . . That theory is premised on Local Civil Rule 26.2, which applies to privilege logs.
But Mr. Donziger points to no authority suggesting that a civil discovery rule somehow
applies in a criminal case like this one, which is unsurprising given that criminal discovery is

# ᴍORRISON ᖴOERSTER

Sanford Talkin
April 1, 2024
Page Three

'far narrower than that which occurs in civil cases.'") (citing *Fox v. Mann*, 71 F.3d 66, 67 (2d Cir. 1995)).

A Privilege Log is an artefact of civil discovery. It is your client's obligation to specifically identify what evidence he is seeking and show its admissibility. Privileged communications would not be admissible and no privilege log will be produced.

Moreover, the cases you cite in your Opposition about impeachment and bias are inapposite. You did not bring to the Court's attention that these cases concerned situations where the testifying witness at issue was alleged to have engaged in some sort of fraud or have been a part of the criminal scheme and then was a government cooperator, or was a competitor allegedly attempting to influence a government prosecution. This is distinct from the situation here. Mango Labs is merely a witness and entity shepherding victims' claims. Mango Labs is not a competitor to your client, nor is Mango Labs alleged to be a part of your client's attack. *See United States v. Carton*, 2018 WL 5818107, at *4-6 (S.D.N.Y. Oct. 19, 2018) (narrowly construing Rule 17(c) and noting that fishing for communications of victims demonstrates the subpoena is not in good faith and is a fishing expedition). Mango Labs has no interest other than recovering the funds that Defendant took.

Finally, you still have yet to articulate why these communications would be relevant. You are asking for communications after the attack—such communications would have no bearing on any of your client's defenses. Nor is there a coherent theory as to what possible subject matter in these communications could be used for impeachment or as evidence of bias.

## Request No. 3:

Your Opposition does not correctly articulate the facts or law with respect to this request either. The pop-up you request pre-dates the existence of Mango Labs. Thus Mango Labs is not the appropriate entity to direct requests about this pop-up. In any event, Mango Labs has identified that you can access the pop-up code at the following URL: https://github.com/blockworks-foundation/mango-ui-v3/tree/main

Moreover, the Court has already ruled that evidence suggesting that your client's attack was permitted or that the platform's users were "on notice of Mango Markets' alleged flaws" has "no relevance." *See* ECF No. 95 at 2 (citing *United States v. Frenkel*, 682 F. App'x 20, 22 (2d Cir. 2017)). That is the only cognizable theory under which you seek this document.

The request for the pop-up is not relevant for the same reasons that you abandoned your Requests for the prior security audit, as well as the security hardening undertaken after the

ᴟᴏRRISON ꟻOERSTER

Sanford Talkin
April 1, 2024
Page Four


attack.  All these Requests fall into the bucket of seeking information that shows Mango Markets was vulnerable to Defendant's attack, or that its users were on notice of potential vulnerabilities.  This has no relevance to your client's defense.

**Request No. 4**:

The Terms of Use you seek Mango Labs to authenticate explicitly—on their face—are from a separate entity.  They are not with Mango Labs.  Thus, Mango Labs is not the proper party to authenticate them.

Even if they were relevant, which they are not for the same reasons articulated already, any internal communications about them would not be admissible due to privilege.  Furthermore, they are not in the possession of Mango Labs.  The request for a Privilege Log in your Opposition is not well founded under your subpoena or under the law, as noted above and will not be produced.

In any event, the Terms are available at the following URL:
https://docs.mango.markets/legal/terms-of-use

***

Please let us know your availability to meet and confer on these topics.  If we are unable to reach a resolution, Mango Labs will stand on the issue of what is in its possession, what the subpoena calls for, and what is privileged.  If necessary, Mango Labs intends to file a motion to explain to the Court what will be produced and why.



Sincerely,

Michael Burshteyn



sf-5858896

4