Attachment 3

| | |
|---|---|
| **From:** | Sam Talkin <samt@talkinlaw.com> |
| **Sent:** | Friday, April 5, 2024 2:38 PM |
| **To:** | Burshteyn, Michael |
| **Cc:** | rafael@thecryptolawyers.com |
| **Subject:** | Eisenberg/Mangor Subpoena |

**External Email**

---

Mike,

Thanks for the call. As discussed, please send over a draft protective order as soon as possible that we can review. As long as there is no barrier to our use of the materials as exhibits or on cross-examination at trial, we are hopeful that we can work with you on that.

With respect to the issue of privilege, we understand that your client does not wish to produce a privilege log. As discussed, are willing to work with you on that, too, but we need to understand the nature of the privilege(s) your client is asserting and the reason(s) for withholding any materials, in case we wish to dispute those assertions and ask the Court to review the disputed materials. To that end, we request that you provide us with:

1. The total number of materials being withheld on privilege grounds.
2. The types of materials being withheld in categories (e.g., emails, text messages, Discord, memoranda) with the number being withheld for each category.
3. The specific privileges being asserted along with the total materials for each type of privilege  (e.g., 10 attorney-client privilege and 5 attorney work product) and the attorneys involved in each category. We understand there could be overlapping grounds.
4. The number of materials being withheld (if any) that do not include an attorney on them, with the identity of the participants in those communications and a brief description of the nature of the privilege assertion.

If a portion of a communication contains privileged communications but other parts do not, we expect to receive a redacted copy of the communication that includes the non-privileged portions (e.g., a Discord chat that has certain portions redacted and others not).

Just so we are clear, the discussion we are having now (starting with our call earlier today) is about your client's assertion of privilege including over communications, and we understand that your client plans to produce communications, including, for example, those between Dafydd Durairaj and Max Schneider. If for some reason that is not the case, please let us know today so we can bring it to the Court's attention right away.

Lastly, on the call, you raised the purported burden of producing materials, as you did when we last spoke. I believe you know our position, including why we disagree with you and that Court has issued its order after contemplating you position on burden.

Thank you

Sam

Sanford Talkin, Esq.

Talkin, Muccigrosso & Roberts, LLP
40 Exchange Place
18th Floor

New York, New York 10005

(t) (212) 482-0007
(f) (212) 482-1303