*U.S. Department of Justice*

*United States Attorney
Southern District of New York*

*The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007*

April 14, 2024

**By CM/ECF**
Hon. Arun Subramanian
United States District Court
500 Pearl Street
New York, NY 10007

Re:    **United States** v. **Avraham Eisenberg**, 23 Cr. 10 (AS)

Dear Judge Subramanian:

The Government writes to request that the Court include an instruction that disclaimers cannot make the defendant's misrepresentations immaterial. During trial, the defense has introduced and highlighted language in Government Exhibit 1010, which states that "[t]he V3 protocol is in public beta. This is unaudited software, use it at your own risk. I understand and accept the risks." Through their questioning, the defense has used this exhibit to advance a defense that the defendant's actions were immaterial or that Mango Markets users accepted the risks that misconduct might occur on the platform.

To ensure the jury does not misunderstand the import of the disclaimer the defense has relied on, the Government requests the following instruction be added to the materiality language in Counts One and Two:

> In considering whether a statement or omission was material, let me caution you that a disclaimer cannot render any misrepresentation immaterial as a matter of law.

Adapted from the jury charges in *United States v. Milton*, 21 Cr. 478 (ER), *United States of America v. Bankman-Fried*, 22 Cr. 673 (LAK).

This instruction is necessary to prevent the jury from being confused into believing that the criminal laws can be rendered inoperable by a disclaimer. The "common-law requirements of justifiable reliance and damages plainly have no place in the federal fraud statutes." *United States v. Weaver*, 860 F.3d 90, 95 (2d Cir. 2017) (citing *Neder v. United States*, 527 U.S. 1, 24-25 (1999)); *see also United States v. Vilar*, 729 F.3d 62, 88 (2d Cir. 2013) (reliance not an element of criminal securities fraud). As a result, the Second Circuit has held, as a matter of law, that the presence of disclaimers does not render a misrepresentation "immaterial or without tendency to influence." *Weaver*, 860 F.3d at 95. Indeed, it would undermine the purposes of the fraud laws to permit "[f]raudsters [to] … escape criminal liability for lies told to induce gullible victims" simply by virtue of a "contract containing disclaimers of reliance." *Id.* at 96. The Government's proposed

instruction is necessary to ensure the jury does not use the disclaimer in this case for a legally impermissible purpose.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney


by: __/s_____
Thomas Burnett
Peter Davis
Assistant United States Attorneys
(212) 637-1064 / 2468

Tian Huang
Special Assistant United States Attorney
(202) 598-2523