**TALKIN, MUCCIGROSSO & ROBERTS, L.L.P.**
ATTORNEYS AT LAW
40 EXCHANGE PLACE
18TH FLOOR
NEW YORK, NEW YORK 10005

(212) 482-0007 PHONE
(212) 482-1303 FAX
WWW.TALKINLAW.COM
EMAIL: INFO@TALKINLAW.COM

MARYLAND OFFICE:
5100 DORSEY HALL DRIVE
SUITE 100
ELLICOTT CITY, MD 21042

410-964-0300

NEW JERSEY OFFICE:
2500 PLAZA 5
HARBORSIDE FINANCIAL CENTER
JERSEY CITY, NJ 07311

201-342-6665

April 15, 2024

Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**VIA ECF**

Re:   United States v. Avraham Eisenberg
      23 Cr. 10 (AS)

Dear Judge Subramanian:

Defendant Avraham Eisenberg respectfully submits this letter in response to the Government's letter (Dkt. 149) filed yesterday evening regarding mixed swaps. If accepted, the government's position would undo the entire statutory structure of the Dodd-Frank Act, stripping the SEC of large swaths of authority. The government cannot find any textual or historical support for such a radical rewriting of the law, and its position should be rejected.

In its letter, the government, despite not contesting the overwhelming evidence that the oracle program was a narrow-based security index and that MNGO, which served as the basis for all of the oracle's inputs was a security, takes the position that the oracle was not a narrow-based security because it took in pricing information computed in dollars and dollar equivalents. Let. at 2. Indeed, the oracle also reported its pricing in dollars. Tr. 472. Unsurprisingly, the government cannot cite any authority for this position, which would effectively strip the Securities and Exchange Commission ("SEC") of jurisdiction over any number of security-based swaps and indices that either take in pricing information or report out pricing information in dollars or dollar equivalents.

The government also, on the basis of a series of contorted dictionary definitions, argues that anything with a payment stream like the funding rate of the MNGO Perpetual, cannot be an interest in an asset, and therefore cannot be an index. In addition to the lack of persuasiveness of the textual argument, the position cannot be squared with the formal agency guidance defining the applicable terms. For example, the CFTC has stated that a total return swap ("TRS") that is based on a security or narrow-based security index would be considered a security. CFTC Fact Sheet:

Hon. Arun Subramanian
Page 2

Final Rules and Interpretations i) Further Defining "Swap," "Security-Based Swap," and "Security-Based Swap Agreement"; ii) Governing Books and Records for "Security-Based Swap Agreements," at 7, available at https://www.cftc.gov/sites/default/files/idc/groups/public/@newsroom/documents/file/fd_factsheet_final.pdf ("A TRS on a single security, loan, or narrow-based security index generally would be a security-based swap").  TRS involve "private contract[s] by which two parties agree to make payments to each other on the basis of the performance of different assets specified in the contract," often on the basis of a differential against an index.  *ECD Investor Grp. v. Credit Suisse Int'l*, 2017 WL 3841872, 2017 U.S. Dist. LEXIS 142186, at *14 (S.D.N.Y. Sep. 1, 2017).  Thus, the government's argument that a payment stream divests the SEC of exclusive jurisdiction over any product that provides for a stream of payments also finds no support in the statute or the applicable regulatory guidance.

    Thank you for your Honor's consideration of this letter.

    Respectfully submitted,

    *Noam Greenspan*

    Noam Greenspan
    Sanford Talkin

    – and –

    Brian Klein
    Ashley Martabano
    Riley Smith
    Waymaker LLP

cc:    AUSA Thomas Burnett (by ECF)
        AUSA Peter Davis (by ECF)
        SAUSA Tian Huang (by ECF)