UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                    Plaintiff,

-against-

AVRAHAM EISENBERG,

                    Defendant.

23-cr-10 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

    In lieu of sentencing on April 10, 2025, the Court will hear argument on defendant's pending motion under Rules 29 and 33. Dkt. 183. The parties should be prepared to address the following questions:

Mixed Swaps:

1) The government argues that the MNGO Perpetuals are mixed swaps because there is an agreement to exchange payments based in part on the "value" of USDC. But the counterparties to MNGO Perpetuals also agree to transfer USDC itself to settle any payments, and there was testimony at trial that this included interim payments. Tr. 237:2–21. Why doesn't the transfer of USDC "convey[]" a "future direct or indirect ownership interest in" USDC, which "incorporates the financial risk so transferred," 7 U.S.C. § 1a(47)(iii)?

Venue:

2) The government argues that the evidence at trial was sufficient for the jury to conclude by a preponderance of the evidence that venue in the Southern District of New York was proper. The government relies on two theories.

    a) First, it says that AscendEx's compliance and finance teams were based in Manhattan and had access to a management portal through which they could review customer's profiles and trading activity. Based on testimony on these facts, the government says that the jury could have drawn a series of conclusions, including that "when the defendant deposited cryptocurrency on AscendEx, . . . that electronic transmission was reviewed by the finance team in Manhattan," and "when the defendant performed his manipulative trades on AscendEx, members of the finance team in Manhattan reviewed that trade information." Dkt. 186 at 58. But the defense points to 3500 material establishing that no review of Eisenberg's account was done by the team in New York, nor was his trading activity reviewed by that team. Is the government's position that venue is proper because there were people in this district who were theoretically capable of reviewing Eisenberg's trading activity, even if they didn't do so?

    i) The government relies on *United States v. Teman*, 2023 WL 3882974 (2d Cir. June 8, 2023) in support of this theory. In *Teman*, the Second Circuit held that venue was proper in the Southern District because bank employees in Manhattan "reviewed the checks for fraud." *Id.* at *2. On the government's theory, would venue have been proper in *Teman* regardless of whether the bank employees reviewed the checks? What other authorities address venue on this case's facts?

    ii) Or is the government's argument not based on the capability to review Eisenberg's information, but that the jury could make a non-spurious inference that Eisenberg's trading activity was in fact reviewed in New York, and defendant had full opportunity to try to prove otherwise, including through appropriate use of the 3500 material they cite to?

b) Second, the government says that venue is proper based on the testimony of John Casey, a Mango Markets investor. On October 11, 2022, Casey was in Poughkeepsie, New York, when he noticed that the price of MNGO had spiked and then plummeted. Tr. 817:24–818:16. He tried to withdraw his cryptocurrency assets from Mango Markets but was unable to. Tr. 817:25–818:3. The government argues that Casey's testimony establishes venue because it demonstrates that Eisenberg's actions transmitted a "false pricing signal" and "caused a victim to unsuccessfully try to withdraw funds in the District." Dkt. 186 at 60. How is this an act constituting any of Eisenberg's offenses? What are the best cases either for or against venue on these grounds?

Any supplemental authorities or briefing on these questions must be submitted by April 7, 2025. The parties should also jointly propose a new date for sentencing during the last two weeks in April.

    SO ORDERED.

Dated: March 31, 2025
       New York, New York

                              ARUN SUBRAMANIAN
                              United States District Judge