

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Jacob K Javitz Building*
*26 Federal Plaza*
*New York, New York 10278*

April 14, 2025

Hon. Arun Subramanian
United States District Judge
United States District Court
500 Pearl Street
New York, NY 10007

    Re:    <u>United States</u> v. <u>Avraham Eisenberg</u>, 23 Cr. 10 (AS)

Dear Judge Subramanian:

    The Government respectfully writes in response to this Court's invitation to submit supplemental authorities on the issue of venue.

    With respect to wire fraud, the Government directs the Court to the following decisions:

- *United States v. Kim*, 246 F.3d 186, 191 (2d Cir. 2001) (the wire-fraud statute "criminalize[s]" the "act of causing a wire to be transmitted in furtherance of a fraud")

- *United States v. Rutigliano*, 790 F.3d 389, 397 (2d Cir. 2015) (in a wire-fraud prosecution, "venue lies where a wire in furtherance of a scheme begins its course, continues, or ends," and "the government proved that unlawfully obtained disability benefits, wired to participants in the scheme, traveled through or over waters within the Eastern District, which are statutorily defined to also be part of the Southern District")

- *United States v. Levis*, 488 F. App's 481, 485 (2d Cir. 2012) ("When the case involves publication on the internet, venue is proper in any district where it is reasonably foreseeable that the material will be accessed.")

- *United States v. Greenwood*, 2025 WL 354692, at *5 (2d Cir. Jan. 31, 20215) ("We further conclude that the venue was proper. The jury was presented with evidence that [defendant] was aware that both the Crypto Real and Armenta transactions used correspondent accounts based in New York.")

- *United States v. Teman*, 465 F. Supp. 3d 277, 319 (S.D.N.Y. 2020) ("[V]enue for Count Three of wire fraud is supported by the wire that instigated the Signature Bank fraud review in Manhattan, which Teman's scheme, to succeed, was required to clear. After Teman deposited the checks at the Bank of America branch in Florida, images of those checks were sent to the Federal Reserve and then to Signature Bank in Manhattan.")

- *United States v. Tuzman*, 2024 WL 1173044, at *4 (2d Cir. March 19, 2024) ("Here, although the government may not have offered direct proof that any specific communication was sent to or from the Southern District of New York, the district court

properly found circumstantial evidence for a reasonable juror to conclude by a preponderance of the evidence that at least one of the countless phone, email, and text communications exchanged in furtherance of the fraud scheme was connected to this district.")

- *United States v. Brodie*, 524 F.3d 259, 273 (D.C. Cir. 2008) ("Venue was proper on the wire fraud count because [defendant] faxed title search requests from the District to settlement companies in Maryland.")

- *United States v. Abbas*, 100 F.4th 267, 282-83 (1st Cir. 2024) ("[P]roper venue for a wire-fraud prosecution is wherever the wire transmission at issue originated, passed through, or was received, or from which it was orchestrated.")

With respect to the Commodity Exchange Act charges, the Government directs the Court to the following decisions:

- *United States v. Khalupsky*, 5 F.4th 279, 292 (2d Cir. 2021) ("[T]he government introduced evidence that one of [defendant's] brokerage accounts used J.P. Morgan Clearing Corporation, located in the EDNY, as is clearing agent. . . . [T]he jury was thus entitled to infer that [defendant] knowingly used an EDNY-based clearing agent for the illicit trades from that account.")

- *United States v. Chow*, 993 F.3d 125, 133-34 (2d Cir. 2021) ("Although NASDAQ is an electronic exchange and no witness was able to say with certainty whether its servers that executed trades were located in New York or New Jersey, there was ample evidence that material number of Yin Account purchases of Lattice stock were completed through brokers and other service providers in Manhattan.")

- *United States v. Buyer*, 2025 WL 855773, at *5 (2d Cir. 2025) ("[T]he government offered evidence that the securities trades . . . consist of multiple steps, including execution, clearing, and settlement," and "provided support for a conclusion that these steps of Buyer's trades took place *at least in part* in SDNY . . . ." (Emphasis added))

- *United States v. Teman*, 465 F. Supp. 3d 277, 318 (S.D.N.Y. 2020) (fraud review in Manhattan sufficient for bank fraud venue because it was "a hurdle Teman needed to clear by fraudulent means to gain the money he sought")

Respectfully submitted,

MATTHEW PODOLSKY
Acting United States Attorney

by: __/s/_____
Thomas Burnett/Peter Davis
Assistant United States Attorneys

Tian Huang
Special Assistant United States Attorney