IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>AVRAHAM EISENBERG | Criminal No. 1:23-cr-00010-AS<br><br>VICTIM IMPACT STATEMENT OF MANGO LABS, LLC PURSUANT TO 18 U.S.C. § 3771 |

## INTRODUCTION

Mango Labs, LLC ("Mango Labs" and "Victim") respectfully submits the following victim impact statement pursuant to 18 U.S.C. § 3771(a)(4) in the matter of *United States of America v. Avraham Eisenberg*. This submission sheds light on the severity of the harm at issue. The Victim also requests an opportunity to make a statement at the sentencing hearing. The Victim has conferred with the government, and the government does not object to the Victim filing an impact statement in this matter or making a statement at the sentencing hearing.

On October 11, 2022, Avraham Eisenberg ("Eisenberg") orchestrated and actively "participated in a scheme to steal approximately $110 million…" from Mango Markets depositors. (*See* Government's Complaint ("Gov's Compl.") at ¶ 5, attached as Exhibit A.) Mango Markets was a pioneering decentralized non-custodial cryptocurrency exchange on the Solana blockchain.[1] Within just a year of its 2021 launch, at the time of Eisenberg's attack, Mango Markets was one of the most utilized decentralized finance ("DeFi") protocols, with over $10 billion in transactions flowing through it. (*See* Mango Labs' Compl. at ¶ 12.) Preying upon this rapid success, Eisenberg

---

[1] *See* Complaint in *Mango Labs, LLC v. Avraham Eisenberg*, Case No. 23-cv-665 (S.D.N.Y.), filed January 25, 2023, attached as Exhibit B.

brazenly manipulated the price of the protocol's MNGO token to misappropriate all funds on the platform, wiping out all its depositors' holdings. Eisenberg then fled the country while contemporaneously boasting about his attack on the Internet. Over 90% of Eisenberg's victims have since assigned their claims to Mango Labs after the Mango Decentralized Autonomous Organization's ("DAO") treasury reimbursed their losses. (Mango Labs' Compl. at ¶¶ 49, 52.) Mango DAO made these victims whole knowing that without its help these victims would suffer disproportionately from Eisenberg's greed. Mango Labs is the vehicle Mango DAO has funded to pursue recovery of the claims on behalf of Eisenberg's victims.

Although Eisenberg's attack cannot be undone, return of the funds he misappropriated is critical to righting his wrong. In light of Eisenberg's conviction, Mango Labs respectfully requests that the Court order restitution so that it may recover the over $47,000,000 in unlawfully misappropriated assets from Eisenberg's direct manipulation and misappropriation that Eisenberg has failed to return to his victims. While this restitution will never make up for the harm Eisenberg has caused Mango Markets' users, Mango Markets itself, and the Mango DAO, as well as the potential harm the innocent victims would have suffered were it not for Mango DAO's reimbursements, we believe that this amount will help make all Eisenberg's victims, including Mango DAO, whole. No amount of money will fix the damage that Eisenberg has caused to Mango Markets' reputation and the suffering his avarice caused, but returning the money Eisenberg made off with will at least help.

**BACKGROUND & ENTITLEMENT TO RESTITUTION**

I. **Eisenberg's attack targeted Mango Markets, a groundbreaking DeFi exchange.**

Mango Markets began operations in February of 2021 and quickly became the most prominent early DeFi protocol on the Solana blockchain. Using Mango Markets, users could borrow, lend and trade many kinds of digital assets. Within a year, over $10 billion dollars flowed through the protocol.

Eisenberg saw this success as a novel opportunity to steal a significant amount of money from unsuspecting depositors. In October of 2022, Eisenberg manipulated the MNGO token on several third-party exchanges as part of a scheme to unlawfully withdraw all the assets on Mango Markets. The price inflation Eisenberg caused permitted him to take massive loans from the Mango Markets platform. Although he purported to be 'borrowing,' these assets, Eisenberg never intended to repay them. As a result of Eisenberg's manipulation, detailed in the Government's Complaint and Mango Labs' Complaint against him (as well as Complaints from the Securities and Exchange Commission and the Commodity Futures Trading Commission), Eisenberg exfiltrated over $110,000,000 in digital assets from the platform.[2] *Id.* At the end of the day this was nothing more than theft.

II. **Eisenberg, to this day, has failed to return $47,000,000 of the assets he misappropriated.**

After his attack, Eisenberg fled the country to bask in the brazenness of his thievery. He then doubled down on the sheer audaciousness of his crime by contacting the governing organization behind Mango Markets, the Mango DAO ("DAO"), to discuss what he had done.

---

[2] The criminal complaint against Mr. Eisenberg details how he withdrew money and siphoned it to other platforms. *See* Gov's Compl. at ¶ 15(d)(i)-(v).

Eisenberg forced the DAO members to pass a vote, under duress, whereby he transferred $67,000,000 of the stolen funds to the Mango DAO treasury in an attempt to escape criminal prosecution of his conduct.[3] Eisenberg knew that this attempt to pay his way out of prosecution could never work if he approached the actual victims, so he tried to backdoor the effort through the DAO. He refused to return the remaining $47,000,000, bragging online that the proceeds were the result of nothing more than a "highly profitable trading strategy." (*Id.* at ¶ 3.)

