

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javitz Building*
*26 Federal Plaza*
*New York, New York 10278*

April 25, 2025

**By ECF**
Hon. Arun Subramanian
United States District Judge
United States District Court
500 Pearl Street
New York, NY 10007

      Re:    <u>United States</u> v. <u>Avraham Eisenberg</u>, 23 Cr. 10 (AS)

Dear Judge Subramanian:

      The Government respectfully submits this letter in response to the Court's April 22, 2025 order inviting the parties to provide their views on whether the "mixed swap" issue is a question of law or a mixed question of law and fact. Dkt. 214. The question whether MNGO Perpetuals are mixed swaps is a mixed question of law and fact, and the jury's conclusion that MNGO Perpetuals are mixed swaps is entitled to the same deference as other aspects of its verdict.

      Determining whether MNGO Perpetuals are mixed swaps is a mixed question of law and fact. The essence of a mixed question is that it involves the application of a legal standard to a set of facts. *United States v. Gaudin*, 515 U.S. 506, 512 (1995) (noting that the "application-of-legal-standard-to-fact sort of question" is "commonly called a mixed question of law and fact"). That is precisely the exercise the jury undertook for the mixed-swap analysis: The jury had to resolve a host of factual disputes between the parties about the features of MNGO Perpetuals, such as whether USDC is the same as a dollar, whether the oracle reported prices in dollars or USDC, and whether Mango Markets reported MNGO Perpetual prices based on USDC. And the jury had to apply the facts that it found to the legal standard the Court articulated in its instructions.

      Those two enterprises were intertwined. *Cf. SEC v. Ripple Labs*, 697 F. Supp. 3d 126, 132 (S.D.N.Y. 2023) (finding, for purposes of interlocutory appeal, that whether a cryptocurrency token was a security was not a pure question of law because it involved extensive factual analysis). For example, this Court instructed the jury that it could find MNGO Perpetuals are mixed swaps if MNGO Perpetuals "are based in part on the value of USDC." Tr. 1466. That legal standard asks a fundamentally factual question, so applying that standard to MNGO Perpetuals required the jury to make important factual decisions about the nature of USDC, the structure of the pricing oracle, and the way prices work in cryptocurrency markets.

      With that in mind, the defense is wrong to argue that, because the mixed-swap issue "is a mixed question of law and fact, [it] is particularly appropriate for resolution by the Court." Dkt. 207 at 4. To the contrary, in criminal cases, mixed questions of law and fact are for the jury. *See Gaudin*, 515 U.S. at 512-13; *United States v. Vasquez*, 267 F.3d 79, 89 (2d Cir. 2001) ("[E]ven

elements that include mixed questions of fact and law must be submitted to and decided by the jury."). The standard for reviewing a jury's verdict under Rule 29 is "exceedingly deferential." *United States v. Hassan*, 578 F.3d 108, 126 (2d Cir. 2008). And that is no different for the jury's resolution of mixed questions of law and fact: those decisions may be overturned only if no "rational juror could have" reached the conclusion that the jury reached in the case. *Vasquez*, 267 F.3d at 89-91; *accord United States v. Bilzerian*, 926 F.2d 1285, 1298-99 (2d Cir. 1991) (holding that "materiality is a mixed question of law and fact," the jury's resolution of which must be upheld if "any rational trier of fact" could have decide as the jury did).

The upshot is that, even in the context of the mixed-swap analysis, the Court "must view the evidence in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor, and deferring to the jury's assessment of witness credibility and its assessment of the weight of the evidence." *United States v. Coplan*, 703 F.3d 46, 62 (2d Cir. 2012). That deference applies to purely factual issues, such as whether the oracle was reported in USDC or whether USDC is the same as a dollar. And it applies to factual issues that are embedded in the Court's instructions to the jury, such as whether MNGO Perpetuals are based, in part, on the value of USDC. The jury's decision that the facts showed MNGO Perpetuals mixed swaps should prevail, so long as any rational juror could have reached that conclusion.

Respectfully submitted,

JAY CLAYTON
United States Attorney

by: __/s/_____
Thomas Burnett/Peter Davis
Assistant United States Attorneys

Tian Huang
Special Assistant United States Attorney