To make the Mango Markets depositors whole, the Mango DAO used its own funds to supplement the assets Eisenberg returned. Pulling from the Mango DAO treasury, the Mango DAO was able to reimburse the depositors for their losses. In exchange, the depositors—Eisenberg's direct victims—transferred their claims against Eisenberg to Mango Labs. Mango Labs thus stands in the shoes of Eisenberg's victims for purposes of this restitution proceeding. The harm to the depositors would have been significantly greater if Mango DAO had not reimbursed them, choosing to take on the risk of recovery by having Mango Labs vindicate the victims' rights in Court.

As part of this effort to do right by depositors, Mango Labs has undertaken significant efforts to advance the claims it has been assigned from Eisenberg's victims. It has cooperated with the government, at great expense, and has made its representative available to testify at Eisenberg's trial.

Even after his conviction, Eisenberg has not shown any remorse or willingness to right his wrong. He has continued to refuse to return the $47,000,000 in assets he misappropriated from

---

[3] Mango Labs Compl. at ¶¶ 41-47. Notably, Eisenberg's forced vote did not involve his direct victims—the Mango Markets depositors—but rather the members in the DAO. Eisenberg's victims did not agree to any of his forced return schemes.

Mango Markets. It appears that Eisenberg simply sees the price of his conviction to be the $47,000,000 that he stole and clearly plans to enjoy upon his release from custody.

### III. This Case is Exactly Why Courts May Order Restitution.

The Crime Victim's Rights Act ("CVRA") defines a "crime victim" as a person or company who is "directly and proximately harmed as a result of the commission of a Federal offense[.]" *United States v. C.S.*, 968 F.3d 237, 249 n.12 (3d Cir. 2020) (citing 18 U.S.C. § 3771(e)(2)(A)). As one court explained, "[t]he CVRA's requirement 'that the victim be 'directly and proximately harmed' encompasses the traditional 'but for' and proximate cause analyses." *United States v. Schessel*, No. 22-0374 (ES), 2022 WL 17094777, at *3 (D.N.J. Nov. 21, 2022) (citing *In re Rendón Galvis*, 564 F.3d 170, 175 (2d Cir. 2009)). Those satisfying the definition of crime victim are entitled to "'full and timely restitution as provided by law.'" *United States v. Dreier*, 682 F. Supp. 2d 417, 419 (S.D.N.Y. 2010) (citing 18 U.S.C. § 3771(a)(6); *United States v. Velissaris*, No. 20cr105, 2023 WL 4702049, at *8 (S.D.N.Y. July 24, 2023) (granting an award of restitution including expenses incurred as participants in the criminal investigation against defendant).[4]

Mango Labs, who now stands in the shoes of the depositors, is a victim under the CVRA.[5] As a direct result of Mr. Eisenberg's actions, the depositors had over $110,000,000 in digital assets taken from them, $67,000,000 of which Eisenberg returned but $47,000,000 that he refuses to return. Mango Labs has also, on behalf of the victims, expended over $200,000 to cooperate with the government's prosecution of Eisenberg and prepare for this restitution proceeding. Because

---

[4] More than ten wallet addresses belonging to unknown individuals have not yet assigned their claims to Mango Labs, suggesting there are more than ten other victims outstanding. Mango Labs understands that this may be relevant to the Court's sentencing analysis.

[5] An assignment of claims allows the assignee to "stand in the place of the injured party and satisfy constitutional standing requirements." *See Cortlandt St. Recovery Corp. v. Hellas Telecommunications*, S.a.r.l, 790 F.3d 411, 418 (2d Cir. 2015) (quotations and citations omitted).

the definition of "crime victim" in the CVRA is met, the Victim is seeking a formal determination and an order of restitution for the amount not yet recovered from Mr. Eisenberg along with its fees incurred in assisting with the prosecution.

The Victim respectfully requests that, in fashioning a sentence under 18 U.S.C. § 3553(a), the Court take into account the harm that Eisenberg caused the Mango Markets depositors, and to make an explicit finding on the record and in the Court's Judgment and Commitment order that (1) the Mango Labs, LLC, standing in those depositors' shoes, qualifies as a crime victim pursuant to 18 U.S.C. § 3771(e)(2)(A) and (2) that Eisenberg shall pay restitution to Mango Labs, LLC in the amount of not yet recovered assets, $47,000,000, as well as attorney's fees associated with Mango Labs' efforts to cooperate with the government's prosecution and prepare for this restitution proceeding. For the purposes of restitution payments, Mango Labs can be contacted through its counsel.

Dated: April 22, 2025

Respectfully submitted,

MICHAEL BURSHTEYN
(*pro hac vice*)
**GREENBERG TRAURIG, LLP**
101 Second Street, Suite 2200
San Francisco, California 94105
Tel: (415) 655-1300
Fax: (415) 707-2010
Email: mburshteyn@gtlaw.com

NICHOLAS T. BARNES
**GREENBERG TRAURIG, LLP**
One Vanderbilt Avenue
New York, New York 10017
Tel: (212) 801-9200
Fax: (212) 801-6400
Email: barnesn@gtlaw.com

RAFAEL YAKOBI
(*pro hac vice*)
**THE CRYPTO LAWYERS, PLLC**
11035 Lavender Hill Drive, Suite 160-220
Las Vegas, Nevada 89135
Tel: (619) 317-0722
Email:  rafael@thecryptolawyers.com

*Attorneys for Victim*